

1 | SEYFARTH SHAW LLP
2 | Patricia H. Cullison (State Bar No. 101636)
  | pcullison@seyfarth.com
  | Allison B. Moser (State Bar No. 223065)
3 | amoser@seyfarth.com
  | 560 Mission Street, Suite 3100
4 | San Francisco, California 94105
  | Telephone: (415) 397-2823
5 | Facsimile: (415) 397-8549

6 | Attorneys for Defendant
7 | MCKESSON CORPORATION, formerly
  | known as MCKESSON HBOC, INC.

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE H. CHANG,

        Plaintiff,

    v.

MCKESSON HBOC, INC; MCKESSON
HBOC CEO JOHN HAMMERGREN;
MCKESSON HBOC EXECUTIVE VICE
PRESIDENT PAUL KIRINCIC; MCKESSON
HBOC SENIOR VICE PRESIDENT JERRY
WARREN; MCKESSON HBOC VICE
PRESIDENT CHRISTOPHER MAHER;
MCKESSON HBOC VICE PRESIDENT TOM
VON; MCKESSON HBOC VICE PRESIDENT
TOM CAPIZZI; MCKESSON HBOC
DIVISION MANAGER DONNA DRAHER;
MCKESSON HBOC DIVISION MANAGER
TOM PUTHUFF; MCKESSON HBOC
DIVISION MANAGER KEVIN MYRICK;
MCKESSON HBOC HUMAN RESOURCE
RICH SOUBLET; and DOES 1 through 100,
inclusive,

        Defendants.

Case No. **C 07 3981** EMC

**NOTICE OF REMOVAL OF CIVIL
ACTION TO THE UNITED STATES
DISTRICT COURT PURSUANT TO 28
U.S.C. § 1441(a)**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA:

    PLEASE TAKE NOTICE that Defendant MCKESSON CORPORATION, formerly

---

1

Notice of Removal

known as MCKESSON HBOC, INC. ("Defendant" or "McKesson"), hereby serves notice of its removal of the above-entitled action to this Court and makes the following showing in support of such removal:

## PLEADING AND PROCEEDINGS TO DATE

1.      On or about June 29, 2007, an action was commenced in the Superior Court of the State of California, County of San Francisco, entitled *Christine H. Chang v. McKesson HBOC, Inc., et al.*, Case No. CGC 07-464740 by the filing of a summons and complaint, a copy of which is attached hereto Exhibit A.  (Declaration of Allison B. Moser, filed herewith, ¶ 2).

2.      McKesson was served with the summons and complaint on July 3, 2007.  (*Id.*)

3.      To the best of McKesson Corporation's knowledge, the complaint has not been served on any of the individually named defendants.  (*Id.* at ¶ 3).

## FEDERAL QUESTION JURISDICTION

4.      The district courts of the United States have original jurisdiction over an action founded on a claim of right arising under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, pursuant to 28 U.S.C. § 1331.  ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) confers concurrent jurisdiction upon the district courts of the United States over claims initiated by plan participants or beneficiaries to recover benefits or to enforce their rights under employee welfare benefit plans governed by ERISA.

5.      Plaintiff Christine H. Chang ("Plaintiff") was an employee of McKesson (Complaint, ¶ 1, attached hereto as Exhibit A).  McKesson established and maintains an employee welfare benefit plan ("Plan") for eligible employees, pursuant to ERISA.  Plaintiff was a participant in the Plan.  (Complaint, ¶¶ 13, 31, 34).  The Plan was established to provide severance benefits to eligible employees, and the Plan is maintained and operated as an employee welfare benefit plan under ERISA.  (Complaint, ¶¶ 43, 48, 50).  This action stems from Plaintiff's claim of entitlement to severance benefits under the terms of the Plan.  Accordingly, this action is governed by ERISA.

6.      By her Complaint, Plaintiff seeks severance benefits through the theories of breach of implied contract, wrongful termination, fraud, negligent and/or intentional infliction of

2

1    emotional distress, equitable tolling, and violations of fundamental due process and equal

2    protection rights.  The majority of these causes of action arise out of Plaintiff's allegation that

3    she is entitled to various benefits under the Plan.  (Complaint, ¶¶ 34, 39, 53, 54, 55).  Therefore,

4    these causes of action relate directly to Plaintiff's claim for benefits under the terms of the Plan.

5        7.      ERISA provides an exclusive federal claim for relief for participants or

6    beneficiaries who bring actions relating to the recovery of benefits, including the claims alleged

7    in Plaintiff's complaint.  As a result, ERISA preempts all state law claims that relate to the Plan

8    and are asserted by Plaintiff in her Complaint.  ERISA § 514, 29 U.S.C. § 1141; *Aetna*

9    *Healthcare, Inc. v. Davila*, 542 U.S. 200, 208 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S.

10    41, 54 (1987) (ERISA preemption includes common law causes of action that "relate to" ERISA

11    plans); *Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889, 897 (9th Cir. 1990); *see also,*

12    *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (claims that an employer

13    wrongfully terminated plaintiff in order to avoid contributing to or paying benefits under an

14    ERISA plan "relate to" the plan for preemption purposes).

15        8.      Causes of action filed in state court that are preempted by ERISA and fall within

16    the scope of ERISA § 502(a) may be removed to federal court by Defendants, pursuant to 28

17    U.S.C. § 1441(b), even if the defense of ERISA preemption does not appear on the face of the

18    Complaint.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); *District of*

19    *Columbia v. Greater Washington Board of Trade*, 506 U.S. 125, 130 (1992) (explicit reference

20    to ERISA is not required; rather, state laws are preempted if they are premised on the existence

21    of an ERISA plan); *see also, California Div. of Labor Standards Enforcement v. Dillingham*

22    *Const., N.A., Inc.*, 519 U.S. 316, 325 (1997).  Accordingly, this Court has federal question

23    jurisdiction to hear this matter.

