SEYFARTH SHAW LLP
Patricia H. Cullison (State Bar No. 101636)
pcullison@seyfarth.com
Allison B. Moser (State Bar No. 223065)
amoser@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
MCKESSON CORPORATION, formerly
known as MCKESSON HBOC, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON HBOC, INC; MCKESSON HBOC CEO JOHN HAMMERGREN; MCKESSON HBOC EXECUTIVE VICE PRESIDENT PAUL KIRINCIC; MCKESSON HBOC SENIOR VICE PRESIDENT JERRY WARREN; MCKESSON HBOC VICE PRESIDENT CHRISTOPHER MAHER; MCKESSON HBOC VICE PRESIDENT TOM VON; MCKESSON HBOC VICE PRESIDENT TOM CAPIZZI; MCKESSON HBOC DIVISION MANAGER DONNA DRAHER; MCKESSON HBOC DIVISION MANAGER TOM PUTHUFF; MCKESSON HBOC DIVISION MANAGER KEVIN MYRICK; MCKESSON HBOC HUMAN RESOURCE RICH SOUBLET; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07-3981 MJJ<br><br>**DEFENDANT MCKESSON CORPORATION'S MOTION TO DISMISS**<br><br>Date: September 18, 2007<br>Time: 9:30 a.m.<br>District Court Judge: Honorable Martin J. Jenkins<br>Courtroom: 11, 19th Floor |

Defendant's Motion to Dismiss – Case No. C 07-3981 MJJ

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. LEGAL AUTHORITY .........................................................................................2

    A. The Standard For A Motion To Dismiss Pursuant To Fed.R.Civ. Proc. 12(b)(6). ........................................................................................................2

    B. The Statutes Of Limitations Bar Is A Proper Basis For A Fed.R.Civ. Proc. 12(b)(6) Motion. .................................................................................4

    C. Plaintiff's Alleged Causes Of Action Fail To State A Claim Upon Which Relief Can Be Granted As They Are Barred By The Statute Of Limitations. ..............................................................................................5

        1. Plaintiff's First Cause of Action for Breach of Implied Contract Fails as a Matter of Law......................................................................5

        2. Plaintiff's Second Cause of Action for Wrongful Termination Fails as a Matter of Law. ......................................................................6

        3. Plaintiff's Third Cause of Action for Fraud Fails as a Matter of Law. ............................................................................................6

        4. Plaintiff's Fourth Cause of Action for "Negligent Intentional" [sic] Infliction of Emotional Distress Fails as a Matter of Law..................7

        5. Plaintiff's Fifth Cause of Action for Violation of Due Process and Equal Protection Rights Fails as a Matter of Law. ..........................8

            a. The Fifth Cause of Action is Duplicative of the First, Second, Third and Fourth Causes of Action..................................8

            b. The Fifth Cause of Action Fails to State a Claim Because No State Action is Involved.........................................................8

    D. Equitable Tolling Does Not Save Plaintiff's Failure To Comply With The Limitations Periods. ...............................................................................9

        1. Plaintiff's Equitable Tolling Claim Fails as she Consulted with an Attorney. ......................................................................................9

        2. Plaintiff's Equitable Tolling Claim Fails as she Cannot Use Negligence and her Ignorance as an Excuse.................................10

**TABLE OF CONTENTS**
(continued)

| | | Page |
|---|---|---|
| | E. Plaintiff's Complaint Should Be Dismissed Without Leave To Amend. | 11 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Albrecht v. Lund,*
   845 F.2d 193 (9th Cir. 1988) ................................................................. 3

*Aldrich v. McCulloch Properties, Inc.,*
   627 F.2d 1036 (10th Cir. 1980) ............................................................. 4

*Associated General Contractors v. California State Council of Carpenters,*
   459 U.S. 519 (1983) ............................................................................. 3

*Babich v. Cadillac Fairview/California, Inc.,* 1996 U.S. Dis. LEXIS 20734 ............................. 4

*Blackhurt v. Pugh,* 65 Fed.Appx. 103 (9th Cir. 2003) .................................................. 10

*Brentwood Academy v. Tennessee Secondary School,*
   531 U.S. 288 (2001) ........................................................................ 8, 9

