SEYFARTH SHAW LLP
Patricia H. Cullison (SBN 101636) pcullison@seyfarth.com
Allison B. Moser (SBN 223065) amoser@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
MCKESSON CORPORATION,
formerly known as MCKESSON HBOC, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MCKESSON HBOC, INC., et al.<br><br>　　　　Defendants. | Case No. C 07-3981 MJJ<br><br>**DEFENDANT MCKESSON CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: September 18, 2007<br>Time: 9:30 a.m.<br>Judge: Honorable Martin J. Jenkins<br>Dept./Place: Courtroom 11, 19th Floor |

I.  **INTRODUCTION**

　　Plaintiff Christine Chang's opposition to Defendant's Motion to Dismiss does not offer any valid, legally supportable arguments to refute the points raised in Defendant's moving papers. She does not attempt to refute that the statutes of limitations have run on all her causes of action. Rather, she relies only on her equitable tolling argument to try to save them. But she fails. She concede she knew of her potential claims back in 1999, and consulted with an attorney about them. But she fails to articulate any legally cognizable basis for failing to pursue them then.

1

Defendant's Reply ISO Motion to Dismiss – Case No. C 07-3981 MJJ

Accordingly, Defendant respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b), the Court dismiss Plaintiff's Complaint in its entirety as a matter of law.

## II. LEGAL ARGUMENT

### A. Plaintiff Cannot Overcome The Defects In Her Equitable Tolling Claim.

Plaintiff's Opposition to Defendant's Motion to Dismiss makes a blanket assertion that the statute of limitations for each cause of action is "tolled," and therefore Defendant's 12(b)(6) motion to dismiss "does not apply." (Pl's Opp., 7:12-8:11.) Plaintiff claims that the statutes of limitation for her individual claims were tolled from March 30, 1999 until May 3, 2007 based on equitable tolling. (Pl's Opp., 7:7-10; 8:12-9:23.) Plaintiff's arguments in support of her equitable tolling claim are misplaced. First, Plaintiff's alleged conflict of interest based on the pending ERISA class action is a fiction. Any conflict was her attorney's; not hers. Second, Defendant did not mislead Plaintiff, and Plaintiff cannot establish any extraordinary circumstances that prevented her from asserting her rights. Lastly, Plaintiff's further acknowledgment that she consulted with an attorney about her individual claims bars her from even asserting an equitable tolling claim.

#### 1. Plaintiff's Claim That She Could Not Pursue Her Individual Claims Because Of The Pending ERISA Class Action Is Meritless.

Plaintiff admits that she sought representation from an attorney in April 1999 for wrongful termination, fraud, and breach of fiduciary duty in managing the Employee Retirement Income Security Accounts (ERISA). (Pl's Opp., 3:13-16.) She claims that her counsel proceeded with an ERISA class action, but was unable to represent Plaintiff on her individual claims due to a conflict of interest. (Pl's Opp., 3:16-18.) She further admits her counsel "made several inquiries" regarding her severance pay. (Pl's Opp., 3:20-23.) But, then Plaintiff argues that she could not pursue her individual wrongful termination/fraud claims due to a "conflict of interest" because of her role as the named plaintiff in the ERISA class action. But the conflict of interest, if any, was not hers; it was her attorney's. She never articulates a single reason as to why she did not seek advice or representation from another attorney due to this alleged conflict

of interest. Nothing prevented Plaintiff from retaining another attorney in a timely manner to represent her on her individual claims. Alternatively, Plaintiff could have proceeded *in pro per* on her individual claims, just as she chose to do in the present action.

In arguing that she could not file an individual complaint due to her role as the named class representative in the ERISA class action, Plaintiff relies upon *Lerwill v. Inflight Motion Pictures*, 582 F.2d 507 (9th Cir. 1978). (Pl's Opp., 6:20-23.) Plaintiff's reliance on *Lerwill* is entirely misplaced. The case involved the defendant's challenge of the trial court's determination that the action was properly maintainable as a class action based on the adequacy of the class representatives, indefinite nature of the class and the superiority of a class action. In affirming the trial court's ruling, the Ninth Circuit held that the named plaintiffs were adequate class representatives and found no conflict between the named representatives and class members. *Lerwill*, 582 F.2d at 512. As the present case does not deal with Plaintiff's adequacy as a class representative in the ERISA class action, Plaintiff's reliance on *Lerwill* is misplaced.

2.   Plaintiff's Argument That Equitable Tolling Applies Because Defendant Actively Mislead Plaintiff And Plaintiff Was Prevented From Asserting Her Rights Is Unfounded.