## VENUE

25        9.      This is a suit of a wholly civil nature brought in a California court.  The action is

26    pending in San Francisco County and, accordingly, under 28 U.S.C. §§ 84(a), 1441(a) and 29

27    U.S.C. § 1132(e)(2), the United States District Court for the Northern District of California is the

28    proper forum for removal.

1    10.    This case was removed within thirty (30) days after July 3, 2007, when Defendant

2  first received notice of the action by service of the summons and complaint. This Notice is

3  therefore timely filed within the time period provided in 28 U.S.C. § 1446(b).

4    11.    True and correct copies of all pleadings filed including the Complaint are attached

5  hereto as Exhibit A.

6    WHEREFORE, Defendant prays that the above action now pending against it in the

7  Superior Court of the State of California in and for the County of San Francisco, Case No. CGC

8  07-464740, be removed to this Court.

9

10  DATED: August 2, 2007                          SEYFARTH SHAW LLP

11

12                                              By _____
13                                                 Patricia H. Cullison
                                                   Allison B. Moser
14                                              Attorneys for Defendant
                                                MCKESSON CORPORATION. formerly
15                                              known as MCKESSON HBOC, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

SF1 28296922.1 / 56248-000002                Notice of Removal

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF SAN FRANCISCO      )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105.  On August 2, 2007, I served the within documents:

    NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COUFRT PURSUANT TO 28 U.S.C. S 1441(a)

☐  I sent such document from facsimile machine (415) 397-8549 on August 2, 2007.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

CHRISTINE H. CHANG, Pro Per
341 Tideway Dr., #214
Alameda, CA 94501

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    Executed on August 2, 2007, at San Francisco, California.

                          *Patricia K. Massender*
                          Patricia K. Massender

Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
McKesson HBOC, Inc.

Additional Parties Attachment Form Is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Christine H. Chang

*C.C.*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

*C.C.*

Corporate Secretary's Dept.

Received by *Anne Shuford*

Date received *01-03-07*

Manner received *Courier*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court Of California, County Of San Francisco
400 McAllister Street
San Francisco, CA 94102-4514

CASE NUMBER:
(Número del Caso): **CGC-07- 464740**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Christine H. Chang
341 Tideway Drive #214, Alameda, CA 94501

DATE: **JUN 2 9 2007**
(Fecha)

GORDON PARK-LI CRISTINA E. BAUTISTA
Clerk, by
(Secretario)
, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): *McKESSON HBOC, Inc.*

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 2

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com

| SHORT TITLE: | | CASE NUMBER: | SUM-200(A) |
|---|---|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MCKESSON HBOC CEO JOHN HAMMERGREN;
MCKESSON HBOC EXECUTIVE VICE PRESIDENT PAUL KIRINCIC;
MCKESSON HBOC SENIOR VICE PRESIDENT JERRY WARREN;
MCKESSON HBOC VICE PRESIDENT CHRISTOPHER MAHER;
MCKESSON HBOC VICE PRESIDENT TOM VON;
MCKESSON HBOC VICE PRESIDENT TOM CAPIZZI;
MCKESSON HBOC DIVISION MANAGER DONNA DRAHER;
MCKESSON HBOC DIVISION MANAGER TOM PUTHUFF
MCKESSON HBOC DIVISION MANAGER KEVIN MYRICK;
MCKESSON HBOC HAMAN RESOURCE RICH SOUBLET;
and DOES 1 through 100, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Page __2__ of __2__

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CASE MANAGEMENT CONFERENCE SET

SHORT TITLE:

CASE NUMBER:

ENDORSED
FILED
San Francisco County Superior Court

NOV 3 0 2007  9:00 AM

DEPARTMENT 212

JUN 2 9 2007

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CHRISTINE CHANG PRO PER
341 TIDEWAY DR. #214
ALAMEDA, CA 94501  TEL: (510) 769-8232

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO, UNLIMITED JURISDICTION

CHRISTINE H. CHANG,

     Plaintiff,

vs.

MCKESSON HBOC, INC;
MCKESSON HBOC CEO
JOHN HAMMERGREN;
MCKESSON HBOC EXECUTIVE VICE
PRESIDENT PAUL KIRINCIC;
MCKESSON HBOC SENIOR VICE
PRESIDENT JERRY WARREN;
MCKESSON HBOC VICE PRESIDENT
CHRISTOPHER MAHER;
MCKESSON HBOC VICE PRESIDENT
TOM VON;
MCKESSON HBOC VICE PRESIDENT
TOM CAPIZZI;
MCKESSON HBOC DIVISION
MANAGER DONNA DRAHER;
MCKESSON HBOC DIVISION
MANAGER TOM PUTHUFF;
MCKESSON HBOC DIVISION
MANAGER KEVIN MYRICK;
MCKESSON HBOC HUMAN
RESOURCE RICH SOUBLET:
and DOES 1 through 100, inclusive,

    Defendants.

) NO. CGC07- 464740
)
)
)
)
) COMPLAINT FOR DAMAGES
)
) 1. BREACH OF IMPLIED CONTRACT
) 2. WRONGFUL TERMINATION
) 3. FRAUD
) 4. VIOLATION OF FUNDAMENTAL DUE
)    PROCESS AND EQUAL PROTECTION RIGHTS
) 5. EQUITABLE TOLLING OF STATUTE OF
)    LIMITATION
) 6. FOR SEVERANCE, DISABILITY, VACATION
)    PAYS, AND INTEREST, PUNITIVE
)
)
)
)
)    JURY TRIAL DEMANDED
)
)
)
)
)
)
)
)
)
)

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 1

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

## PARTIES

1. Plaintiff Christine Chang (hereinafter "plaintiff Chang"), an individual, worked for McKesson HBOC Inc. (hereinafter "McKesson") as system programmer starting from October 16, 1995 until March 30, 1999. Plaintiff complains against the Defendants, and each of them, jointly and severally, upon information and belief and allegations. Plaintiff is a citizen of the United State of America, and a citizen and resident of the City of Alameda, State of California.