*Broughton v. Cutter Labs.,*
   622 F.2d 458 (9th Cir. 1980) ............................................................... 11

*Cahill v. Liberty Mut. Ins. Co.,*
   80 F.3d 336 (9th Cir. 1996) ................................................................. 3

*Conley v. Gibson,*
   335 U.S. 41 (1957) ............................................................................. 3

*Grywczynski v. Shasta Beverages, Inc.,*
   606 F. Supp. 61 (N.D. Cal. 1984) ......................................................... 7

*Harrell v. 20th Century Ins. Co.,*
   934 F.2d 203 (9th Cir. 1991) ............................................................... 5

*Hemmings v. University of Arizona,*
   1999 U.S. App. LEXIS 8725 (9th Cir. 1999) ........................................ 9

*Hinton v. Pacific Enterprises,*
   5 F.3d 391 (9th Cir. 1993) ................................................................... 6

*International Ass'n of Entrepreneurs of America v. Angoff,*
   58 F.2d 1266 (8th Cir 1995), cert. denied 516 U.S. 1072 (1996) ........ 4

*Jablon v. Dean Witter & Co.,*
   614 F.2d 677 (9th Cir 1980) ................................................................. 4

*Jackson v. Metropolitan Edison Co.*,
   419 U.S. 345 (1974) .......................................................................................... 9

*Johnson v. Henderson*,
   314 F.3d 409 (9th Cir. 2002) ............................................................................. 9

*Keyse v. California Texas Oil Corp.*,
   590 F.2d 45 (2nd Cir. 1978) ............................................................................. 9

*Lehman v. United States*,
   154 F.3d 1010 (9th Cir. 1998) ......................................................................... 10

*Marsh v. Soares*,
   223 F.3d 1217 (10th Cir. 2000) ....................................................................... 10

*National Collegiate Athletic Ass'n v. Tarkanian*,
   488 U.S. 179 (1988) .......................................................................................... 8

*Noll v. Carlson*,
   809 F.2d 1446 (9th Cir. 1987) ......................................................................... 11

*In re Plywood Antitrust Litigation*,
   655 F.2d 627 (5th Cir. 1981) ............................................................................ 3

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ............................................................................ 3

*Santa Maria v. Pacific Bell*,
   202 F.3d 1170 (9th Cir. 2000) ......................................................................... 10

*Scholar v. Pacific Bell*,
   963 F.2d 264 (9th Cir. 1992) ........................................................................... 11

*Stallcop v. Kaiser Foundation Hospitals*,
   820 F.2d 1044 (9th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987) .................. 9

*Supermail Cargo, Inc. v. United States*,
   68 F.3d 1204 (9th Cir. 1995) ............................................................................ 4

*Sutliff, Inc. v. Donovan Companies, Inc.*,
   727 F.2d 648 (7th Cir. 1984) ............................................................................ 3

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*,
   839 F. Supp. 711 (C.D. Cal. 1993) ................................................................... 3

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
   73 F.2d 1423 (7th Cir. 1996) ............................................................................ 4

*Western Mining Council v. Wyatt,*
    643 F.2d 618 (9th Cir. 1981) ................................................................................... 3

*Woods v. Asset Resources,*
    2006 U.S. Dist. LEXIS 94325 (E.D. Cal. 2006) ....................................................... 4

**STATE CASES**

*Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988) ............................................................................................. 6

*Gabaldon v. United Farm Workers Organizing Committee,*
    35 Cal. App. 3d 757 (1973) .................................................................................... 8

*Magpali v. Farmers Group, Inc.,*
    48 Cal. App. 4th 471 (1996) ................................................................................... 7

*Magpali v. Farmers Group, Inc.,*
    49 Cal. App. 4th 471 (1996) ................................................................................... 6

*Romano v. Rockwell Int'l, Inc.,*
    14 Cal. 4th 479 (1996) ........................................................................................ 5, 6

**FEDERAL STATUTES**

Fed. R. Civ. .P. 12(b)(6) ................................................................................................. 4

**STATE STATUTES**

Cal. Code Civ. Proc. §335.1 ..................................................................................... 6, 7

Cal. Code Civ. Proc. §337(1) ........................................................................................ 5

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's Complaint in its entirety, because it fails as a matter of law to state a claim upon which relief can be granted, for a number of reasons: First, as reflected on the face of the pleading, the First, Second, Third and Fourth Causes of Action are barred by the statute of limitations. Second, the Fifth Cause of Action for due process and equal protection violations is merely duplicative of the first four, and is also defective because it fails to allege state action. Third, Plaintiff's attempt to save the claims by pleading equitable tolling fails because Plaintiff's allegations demonstrate that she cannot satisfy the legal requirements of such a claim. Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Complaint as a matter of law.