Plaintiff claims that equitable tolling applies if: "(1) Defendant has actively misled Plaintiff (2) Plaintiff has in some extraordinary way been prevented from asserting her rights." (Pl's Opp., 8:23-9:2.) Plaintiff has not offered any evidence or explanation as to how Defendant's actions or extraordinary circumstances prevented her from pursuing her individual claims in a timely manner.

First, there is no evidence that Defendant actively misled Plaintiff. Plaintiff alleges that Defendant "coerced" Plaintiff to sign a "Waiver and Release" in order to "botch the ERISA Class Action." (Pl's Opp., 8: 18-23.) But, even if true, it has no bearing on this issue. Regardless of whether Plaintiff was coerced into signing a "Waiver and Release," Plaintiff still had the opportunity to, and in fact did, meet with an attorney about her individual claims. (Complaint ¶¶ 60, 61; Pl's Opp., 3:14-22.) As set forth in Defendant's moving papers, this fact bars equitable tolling of the statute of limitations. Plaintiff was fully aware of her individual

claims when she met with an attorney in April 1999, and could have pursued her claims at that time.

Second, the ERISA class action is not an extraordinary circumstance that prevented Plaintiff from filing her individual claims on time. Plaintiff was free to consult with another attorney or proceed in *pro per* on her individual claims. Thus, as there is no evidence that Defendant actively misled Plaintiff or that Plaintiff was prevented from pursing her individual claims due to extraordinary circumstances, equitable tolling does not apply.

### 3. Plaintiff's Equitable Tolling Defense Fails Because She Consulted With An Attorney About Her Claims.

Even assuming that Plaintiff's broad assertions regarding the applicability of equitable tolling are true, her reliance on this defense fails because she consulted with an attorney. Plaintiff admits in her Complaint and Opposition that she consulted with an attorney as early as April of 1999 about her individual claims. (Complaint, ¶¶ 60, 61; Pl's Opp., 3:13-16.) The law is clear that equitable tolling is not applicable where a plaintiff is represented by an attorney. *See, Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002); *Hemmings v. University of Arizona*, 1999 U.S. App. Lexis 8725 at *4 (9th Cir. 1999) (equitable tolling not available where plaintiff consulted with an attorney and was represented by counsel for almost all of the limitations period). As Plaintiff concedes that she met with an attorney about her individual claims, she is not entitled to rely upon this defense.

### B. Plaintiff's Opposition Makes No Legal Arguments Establishing How To Otherwise Overcome Her Statute of Limitations Defects.

Other than Plaintiff's blanket assertion that tolling applies to each of Plaintiff's causes of action, she fails to challenge the merits of Defendant's motion that each cause of action fails as a matter of law. Indeed, Plaintiff does not even respond to the specific points raised in Defendant's moving papers concerning the statute of limitations defects. (Pl's Opp., 7:12-8:11.) As equitable tolling is inapplicable for the reasons outlined above, and Plaintiff failed to raise any further arguments regarding the applicable limitations periods, Defendant's Motion to Dismiss should be granted in its entirety.

In support of her general allegation that the statutes of limitations have been tolled, Plaintiff relies on *Franco v. American Gas Laboratories*, 1987 U.S. Dist. Lexis 15221 (C.D. Cal. 1987), and *River Colony Estates General Partnership v. Bayview Financial Trading Group, Inc.*, 287 F.Supp.2d 1213 (S.D. Cal. 2003). Both cases are inapplicable and distinguishable from the present case. First, Plaintiff cites to *Franco* for the proposition that Plaintiff was not qualified to receive severance pay unless she signed the "Waiver and General Release." (Pl's Opp., 6:8-13.) In *Franco*, the court held that it should not extend federal common law to toll the statute of limitations because of plaintiff's mental impairment, and further held that the alleged fraud claimed by plaintiff did not toll the statute of limitations because there was no evidence that it was responsible for Plaintiff's failure to file a timely claim. Here, Plaintiff has not raised mental impairment as an argument for tolling the limitations period, and has not demonstrated that fraud was responsible for her failure to timely file the present action. Even if she had, fraud does not help her; it supports Defendant's position. Moreover, Plaintiff admitted that she was aware of her individual claims in April of 1999. Second, Plaintiff relies on *River Colony* in support of her argument that she was denied severance pay because of her failure to execute the "Waiver and General Release." (Pl's Opp., 6:13-19.) Plaintiff's reliance on *River Colony* is similarly misplaced as it does not support the proposition for which it was cited. There, the Court partially granted defendant's summary judgment on its fraudulent concealment claim by holding that the facts did not justify tolling the statute of limitations because plaintiffs could not meet the elements of fraudulent concealment. Again, Plaintiff has cited a case which hurts, rather than helps her.