2. The Defendant McKesson is America's oldest and largest healthcare services company, 16th largest corporation on the New York Stock Exchange, third largest company by revenue in San Francisco Bay Area, employeed over 30,000 employees across the United States and around the world, and engages pharmaceutical businesses throughout North America, United Kingdom, and other European countries.

3. Plaintiff is informed and believes that Defendant John Hammergren is the McKesson Chairman, President and Chief Executive Officer.

4. Plaintiff is informed and believes that Defendant Paul Kirincic is the McKesson Executive Vice President for Human Resource.

5. Plaintiff is informed and believes that Defendant Jerry Warren is the McKesson Senior Vice President, Compensation and Benefits.

6. Plaintiff is informed and believes that Defendant Christopher Maher was the McKesson Vice President, Compensation and Benefits on or about May 1, 2000 and March 1, 2001.

7. Plaintiff is informed and believes that Defendant Tom Von was the McKesson Vice President on or

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page    2

SHORT TITLE:

CASE NUMBER:

1  about March 30, 1999.

2  8. Plaintiff is informed and believes that Defendant Donna Draher was the McKesson Information

3

4  Technologies Division Manager on or about March 30, 1999.

5  9. Plaintiff is informed and believes that Defendant Tom Puthuff was the McKesson Information

6

7  Technologies Division Manager on or about March 30, 1999.

8  10. Plaintiff is informed and believes that Defendant Kevin Myrick was the McKesson Information

9  Technologies Division Manager on or about Spring 1998.

10  11. Plaintiff is informed and believes that Defendant Rich Soublet was the McKesson Human Resource

11  Specialist on or about March 30, 1999.

12

13  12. The true names and capacities, whether individual, corporate associate, or otherwise of the Defendants

14  herein designated as DOES 1 through 100, inclusive, whose names are unknown to plaintiff, therefore,

15  sues said Defendants by such fictitious names.  Plaintiff prays leave of the Court to amend this complaint

16  to insert the true names and capacities of such Defendants with appropriate allegations.  Each of the

17

18  Defendants designated herein as a DOE is responsible for the events alleged and liable to Plaintiff.

19

20                    FIRST CAUSE OF ACTION
                    BREACH OF IMPLIED CONTRACT

21  13. Plaintiff Chang accepted McKesson's offer of employment as System Programmer, commencing on

22

23  October 16, 1995, at a salary of $4,583.33 per month.  On October 3, 1995, McKesson sent Plaintiff

24  Chang the new hire packet consisting confirmation of employment, benefits information, necessary forms

25  to complete for payroll purposes, and schedules of New Hire Orientation and Benefits Orientation.

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page ___3___

SHORT TITLE:

CASE NUMBER:

1   Plaintiff Chang was eligible for immediate participation of all benefit plans, except for the Profit Sharing

2

3   Investment Plan (PSIP) and Retirement Plan which had one year waiting period. Starting the first day of

4   employment Plaintiff Chang participated in all benefit plans eligible, one year later, participated in PSIP

5   and Retirement Plans.

6

7   14. In addition to working fourty hours per week in the office, Plaintiff Chang worked from home nearly

8   every weekends for approximately two years, testing or installing McKesson application softwares using

9   company lap top. The McKesson policy offers compensation time for those extra hours worked without

10  overtime pay. The compensation time accrued could not be utilized because the heavy workload during

11

12  the week and continuous weekend software installations.

13  15. There were on-call duties for seven days at a time based on twenty-four hours day. Plaintiff Chang

14  rotated with two other coworkers who carried company pager, cell phone, lap top, and remained

15

16  within the paging distant for troubleshooting purposes. The calls in many occassions were problems

17  of other programmer or division's projects, or while Plaintiff Chang was on vacation or sick leave.

18  The time for on-call duties were never compensated by McKesson.

19

20  16. Starting April 1996 through early 1998, Plaintiff Chang's desk top computer frequently

21  malfunctioned. The malfunctions ranged from insufficient memory, not enough disk space, missing

22  window ICON access, network access not available, unable to access application, defective floppy drive,

23

24  and defective CD drive. Each time the Network Division was contacted which made superficial,

25  temporary fixes, but never resolved the core problem.

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page   4

SHORT TITLE:

CASE NUMBER:

1   17. Plaintiff Chang requested new computer with appropriate capacity to accomplish projects and execute

2   software testing and installation.  But the requests were denied repeatedly by the Information

3   Technologies Division Manager Kevin Myrick, while other coworkers in the division received state-of-

4   the-art new computers.  (CALIFORNIA CIVIL CODE SECTION 51[b])

5

6   18. Soon after a McKesson company-wide network environment upgrade, Plaintiff Chang's computer

7   "RAN OUT OF MEMORY SPACE" and was unable to display basic Window ICON.  The Division

8   Manager Kevin Myrick, found a used computer previously belonged to a secretary, to replace Plaintiff

9   Chang's obsolete computer. (CAL CIV CODE SEC 51[b] and CAL GOV CODE TITLE II, SEC 12940)

10

11  19. Plaintiff Chang worked for McKesson as system programmer, monitoring and implementing system

12  and application softwares on weekly basis for McKesson pharmaceutical nationwide user accesses, but

13  the Division Manager Kevin Myrick would not supply a computer with compatible disk and memory

14  spaces to run basic WINDOW environment.  The Division Manager Kevin Myrick supplied state-of-the-

15  art computer equipments to other coworkers in the Division, but persistently denied Plaintiff Chang's

16  requests for a compatible computer to accomplish tasks.