## II. FACTUAL BACKGROUND

On or about October 16, 1995, Plaintiff Christine Chang began working at McKesson HBOC Inc. ("McKesson") as a System Programmer. (Complaint ¶¶ 1, 13, attached to McKesson's Request for Judicial Notice as Exhibit 1.) Plaintiff was eligible for immediate participation in all benefit plans, except for the Profit Sharing Investment Plan and Retirement Plan, which had a one-year waiting period. (Complaint ¶ 13.) Starting on her first day of employment, Plaintiff participated in all benefit plans eligible and, one year later, she participated in the Profit Sharing Investment Plan and Retirement Plan. (Complaint ¶ 13.)

On March 30, 1999, Plaintiff's employment with McKesson terminated. (Complaint ¶¶ 1, 30, 63.) All unpaid severance, vacation, disability, and back pay became due on March 30, 1999. (Complaint ¶ 31.)

On November 24, 1999, Plaintiff filed an Employee Retirement Income Security Act ("ERISA") Class Action against McKesson in the United States District Court, Northern District of California. (Complaint ¶¶ 48, 67.) Plaintiff Chang was the class representative in *Chang v. McKesson HBOC*. (Complaint ¶ 48.) Plaintiff's counsel in the class action, Peter Myers, made written requests to Defendant McKesson indicating that it was a violation of ERISA to demand waiver from Plaintiff in order to obtain severance pay and that waiver was overly broad requiring

1
Defendant's Motion to Dismiss – Case No. C 07-3981 MJJ

1  Plaintiff to waive all claims. (Complaint ¶ 48.) In April 1999, Plaintiff sought representation for
2  her wrongful termination claim. (Complaint ¶ 60.) After several meetings with her counsel,
3  Plaintiff's counsel made the decision to proceed with the ERISA class action, but was unable to
4  represent Plaintiff on her individual claims of wrongful termination and fraud against Defendant
5  due to conflict of interest. (Complaint ¶ 61.) Although Plaintiff's counsel was unable to
6  represent her on her individual claims against McKesson, Plaintiff's counsel made verbal [sic]
7  and written requests and appeals from February 2000 through March 2001 on behalf of Plaintiff
8  for the severance pay. (Complaint ¶ 62.) McKesson denied Plaintiff's written and hearing
9  requests for the severance pay, and Plaintiff's counsel advised her that all revenues [sic] in
10 obtaining the severance pay had been exhausted. (Complaint ¶ 65.) Plaintiff believed the only
11 alternative was to set aside the individual claims of wrongful termination and fraud until after the
12 ERISA Class Action concluded. (Complaint ¶ 65.) Between April 1999 and March 2007,
13 Plaintiff made numerous requests, appeals, and demands for severance pay from McKesson
14 HBOC, Inc. Severance Plan SPD. (Complaint ¶¶ 34, 55.)

Plaintiff then filed her Complaint in the present action in the Superior Court of the State of California, San Francisco County, on or about June 28, 2007. (*See,* Complaint, attached as Exhibit 1 to McKesson's Request for Judicial Notice.) In her present Complaint, she alleges causes of action for breach of implied contract (First), wrongful termination (Second), fraud (Third), negligent intentional [sic] infliction of emotional distress (Fourth), violation of fundamental due process and equal protection rights (Fifth), and equitable tolling of the statute of limitations (Sixth).