As Plaintiff has raised no argument disputing the applicable limitations periods, Plaintiff's first, second, third and fourth causes of action should be dismissed as they are barred by the statute of limitations. In addition, Plaintiff's fifth cause of action should be dismissed as it is duplicative of the first four causes of action, and fails to allege state action.

### C. Defendant's Motion To Dismiss Should Not Be Converted Into A Summary Judgment Motion.

Plaintiff's attempt to convert Defendant's Rule 12(b)(6) Motion to Dismiss into a motion for summary judgment and/or adjudication under Rule 56(d) should be disregarded as matters outside of the Complaint should not be considered on a motion to dismiss and no amount of evidence can cure Plaintiff's complaint of its deficiencies. Unless the court converts the Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which a court may take judicial notice, the court cannot consider material outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Paulsen v. CNF, Inc.*, 391 F.Supp.2d 804, 807 (ND CA 2005). The district court must take some affirmative action to effectuate conversion from a motion to dismiss to a motion for summary judgment. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

Plaintiff cites to Federal Rules of Civil Procedure Rule 56(d) as the basis for bringing her opposition. (Pl's Opp., 1:2-13.) Plaintiff attaches three exhibits to her opposition allegedly in support of her factual allegations. The content of each of Plaintiff's three exhibits has already been referenced in Plaintiff's Complaint.[1] Courts can look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), citing to *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 (1st Cir. 1991). Because Plaintiff's exhibits do not raise matters beyond the allegations in her Complaint, this motion (which was properly brought as a Rule 12(b)(6) motion since it did not contain matters outside of the Complaint) should not be converted into a motion for summary judgment.

---

[1] Plaintiff's Exhibit 1.1 is referenced at pages 4:1-5, 7:22-8:2, and 9:3-9. Plaintiff's Exhibit 2.2 is referenced at pages 17:25-18:8. Plaintiff's Exhibit 3.3 is referenced at page 20:14-20.

1 | Regardless of whether Defendant's Motion to Dismiss is treated as a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary judgment and/or adjudication, Plaintiff's Complaint still suffers from the same deficiencies. Plaintiff's allegations in her opposition to Defendant's Motion to Dismiss, and the exhibits attached thereto, are irrelevant as they have absolutely no bearing on the statute of limitations claims at issue in Defendant's Motion to Dismiss. Where the documents do not support plaintiff's claim, the complaint may be dismissed for failure to state a valid claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Unrepresented plaintiffs are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### D. Plaintiff's Opposition Should Not Be Considered By The Court As It Was Untimely Filed and Served.

Lastly, Plaintiff's Opposition to Defendant's Motion to Dismiss should not even be considered by this Court as it is not timely. Per this Court's standing orders, "Any document sought to be filed with the Court after the required time, or in an improper manner or form, shall not be considered by the Court." *See,* Judge Martin J. Jenkins Standing Order No. 8. In addition, the Northern District's Local Rules state that, "A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." N.D. L.R. 3-9.

On August 9, 2007, Defendant filed its motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint. Declaration of Allison B. Moser ("Moser Decl.") filed in support of Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, ¶ 2. The motion and all accompanying documents were duly served upon Plaintiff. Moser Decl., ¶ 3. The hearing date for the Motion to Dismiss was set for September 18, 2007. Plaintiff's opposition to the motion was therefore due on August 28, 2007. Civil Local Rules 7-3(a) ("Any

opposition to a motion must be served and filed not less than 21 days before the hearing date.") To serve by mail, Friday, August 24, 2007 was the last day to serve the opposition. Civil Local Rules 5-5(a)(2) ("If the serving party elects to send the pleading or paper by mail, it must be mailed 3 days before the due date...") Although Plaintiff's proof of service reflects that she served Defendant on August 27, 2007 via regular mail, her envelope to Defendant was postmarked August 28, 2007 (four days after the date required for service by mail). Moser Decl., ¶ 4. Defendant did not receive Plaintiff's opposition until August 29, 2007. Moser Decl., ¶ 5. Plaintiff did not file her opposition and supporting declaration with the Court until August 30, 2007. Moser Decl., ¶ 6.

Because Plaintiff's opposition was untimely served and filed, the Court may refuse to consider it. Accordingly, Defendant's motion may be considered unopposed, and should be granted on that basis.

### III.  CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety, and that Plaintiff's Complaint be dismissed with prejudice, as no further amendments can cure the deficiencies in Plaintiff's Complaint.

DATED: September 4, 2007                    SEYFARTH SHAW LLP


                                            By /s/ Allison B. Moser
                                               Patricia H. Cullison
                                               Allison B. Moser
                                            Attorneys for Defendant
                                            MCKESSON CORPORATION, formerly
                                            known as MCKESSON HBOC, INC.