17

18  (TITLE II CALIFORNIA CODE OF REGULATION 7286.6[b])

19

20  20. A secretary's used computer was afforded more disk and memory spaces than Plaintiff Chang's

21  obsolete computer.  (CALIFORNIA CODES in No. 18 and No. 19 above)

22

23  21. In November 1996 Plaintiff Chang received satisfactory performance rating and pay increase from

24  the Division Manager Kevin Myrick.  However, the pay increase was never adjusted in the payroll.

25

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page ___5___

SHORT TITLE:

CASE NUMBER:

1 (TITLE VII, SEC 43.10[9][a][i][ii])

2
3 22. In November 1977 immediately after Plaintiff Chang had surgery and took medical leave, the

4 Division Manager Kevin Myrick threatened to downgrade Plaintiff's position and gave "needed

5 improvement" performance rating without informing any performance problem throughout the year.

6 (RESTATEMENT II, SEC 767 ETHICALS and Cal Labor Code Sec 132a and Disability)

7
8 23. Plaintiff Chang worked double shifts on divisional responsibilities and implementing Quality

9 Assurance Division's testing environments to pull up the performance rating. By March 1998 the

10 Manager changed Plaintiff's performance rating to "SATISFACTORY" and COMPLIMENTED plaintiff

11 JOB-WELL-DONE. Plaintiff also received special appreciation in writing by the Quality Assurance

12 Division for implemented the testing environments urgently needed. But the pay raise from November

13
14 1996 was never adjusted in Plaintiff's payroll. (FEDERAL FAIR LABOR STANDARDS ACT [FLSA])

15 24. The Division Manager Kevin Myrick denied Plaintiff Chang's training requests while all other

16
17 coworkers received training. In 1998 the Manager stated to Plaintiff that the trainings were not available

18 to Plaintiff, or there wasn't budget to afford training for Plaintiff. The two courses eventually approved

19 were either cancelled or scheduled after Plaintiff was laid off. (CAL CIV CODE SEC 51[b] and TITLE

20
21 II CCR 7286.6[b] and CAL GOV CODE SEC 12940, TITLE II, DIV 3, PART 2.8.)

22 25. Starting 1996 through 1998 Plaintiff Chang requested second phone line be installed at Plaintiff's

23
24 residence for installation and troubleshooting purposes. The Division Manager Kevin Myrick denied the

25 request while other coworkers had the benefit. (Line 24 CAL CIV CODE and TITLE II CCR and GOV)

26
27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page 6

SHORT TITLE:

CASE NUMBER:

26. The Division Manager Kevin Myrick promoted a coworker as the Manager of Installation Scheduling (hereinafter "DOE1"). The Manager DOE1 from Operation Division often sabotaged Plaintiff Chang's weekend software installations causing irregularities in Pathway Applications on Tandem Systems. Plaintiff submitted actual evidence and witness accounts related to the sabotages to the new Division Manager Tom Puthuff who recognized the severity of DOE1's actions . (CAL CIV CODE SEC 51[b] and TITLE II CCR 7286.6[b])

27. In November1998, as Plaintiff submitted evidence and witness accounts to the new Manager who advised plaintiff's right to file grievances against the previous Division Manager Kevin Myrick and DOE1, for the unequal treatments and discrimination done to plaintiff. In the grievances Plaintiff also requested retroactive back-pay of the November 1996 pay raise.

(TITLE VII SEC 43.10[9][a][i][ii] and TITLE II CCR 7286.6[b])

28. When filing the grievances Plaintiff Chang was suffering migraine and tension headaches for several months caused by continuous discrimination and sabotages. Plaintiff was treated by Kaiser Neurologist who prescribed medications to treat the headaches. The Manager Tom Puthuff was well aware of Plaintiff's disability. The Manager often advised Plaintiff to take breaks between projects and during work. (CAL LABOR DISABILITY CODE)

29. Plaintiff Chang's grievances were denied by the Division Managers, Tom Puthuff and Donna Draher. Plaintiff's appeal to the Vice President Tom Von was also denied. (Line 26 - CAL CIV and CCR CODES)

30. On March 30, 1999, several months after Plaintiff's grievances and appeal were denied Plaintiff was

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page     7

SHORT TITLE:

CASE NUMBER:

1  laid off by the Vice President Tom Von WITHOUT NOTICE, CAUSE, AND SEVERANCE PAY.

2
(TITLE VII SEC 43.10[2][d] RETALIATION and 43.01[2][b][d] and CAL LABOR CODE SEC 2922)
3

4  31.  All unpaid severance, vacation, disability, and back pay became due on March 30, 1999.  (TITLE II

5  CCR 7286.9 and 7286.6[b] and CAL LABOR CODE SEC 201, 2926, TITLE VII SEC 4.01[2][a][i] and

6
4.1[2][c] SEVERANCE PAY and CAL LABOR CODE SEC 227.3)
7

8  32.  Defendant McKesson received and accepted the benefits of the services of Plaintiff Chang for three

9  and one half years knowing Plaintiff was providing such services in reliance on the implied employment

10  contract. (CAL LABOR CODE SEC 132a and II CCR 7286.6[b] and UNJUST ENRICHMENT)

11
33.  At all times herein relevant, Plaintiff Chang performed all system programmer tasks successfully in
12

13  timely manner, and implemented the Quality Assurance Division's testing environments single-handedly

14  with constant support and modifications, except to the extent Plaintiff's performance was prevented by

15  the Division Manager Kevin Myrick and DOE1's conducts. (CAL CIVIL CODE SEC 51[b] and TITLE II

16
CCR 7286.6[b])
17

18  34.  The Defendants breached implied contract and acted with bad faith violating the Codes and Statutes

19  intentionally.  Starting March 30, 1999 the Defendants had unlawfully denied Plaintiff's rights to the

20
severance pay from McKessonHBOC Inc. Severance Plan SPD.  (TITLE VII SEC 4.01[2][c])
21