### III. LEGAL AUTHORITY

#### A. The Standard For A Motion To Dismiss Pursuant To Fed.R.Civ. Proc. 12(b)(6).

Pursuant to Fed. R. Civ. Proc. 12(b)(6), a court may dismiss a complaint or cause of action for failure to state a claim upon which relief can be granted. Dismissal with prejudice is appropriate if the facts pled do not support a claim for relief, even assuming the allegations to be

1  true, or if there is a lack of cognizable legal theory. *Conley v. Gibson*, 335 U.S. 41, 45-46
2  (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). In
3  making this determination, "all allegations of material fact are taken as true and construed in the
4  light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-
5  338 (9th Cir. 1996). Although the court must assume that the allegations of a Plaintiff's
6  complaint are true, the court is not required "to accept as true conclusory allegations ... or
7  unreasonable inferences." *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp.
8  711, 719 (C.D. Cal. 1993) (quoting text); *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648,
9  654 (7th Cir. 1984) (stating that "a complaint still must contain either direct or inferential
10 allegations respecting all the material elements necessary to sustain a recovery under *some* viable
11 legal theory," quoting, *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981).)
12 Nor does the Court need to assume Plaintiff can prove different facts from those she has alleged.
13 *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526
14 (1983). Rather, to survive a motion to dismiss, the plaintiff must state a claim based on well
15 pleaded factual allegations. *Western Mining Council v. Wyatt*, 643 F.2d 618, 624 (9th Cir. 1981)
16 ("We do not, however, necessarily assume the truth of legal conclusions merely because they are
17 cast in the form of factual allegations.")
18     A complaint should be dismissed for failure to state a claim if "it appears beyond doubt
19 that the plaintiff can prove no set of facts in support of his claim which would entitle him to
20 relief." *Conley*, 355 U.S. at 45-46. For the reasons discussed below, Plaintiff has failed to assert
21 facts sufficient to state claims against Defendant upon which relief can be granted, and no
22 amendment can make her claims viable as she cannot overcome the limitations periods that have
23 already passed. When amendment would be futile, dismissal may be ordered with prejudice.
24 *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988). Therefore, Plaintiff's claims must be
25 dismissed with prejudice and without leave to amend.

### B. The Statutes Of Limitations Bar Is A Proper Basis For A Fed.R.Civ. Proc. 12(b)(6) Motion.

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time barred. *Babich v. Cadillac Fairview/California, Inc.*, 1996 U.S. Dis. Lexis 20734 (C.D. Cal. Feb 6, 1996); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir 1980) (where the complaint on its face discloses an absolute defense or bar to recovery, such as the running of the statute of limitations, a motion to dismiss for failure to state a claim lies). *See also, Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041, n. 4 (10th Cir. 1980) (where a complaint shows on its face that the applicable statute of limitations has expired, a motion to dismiss for failure to state a claim is appropriate). On the other hand, where the running of the statute cannot be determined from the face of the complaint (and the plaintiff can establish a set of facts establishing the timeliness of the claim), a motion for summary judgment is the proper procedure. *Woods v. Asset Resources*, 2006 U.S. Dist. Lexis 94325 (E.D. Cal. 2006); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). A motion to dismiss based on the running of the statute of limitations may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Woods*, 2006 U.S. Dist. Lexis 94325 at *41-42.

Here, a motion to dismiss is proper because, as outlined below, the running of the statutes of limitations is evident from the face of the Complaint. In the event this Court determines that this motion is not properly brought under F.R.C.P. 12(b)(6), this Court has discretion to generally permit this pre-answer motion. Although Rule 12(b) enumerates specific pre-answer motions, district courts have discretion to permit other, unenumerated pre-answer motions. *International Ass'n of Entrepreneurs of America v. Angoff*, 58 F.2d 1266, 1271 (8th Cir 1995), cert. denied. 516 U.S. 1072 (1996). A motion to dismiss will not generally be rejected merely because it fails to specify which particular Rule it invokes. *See, Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.2d 1423, 1429 (7th Cir. 1996).

### C. Plaintiff's Alleged Causes Of Action Fail To State A Claim Upon Which Relief Can Be Granted As They Are Barred By The Statute Of Limitations.