22
SECOND CAUSE OF ACTION
23  WRONGFUL TERMINATION

24  35.  Plaintiff Chang was approached by the Division Manager Tom Puthuff to attend a meeting.  Plaintiff

25  asked the Manager in relate to the meeting in order to prepare report and document.  The Manager refused

26

27
This page may be used with any Judicial Council form or any other paper filed with the court.

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

1   to answer who simply demanded Plaintiff to attend the meeting as soon as possible. (RESTATEMENT II

2   TORTS SEC 870 and TITLE VII SEC 43.10[2][d] and TITIE II CCR 7286.6[b])

3

4   36.  On March 30, 1999, upon arrival of the conference room Plaintiff Chang realized that the Vice

5   President Tom Von was the only other person in the meeting.  The Vice President laid off Plaintiff by the

6   reason of "REDUCTION IN FORCE", then repeatedly coerced Plaintiff to sign the "WAIVER AND

7

8   GENERAL RELEASE OF CLAIMS" in exchange for severance pay. (CAL LABOR CODE SEC 201 and

9   SEC 2926 and 4.01[2][C] SEVERANCE PAY and TITLE VII SEC 43.10[2][d] RETALIATION)

10  37.  Plaintiff Chang did not sign the WAIVER knowing the vice president Tom Von was retaliating

11

12  against Plaintiff filing the grievances and appeal. (TITLE VII SEC 43.10[2][d] RETALIATION)

13  38.  The Vice President then instructed Human Resource Staff to escort Plaintiff out of McKesson

14  Building immediately after collecting company pager, lap top, and keys from Plaintiff. (TITLE VII

15

16  SEC 43.10[2][d] RETALIATION and RESTATEMENT II TORTS SEC 870 and II CCR 7286.6[b])

17  39.  Plaintiff Chang was devastated and aggravated being forced out of employment without notice,

18  without cause, and without severance pay;  and was severely humiliated being escorted to leave the

19

20  building without any justification.  Plaintiff was suffering migraine and tension headaches before the

21  termination of employment occurred,  the defendants' reckless acts caused Plaintiff sustain further

22  psychological injuries.  In the subsequent months Plaintiff was unable to attain daily functions or

23  seek work, and was forced to live on $812 monthly unemployment compensation. (RESTATEMENT

24  II TORTS SEC 870 and CAL LABOR CODE SEC 132a and TITLE II CCR 7286.6[b])

25

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page  _9_

SHORT TITLE:

CASE NUMBER:

40. Plaintiff Chang worked nearly every weekends for approximately two years installing application softwares on Tandem Systems. There were times Plaintiff worked double shifts in order to meet Quality Assurance Division's deadlines to test McKesson Pharmaceutical Pathways Applications. Plaintiff was the only system programmer in McKesson who installed Tandem Pathways changes, and the only system programmer who implemented the Quality Assurance Division's Tandem Pathways testing environments. When the laid off occurred Plaintiff was preparing for the scheduled Tandem Application changes on the coming weekend. Plaintiff's function was critical for McKesson Pharmaceutical Pathways Applications.

41. The Defendants Vice President Tom Von, and Information Technologies Division Managers Tom Puthuff and Donna Draher knew that:

a) They laid off Plaintiff on "REDUCTION IN FORCE" was FALSE.

b) Plaintiff suffered migraine and tension headaches for several months, but still worked regularly 40 hours week in the office, and from home on the weekends, and on-call duties for seven days straight based on twenty-four hours days.

c) The reckless WRONGFUL TERMINATION would cause Plaintiff further psychological injuries.

d) The termination of employment without notice and without severance pay would cause economic injuries to Plaintiff.

e) The Vice President Tom Von ordered Plaintiff's immediate departure from McKesson Building after the termination of employment, intended to humiliate Plaintiff in retaliation of Plaintiff's filing grievances and appeal.

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 10

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

| SHORT TITLE: | CASE NUMBER: |
|---|---|

1  42. As a direct and proximate result of Defendants' fraudulent acts, Plaintiff was wrongfully terminated.

2

3  Plaintiff sustain general and special damages in an amount according to proof as established at trial.

4                                    THIRD CAUSE OF ACTION
                                          FRAUD
5

6  43. The Defendants McKesson fraudulently breached the express "McKesson HBOC, Inc. Severance

7  Plan SPD". During the termination meeting on March 30, 1999, the Vice President Tom Von supplied

8  Plaintiff Chang the Attachment A of "McKesson HBOC, Inc. Severance Plan SPD" as follows:

9

10  Severance Payment: Based on an expected termination date of March 31, 1999, Plaintiff's

11              severance benefit is $4,466.54 which represents four (4) weeks' pay.

12  In addition, Plaintiff will receive the following:

13

14      1. TAP credits up to a maximum of $500 to help with your transition (job training)

15      2. COBRA premium payments for 3 months (health insurance)

16

17      3. Membership with Alumnae Resources

18      4. Outplacement assistance with Interim Career Solutions - A 3 day "Job Preparation Workshop"

19  Plaintiff received all "In addition benefits 1 through 4" DURING THE TERMINATION MEETING and

20  was scheduled to attend the three day Job-Preparation-Workshop in the following week. But the Vice

21  President Tom Von stated that Plaintiff wasn't qualify to receive the portion of "Severance Payment" of

22  $4,466.54 unless Plaintiff sign the "WAIVER AND GENERAL RELEASE OF CLAIMS". (Fraud and

23  Coercion and Breach of Established McKesson HBOC Inc. Severance Plan SPD - Torts Liabilities)

24

25  44. A company established plan can not be taken away unless approved by Labor Commission.

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___11___

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:                                                                    CASE NUMBER:

1   The Vice President Tom Von's caviler attitude toward Plaintiff Chang using Defendant McKesson's

2   enormous bargaining power to fraudulently and oppresively discriminate against Plaintiff.