Plaintiff's Complaint contains causes of action for: (1) breach of implied contract (Complaint ¶¶ 13-34); (2) wrongful termination (Complaint ¶¶ 35-42); (3) fraud (Complaint ¶¶ 43-53); (4) negligent intentional [sic] infliction of emotional distress (Complaint ¶ 54); and (5) violation of fundamental due process and equal protection rights (Complaint ¶ 55). As evident from the face of the Complaint, Plaintiff's employment with McKesson ended on March 30, 1999 (Complaint ¶¶ 1, 30, 63), and Plaintiff did not file the present Complaint until June 29, 2007, over eight years after Plaintiff's termination date. Plaintiff's causes of action fail to state a claim upon which relief can be granted as the applicable statutes of limitations expired well before Plaintiff filed her Complaint.

#### 1. Plaintiff's First Cause of Action for Breach of Implied Contract Fails as a Matter of Law.

Plaintiff's first cause of action for breach of implied contract is subject to a four-year statute of limitations. Cal. Code of Civ. Proc. §337(1); *see also, Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991). The statute of limitations in contract actions normally accrues at the time of breach, which in employment cases, means the time performance is due. *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 488 (1996). Plaintiff claims that all unpaid severance, vacation, disability, and back pay became due on March 30, 1999, the date of Plaintiff's termination. (Complaint ¶¶ 1, 30, 31, 63.) She further alleges that Defendant breached its implied contract by unlawfully denying Plaintiff's rights to the severance plan starting March 30, 1999. (Complaint ¶ 34.) Based on the four-year limitations period for breach of implied contract, Plaintiff was required to file her breach of implied contract no later than March 30, 2003. As this cause of action was not brought until over four years later, it is untimely and should be dismissed under Rule 12(b)(6).

### 2. Plaintiff's Second Cause of Action for Wrongful Termination Fails as a Matter of Law.

Plaintiff's second cause of action for wrongful termination is subject to the two-year limitations period prescribed by C.C.P. §335.1. *See*, C.C.P. §335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.") The cause of action accrues at the time of actual termination rather than an earlier date when the employee was notified of his or her termination. *See, Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 501 (1996). Here, as Plaintiff acknowledges that she was terminated on March 30, 1999 (Complaint ¶¶ 1, 30, 36, 63), the two-year limitations period for wrongful termination began accruing on March 30, 1999 and expired on or about March 30, 2001. As Plaintiff failed to bring her wrongful termination claim until over six years later, it is untimely and should be dismissed.

California law also allows a wrongful termination claim to be pleaded as a breach of contract claim. *See, Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988). In the event that Plaintiff is trying to characterize her wrongful termination as a breach of contract claim, such claim is subject to the statute of limitations governing breach of contract actions. *See Hinton v. Pacific Enterprises*, 5 F.3d 391, 394 (9th Cir. 1993). As outlined in Section III(C)(1), even if Plaintiff is given the longer four-year limitations period applicable to breach of implied contract claims, she is still untimely in bringing her cause of action. Accordingly, Plaintiff's wrongful termination claim should be dismissed.

### 3. Plaintiff's Third Cause of Action for Fraud Fails as a Matter of Law.

Plaintiff's third cause of action for fraud is subject to a three year limitations period. C.C.P. §338(d). A cause of action for fraud "is not...deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." C.C.P. §338(d); *see, Magpali v. Farmers Group, Inc.*, 49 Cal.App.4th 471, 484 (1996). Plaintiff asserts that during the March 30, 1999 termination meeting, she was given the McKesson Severance

Plan and fraudulently and coercively requested to sign the "WAIVER AND GENERAL RELEASE OF CLAIMS" in order to qualify to receive the severance payment. (Complaint ¶¶ 43, 46.) According to Plaintiff's pleading, therefore, Plaintiff's cause of action for fraud accrued on March 30, 1999, meaning the three-year limitations period expired on or about March 30, 2002. Therefore, Plaintiff's claim for fraud is barred as it was not brought within the applicable limitations period.

4. **Plaintiff's Fourth Cause of Action for "Negligent Intentional" [sic] Infliction of Emotional Distress Fails as a Matter of Law.**

Plaintiff's fourth cause of action is for "negligent intentional [sic] infliction of emotional distress." (Complaint ¶ 54.) Regardless of whether Plaintiff is trying to plead this cause of action as intentional infliction of emotional distress or negligent infliction of emotional distress, the same statutory period applies. *See, Grywczynski v. Shasta Beverages, Inc.*, 606 F.Supp. 61, 66-67 (N.D. Cal. 1984). Negligent and intentional infliction of emotional distress are subject to the two year limitation period under C.C.P. §335.1.[1] The statute of limitations for intentional and negligent infliction of emotional distress runs from the date of the allegedly wrongful conduct causing plaintiff to suffer severe emotional distress. *See, Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 484 (1996).