3

4   (TITLE VII SEC 4.01[2][c] ERISA)

5   45. The Vice President Tom Von fraudulently carved up the "McKesson HBOC Inc. Severance Plan SPD"

6   into separate portions and stated that Plaintiff qualified for certain portions of Severance Plan, but NOT

7   THE PORTION OF FOUR WEEKS SEVERANCE PAY.  The Vice President Tom Von stated that

8

9   Plaintiff was to receive all the transitional and Cobra health Insurance benefits in the "McKesson HBOC

10  Inc. Severance Plan SPD" except for the SEVERANCE PAY ACCORDING TO COMPANY POLICY.

11  (California Labor Code 206.5 and Title II California Code Of Regulation 7286.6[b])

12

13  46. Plaintiff Chang is informed and believes and alleged that it is Defendant McKesson's GENERAL

14  SCHEME, in coercing separated employees into signing the "WAIVER AND GENERAL RELEASE OF

15  CLAIMS" to exchange for severance pay, in order to deprive these employees' Due Process and

16  Equal Protection Rights of the Fifth and Fourteenth Amendments of The Constitution.

17

18  47. Most of these separated employees, if not all, would be coerced into signing the "WAIVER" in

19  exchange for severance pay, or otherwise, be left without means to sustain basic necessities such as

20  mortgage payment, family support, automobile payment, insurance premium, etc; when being forced out

21  of employment WITHOUT NOTICE. (Labor Code Section 201 and 2926 and Title VII 4.01[2][c])

22

23  48. Plaintiff Chang's counsel, Peter Myers, made written requests to Defendant McKesson indicating that

24  it was a violation of Employee Retirement Income Security Act (hereinafter "ERISA") to demand

25

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

1   "WAIVER" from Plaintiff in order to obtain severance pay, and the "WAIVER" was overly broad

2   requiring Plaintiff to WAIVE ALL CLAIMS including the Employee Stock Participation Plan, in

3   whcih Plaintiff Chang was class representative in Chang v. McKesson HBOC, U.S.D.C., N. Dist. Cal.

4   C99-5075; a class action against McKesson Breach of Fiduciary Duty causing the Employee Retirement

5   Stocks to plummet from $90's to $20's per share.(ERISA and Title VII Sec 4.01[2][e] and Cal Code 206.5)

6   49. The Defendant McKesson Vice President for Compensation and Benefits, Christopher Maher,

7   responded that the "McKesson HBOC Inc. Severance Plan SPD" required Plaintiff to execute a "WAIVER

8   AND GENERAL RELEASE" as a requisite for Plan participation, and that execution of such "WAIVER"

9   will constitute a "WAIVER AND RELEASE" of EVERY CLAIM the eligible employee might otherwise

10  have arising out of her employment or the termination of her employment.  In addition, the Plan does not,

11  in any way, limit the authority or discretion of McKesson to require the release of any matter not specified

12  in the Plan.  The Vice President also stated that the Plan permits McKesson to request a RELEASE as IT

13  SEES FIT, including a RELEASE OF CLAIMS RELATING TO OTHER BENEFIT PLANS.

14  50. The Defendants McKesson INTENDED TO BOTCH THE ERISA CLASS ACTION by demanding

15  Plaintiff Chang to execute the overbroad "WAIVER" to waive all claims including claims as a

16  participant in the Employee Stock Participation Plan. not only the employment-termination-related claims.

17  (Coercion - Tort Liability For Punitive Damages and Cal Civil Code Sec 51[b] and II CCR 7286.6[b] and

18  II CCR 7286.9 Remedies)

19  51. The Vice President Christopher Maher omitted the facts that Plaintiff had received portion of the Plan

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page 13

SHORT TITLE:

CASE NUMBER:

1  benefits as qualified participant of the "McKesson HBOC Inc. Severance Plan SPD". And that

2  Defendants McKesson withholding the severance pay and continuous coercion for Plaintiff to execute the

3

4  "WAIVER" was to PROHIBIT THE CLASS ACTION FROM GOING FORWARD against its breach of

5  fiduciary duty causing the Employee Retirement Stocks plummet. (42 U.S.C. Section 2000e-3[a] and

6  Title VII Section 43.10[2][d] - Retaliation and ERISA Claims)

7

8  52. Plaintiff Chang requested a Plan-Hearing after the appeal for severance pay was denied. It was

9  also denied by Defendants McKesson stating that Plaintiff could ONLY SUBMITT WRITTEN

10  REQUEST for review, after McKesson had denied several oral and written request and appeal from

11  Plaintiff Chang's counsel. (42 U.S.C. Sec 2000e-3[a] and Title VII Sec 43.10[2][d] and ERISA Claims)

12

13  53. Defendants McKesson's acts were willful, wanton, malicious, and oppressive, were undertaken with

14  the intent to defraud and deprive Plaintiff Chang of employment, severance pay, and CLASS ACTION

15  representing McKesson Subclass Employees Retirement Stock Plans (Chang v. McKesson HBOC,

16

17  U.S.D.C.,N. Dist. Cal. C99-5075 and C-00-20030 RMW).

18

19  **FOURTH CAUSE OF ACTION**
   **NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS**

20  54. The Defendant McKesson stands in a SPECIAL RELATION to its employees that gives him a power

21  of control over the employees' action. Defendant McKesson is required to use REASONABLE CARE to

22  exercise that control to prevent its employees from injuring the Plaintiff. Starting from April 1996

23

24  through March 1999 Plaintiff was discriminated against by the Division Manager Kevin Myrick and

25  DOE1. Within few months from Plaintiff filing the grievance and appeal with management Plaintiff was

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

Page __14__

SHORT TITLE:

CASE NUMBER:

1  laid off wrongfully by the Vice President Tom Von, and Division Managers Donna Draher and Tom

2  Puthuff, knowing Plaintiff suffered from migraine and tension headaches caused by employment related

3  stress. During the termination meeting, McKesson Vice President Tom Von repeatedly coerced Plaintiff