In the present case, Plaintiff claims that starting from April 1996 through March 1999, Plaintiff was discriminated against by Defendant. (Complaint ¶54.) She claims that within a few months from filing her grievance and appeal with management, she "was laid off wrongfully by the Vice President Tom Von, and Division Managers Donna Draher and Tom Puthuff, knowing Plaintiff suffered from migraine and tension headaches caused by employment related stress." (Complaint ¶ 54.) Plaintiff further claims that McKesson's breach of its fiduciary duty requiring it to grant Plaintiff's requests for severance pay was the direct and proximate cause of Plaintiff's emotional distress. (Complaint ¶ 54.) Therefore, Plaintiff's claim for emotional distress began

---

[1] Actions for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be brought within two years after accrual of the action.

to run, at the latest, on March 30, 1999 (the date Plaintiff claims Defendant began unlawfully denying Plaintiff her right to the severance pay, Complaint ¶ 34), and expired two years later on or about March 30, 2001. Accordingly, her fourth cause is untimely as it was not brought until over six years later.

     5.     **Plaintiff's Fifth Cause of Action for Violation of Due Process and Equal Protection Rights Fails as a Matter of Law.**

          a.     **The Fifth Cause of Action is Duplicative of the First, Second, Third and Fourth Causes of Action.**

Plaintiff's fifth cause of action for Violation of Due Process and Equal Protection Rights under the Fifth and Fourteenth Amendments of the United States Constitution should be dismissed because this cause of action is duplicative of Plaintiff's first, second, third and fourth causes of action. In her fifth cause of action, Plaintiff claims Defendant consistently denied Plaintiff's due process and equal protection rights by wrongfully terminating her and withholding her severance pay. (Complaint ¶ 55.) She further claims that her numerous requests to Defendant for severance pay between April 1999 and March 2007 were all denied by Defendant and intended to deprive Plaintiff of her due process and equal protection rights. (Complaint ¶ 54.) These allegations are duplicative of Plaintiff's first cause of action (breach of implied contract) and second cause of action (wrongful termination). As outlined above, such causes of action fail to meet the applicable limitations period. Thus, Plaintiff's fifth cause of action should similarly be dismissed.

          b.     **The Fifth Cause of Action Fails to State a Claim Because No State Action is Involved.**

Not only does Plaintiff's fifth cause of action fail for statute of limitation reasons, but the Equal Protection Clause applies only to state action, and not to private conduct. *Gabaldon v. United Farm Workers Organizing Committee*, 35 Cal.App.3d 757, 762 (1973); *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988); *Brentwood Academy v. Tennessee Secondary School*, 531 U.S. 288 (2001). State action may be found if there is such a "'close nexus between the State and the challenged action' that seemingly private behavior 'may be

8

Defendant's Motion to Dismiss– Case No. C 07-3981 MJJ

fairly treated as that of the State itself.'" *Brentwood Academy*, 531 U.S. at 295, citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Plaintiff's Complaint is devoid of a single fact sufficient to demonstrate "state action." Plaintiff does not allege, nor can she, that there is any state action or a close nexus between the state and private action in this case. For this additional reason, Plaintiff's Complaint does not state a claim for violation of equal protection rights against Defendant.

### D. Equitable Tolling Does Not Save Plaintiff's Failure To Comply With The Limitations Periods.

Plaintiff's sixth cause of action for equitable tolling of the statute of limitations (Complaint ¶¶ 56-72) fails for two primary reasons. First, Plaintiff's claim fails because she consulted with an attorney about her claims in this Complaint. Second, Plaintiff cannot allege ignorance of the law to excuse her own negligence in failing to comply with the applicable limitations periods.