4  into signing the "WAIVER" to deprive Plaintiff's Due Process and Equal Protection Fundamental Rights

5  guaranteed by The Constitution. Plaintiff did not sign the "WAIVER" and was escorted to exit the

6  company building immediately WITHOUT NOTICE, WITHOUT CAUSE, AND WITHOUT

7  SEVERANCE PAY, after having to work full time and most of the weekends and seven days on-call

8  duties for three and one half years. All Plaintiff's subsequent request and appeal and Plan-Hearing for the

9  severance pay were denied, unless plaintiff execute the "WAIVER" for ALL CLAIMS INCLUDING

10  CLASS ACTION for McKesson breach of fiduciary duty against the EMPLOYEE RETIREMENT

11  STOCK PARTICIPATION PLAN (ERISA). The Defendant McKesson had a DUTY to prevent its

12  employees injuring the Plaintiff. The Defendant McKesson intentionally BREACHED THAT DUTY,

13  which was the DIRECT AND PROXIMATE CAUSE of Plaintiff Chang's emotional distress. The

14  Plaintiff sustains special damages including back pay (pay increase), vacation pay, disability pay,

15  severance pay, loss of earnings capacity, and other special damages in an amount according to proof as

16  established at trial. The conduct of Defendant McKesson was unconscionable, despicable and was

17  conduct AGAINST PUBLIC POLICY. As such, Plaintiff Chang is entitled to punitive and exemplary

18  damages against Defendants McKesson, and each of them according to proof. Wherefore, Plaintiff

19  Chang prays for damages against Defendant McKesson, and each of them. (Title II CCR 7286.6[b])

20

21

22

23

24

25

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page 15

SHORT TITLE: 

CASE NUMBER: 

## FIFTH CAUSE OF ACTION
## CONSTITUTIONAL RIGHTS OF THE FIFTH AND FOURTEENTH AMENDMENTS

55. The fundamental rights of Due Process and Equal Protection guaranteed by The Fifth And Fourteenth Amendments Of The Constitution Of The United States.  The Defendant McKesson consistently denied Plaintiff Chang's Due Process and Equal Protection fundamental rights.  Upon Division Manager TOM PUTHUFF'S ADVISE, Plaintiff Chang filed grievance and appeal against DOE1 and previous Division Manager Kevin Myrick.  Plaintiff Chang was wrongfully terminated caused by filing the grievance and appeal, and was further punished by Defendant McKesson withholding the severance pay. The Defendants McKesson knew that they laid off Plaintiff on "REDUCTION IN FORCE" was FALSE, therefore, was determined to coerce Plaintiff Chang executing the "WAIVER" to eliminate any possible lawsuit against the Company.  Between April 1999 and March 2007, Plaintiff Chang made numerous request, appeal, and demand for the severance pay, but all were denied by the Defendants McKesson intended to deprive Plaintiff Chang Due Process and Equal Protection fundamental rights. (Invidious discriminatory purpose or policy is PER SE INVALID and Restatement II Torts Sec 870)

## SIXTH CAUSE OF ACTION
## EQUITABLE TOLLING OF STATUTE OF LIMITATION

56. Equitable tolling appropriate if (1) defendant has actively misled plaintiff (2) plaintiff has in some extraordinary way been prevented from asserting his or her rights. (Title VII Sec 43.10[6][c][i])

57. Equitable tolling may apply if a defendant, through wrongful conduct, prevents a plaintiff from asserting a claim or if extraordinary circumstances beyond the plaintiff's control make it impossible to file

This page may be used with any Judicial Council form or any other paper filed with the court.

Page *16*

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

1   a claim on time. (Title VII Section 43.10[6][c][i])

2

3   58. Plaintiff Chang realleges and incorporates herein by this reference each and every allegation contained

4   in paragraphs 35 through 57, inclusive, of the foregoing general allegations and makes them a part of the

5   instant cause of action as though fully set forth.

6

7   59. Starting from March 30, 1999 when Plaintiff Chang's employment with Defendant McKesson was

8   wrongfully terminated, Defendant McKesson had fraudulently, oppresively, maliciously coerced Plaintiff

9   to execute the "WAIVER AND GENERAL RELEASE", in order to preclude its liabilities and in its

10   attempt to botch the ERISA Class Action.  (Chang v. McKesson HBOC, U.S.D.C., N. Dist. Cal. C99-5075

11   and C-00-20030-RMW)

12

13   60. In April 1999, Plaintiff Chang sought representation for the wrongful termination and the Defendant

14   McKesson breach of fiduciary duty causing Employee-Retirement-Income-Stocks (ERISA) plummet.

15

16   61.  After several meetings Plaintiff's counsels made the decision to go forward with the ERISA Class

17   Action Claim, but was UNABLE to represent Plaintiff on the INDIVIDUAL CLAIMS of wrongful

18   termination and fraud against Defendant McKesson, due to conflict of interest.  Plaintiff Chang was the

19   named representative of the ERISA Class Action (Paragraph 59).

20

21   62.  Although the counsels were unable to represent Plaintiff Chang's INDIVIDUAL claims against

22   Defendant McKesson,  the counsel Peter Myers' Law Firm made verbal and written request and appeal

23   on behalf of Plaintiff for the severance pay from February 2000 through March 2001.

24

25   63. The Defendant McKesson Vice President Christopher Maher, denied Plaintiff's right to the severance

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page _17_

SHORT TITLE:

CASE NUMBER:

1  pay in the "McKesson HBOC, Inc. Severance Plan SPD" in the letters of denial dated May 1, 2000 and

2  March 1, 2001; while Plaintiff Chang had qualified and received partial benefits of the SEVERANCE

3  PLAN on the employment termination date of March 30, 1999.  The SEVERANCE PLAN benefits

4  received were (1) transitional education credit of $500 (2) COBRA health insurance premium for

5

6  three months (3) membership with Alumnae Resources (4) three day "Job Preparation Workship" which

7  was scheduled to start immediately following the termination.