#### 1. Plaintiff's Equitable Tolling Claim Fails as she Consulted with an Attorney.

Equitable tolling cannot be used to overcome a Plaintiff's statute of limitations problems if the Plaintiff consulted with an attorney about her allegations in the Complaint. "[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002), citing to *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47-48 (2nd Cir. 1978) (tolling inappropriate where plaintiff represented by counsel). *See also, Hemmings v. University of Arizona*, 1999 U.S. App. Lexis 8725 at *4 (9th Cir. 1999) (Court found equitable tolling, based on Hemmings' excusable ignorance of the limitations period, not available because Hemmings consulted with an attorney and was represented by counsel for almost all of the limitations period).

In the present case, Plaintiff admitted consulting with an attorney as early as April of 1999 about her individual claims. (Complaint ¶¶ 60, 61.) Plaintiff admitted that her counsel made the decision to proceed with the ERISA class action instead of Plaintiff's individual claims. (Complaint ¶ 61.) In addition, Plaintiff acknowledged that her counsel still made verbal and written requests and appeals on her behalf for her alleged severance pay from February 2000 through March 2001. (Complaint ¶ 62.) Therefore, as Plaintiff clearly consulted with an attorney on numerous occasions about her claims, equitable tolling is not available to her.

  2. Plaintiff's Equitable Tolling Claim Fails as she Cannot Use Negligence and her Ignorance as an Excuse.

Plaintiff's equitable tolling claim also fails because she cannot assert ignorance of the law as an excuse for failing to comply with the applicable limitations periods. Even a *pro se* petitioner cannot simply allege "ignorance of the law" as a reason for claiming equitable tolling of the statute of limitations. See, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" of a habeas petition); *see also, Blackhurt v. Pugh*, 65 Fed.Appx. 103 (9th Cir. 2003) (Blackhurst, a state prisoner, was not entitled to equitable tolling of the statute of limitations because he submitted no evidence and made no allegation that his ignorance of the filing deadline was caused by circumstances beyond his control). Furthermore, in *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), the Court held that equitable tolling did not apply since the plaintiff knew or should have known of the possible existence of a disability discrimination claim as early as the very day he was fired because he knew factors such as: he had a mental disability, he knew that PacBell knew he had a mental disability; and he knew he had been on leave from PacBell for that disability.

Just as Plaintiff cannot assert ignorance of the law as a reason for claiming equitable tolling of the limitations period, equitable tolling is not available to avoid the consequences of one's own negligence. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998). "The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it

has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the state of limitations was not complied with because of *defective pleadings*, when a claimant was *tricked by an adversary* into letting a deadline expire, and when the [agency's written] *notice of the statutory period was clearly inadequate*. Courts have been generally unforgiving, however, when a late filing is due to claimant's own failure 'to exercise due diligence in preserving his legal rights.'" *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (emphasis added).

Here, Plaintiff claims that her counsel in the ERISA class action advised her that "all revenues [sic] in obtaining the severance pay had been exhausted," and Plaintiff consequently believed that her only alternative was to set aside her individual claims of wrongful termination and fraud until after the ERISA class action concluded. (Complaint ¶ 65.) Plaintiff's ignorance of the law and mistaken reliance on her counsel's advice does not entitle her to use the equitable tolling defense to excuse her failure to comply with the limitations periods.

### E. Plaintiff's Complaint Should Be Dismissed Without Leave To Amend.

A court should deny leave to amend a complaint when it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). Here, there is no doubt that the Complaint is deficient in that none of the alleged causes of action can satisfy the requisite limitations periods. The limitations periods of Plaintiff's alleged causes of action expired between four and six years ago. Because the defect appears on the face of the complaint, there is no doubt that these deficient allegations cannot be cured by amendment. Accordingly, dismissal should be granted without leave to amend.

11
Defendant's Motion to Dismiss– Case No. C 07-3981 MJJ

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion to Dismiss be granted, and that Plaintiff's Complaint be dismissed with prejudice, as no further amendments can cure the deficiencies in Plaintiff's Complaint.

DATED: August 9, 2007

SEYFARTH SHAW LLP

By _/s/ Allison B. Moser_
Patricia H. Cullison
Allison B. Moser
Attorneys for Defendant
MCKESSON CORPORATION, formerly known as MCKESSON HBOC, INC.