8

9  64. The Defendant McKesson Vice President fraudulently stated in the letter of denial, "The PLAN

10  Administrator upholds its earlier determination that Ms. Chang IS NOT ENTITLED TO BENEFITS

11  UNDER THE PLAN", and omitted the facts that Defendant McKesson SELECTIVELY WITHHELD

12  PARTIAL BENEFITS UNDER THE PLAN of the severance pay, in order to coerce Plaintiff Chang to

13  execute the "WAIVER AND GENERAL RELEASE" intending to deprive Plaintiff's DUE PROCESS and

14  EQUAL PROTECTION Fundamental Rights and attempting to BOTCH THE ERISA CLASS ACTION.

15  (Title VII Sec 43.10[6][c] and Sec 4.01[2][c][i])

16

17  65. All the written and hearing requests and appeal made by Plaintiff's Counsel for the severance pay were

18  denied by Defendant McKesson.  Counsel Peter Myers advised Plaintiff Chang that all revenues in

19  obtaining the severance pay had been exhausted, and Plaintiff who as the ERISA Class Representative

20  had the duty to represent the interest of all class members other than signing the "WAIVER" to give up

21  the ERISA Class Action.  Plaintiff Chang believed that the ONLY ALTERNATIVE was to set aside the

22  INDIVIDUAL CLAIMS OF WRONGFUL TERMINATION AND FRAUD until after the ERISA Class

23

24

25

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

Page  18

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

1   Action concluded. (Title VII Section 43.10[6][c][i][ii])

2

3   66. The Defendant McKesson and its management employees, through WRONGFUL CONDUCT,

4   prevented Plaintiff from asserting a claim, OR, if EXTRAORDINARY CIRCUMSTANCES BEYOND

5   Plaintiff's control make it impossible to file a claim on time, EQUITABLE TOLLING may be available.

6

7   (Title VII Section 43.10[6][c][i][ii] and Section 43.10[2][d] - Retaliation)

8   67. The original ERISA Class Action was filed on November 24, 1999 (U.S.D.C., N. Dist. Cal.

9   C99-5075). The Consolidated Amended Complaint for the McKesson Sub-Class was filed on December

10   31, 2002 (C00-20030 RMW). On September 1, 2006 the preliminary settlement was approved by Judge

11   Whyte who issued the Final Order And Judgment. The Line 18 of the Final Order And Judgment stated,

12   "Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out

13

14   any of the provisions of the Agreement. (Title VII Section 43.10 [6][c][ii])

15

16   68. The Defendant McKesson initially scheduled the settlement compensation to be distributed to the

17   ERISA class members in January 2007. It was postponed to February but showed no sign of completion

18   by March 2007.

19

20   69. On March 12, 2007, Plaintiff Chang sent a demand letter to Defendant McKesson President, John

21   Hammergren, for the defrauded severance pay and unreasonable delay of settlement compensation to the

22   individual class members. (Title VII Section 43.10[2][d] and Judge Whyte's Final Order And Judgment

23   dated September 1, 2006, C-00-20030 RMW)

24

25   70. The McKesson Defendant Senior Vice President, Jerry Warren, responded by a letter of denial dated

26

27

This page may be used with any Judicial Council form or any other paper filed with the court.

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

SHORT TITLE:

CASE NUMBER:

1  April 10, 2007 stating, "After careful review, we have reconfirmed the PLAN Administrator's 2001

2  determination that you are NOT ENTITLED to benefits under the PLAN." The letter of denial did not

3  explain the unreasonable delay of ERISA settlement distribution to the individual class members. The

4  Defendant McKesson continued its fraudulent and oppresive denial of Plaintiff Chang's entitlement to the

5

6  SEVERANCE PAY UNDER THE PLAN. (Vicarious Liability and Respondeat Superior-Intentional Tort)

7  71. The California State Law - Employee was entitled to severance pay where the employer had a clear,

8  definite and unambiguous severance policy. The coercion to sign the "WAIVER AND RELEASE" or

9  otherwise disqualify SEVERANCE BENEFITS is MISDEMEANOR.  The facially non-discriminatory

10  SEVERANCE PLAN with DISCRIMINATORY PURPOSE is PER SE INVALID. (Title VII Sec 4.01[2]

11  [c] and Section 43.10[2][d] and Unjust Enrichment and Vicarious Liability and Respondeat Superior)

12  72. On May 3, 2007, the final phase of ERISA Settlement distribution had completed.  Because the

13  ERISA Class Action has now concluded and ensuing is this complaint against the Defendant McKesson.

14  73. The Defendant McKesson, through its WRONGFUL CONDUCT, and the EXTRAORDINARY

15

16  CIRCUMSTANCES beyond Plaintiff's control (ERISA Class Action), make it impossible to file a claim

17  on time. Equitable Tolling may be available. (Title VII Section 43.10[2][d] and Sec. 43.10[6][c][i][ii])

18                              PRAYER FOR DAMAGES

19  1.  For Plaintiff's general damages according to proof;

20  2.  For Plaintiff's special damages according to proof including for loss of income from disabilities.

21  3.  For pre-judgment interest according to proof;

This page may be used with any Judicial Council form or any other paper filed with the court.

Page  20

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

| SHORT TITLE: | CASE NUMBER: |
|---|---|

4. For compensatory and general and special damages, together with interest thereon at 10% per annum;

5. For punitive and exemplary damages in an amount appropriate to deter and punish defendants in an amount according to proof;

6. For preparation of this complaint equivalent to an attorney's fees;

7. For plaintiff's costs of suit herein;

8. For such other and further relief as the Court may deem proper.

///
//

Dated : June 28, 2007

By _____
         Plaintiff

This page may be used with any Judicial Council form or any other paper filed with the court.

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Page 21