IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG, | No. C07-03981 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND IN PART** |
| v. | |
| MCKESSON HBOC, INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion To Dismiss.[1]  For the following reasons, the Court **GRANTS** the Motion **WITH LEAVE TO AMEND IN PART**.

## FACTUAL BACKGROUND

The material allegations of Plaintiff Christine Chang's complaint ("Complaint") are as follows.

Plaintiff began working for Defendant McKesson HBOC Inc. on October 16, 1995. Defendant terminated Plaintiff's employment on March 30, 1999.  Plaintiff learned that her employment was terminated during a meeting between herself and one of Defendant's vice presidents.  On Plaintiff's last day of employment for Defendant, March 30, 1999, all severance,

---

[1] Docket No. 10. Although *pro se* Plaintiff filed her opposition to Defendant's Motion to Dismiss one day late, the Court, in its discretion, chooses to address the motion on its merits. Additionally, on September 17, 2007, the day prior to the scheduled hearing on this Motion, Plaintiff filed an unauthorized surreply. The Court considered Plaintiff's surreply and finds that it fails to change the Court's disposition.

vacation, disability, and back pay became due.

In April 1999, Plaintiff consulted with an attorney regarding the circumstances surrounding her termination. As a result, Plaintiff became the named representative in a class action suit against Defendant. That class action was filed on November 24, 1999.

On June 29, 2007, Plaintiff filed the Complaint in the present case against Defendant in the San Francisco Superior Court. The six causes of action pleaded in the Complaint are (1) breach of implied contract; (2) wrongful termination; (3) fraud; (4) negligent or intentional infliction of emotional distress; (5) a violation of constitutional rights; and (6) equitable tolling.[2]

On August 2, 2007, Defendant filed a notice of removal from the San Francisco Superior Court. Defendant now seeks to dismiss Plaintiff's Complaint in its entirety because Plaintiff failed to allege state action in regards to the fifth cause of action, and because the relevant statutes of limitations corresponding to the non-constitutional causes of action have expired. Plaintiff does not dispute that Defendant is not a state actor, nor that the statutes of limitations have run, but does argue that the statutory periods should be tolled.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

---

[2] Plaintiff has referred to equitable tolling in the Complaint as though that concept constitutes a sixth cause of action. The Court understands equitable tolling not as a claim, but as a justification for untimely filing, and it will therefore be so construed.

2

1  Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is
2  more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127
3  S.Ct. 1955, 1974 (2007).

4  If a court finds a plaintiff's claims barred by the statute of limitations, and grants a motion to
5  dismiss on that ground, it is then proper for a district court to grant leave to amend to allow a
6  plaintiff to state any claims that are not time-barred. *See Udom v. Fonseca,* 846 F.2d 1236, 1237
7  (9th Cir. 1988). Before a district court can dismiss a *pro se* litigant's complaint, the court must
8  provide the litigant with notice of the deficiencies and an opportunity to amend the complaint
9  effectively. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992).

## ANALYSIS

### A. Plaintiff's Constitutional Claim is Not Adequately Pleaded.

Plaintiff's fifth cause of action alleges that Defendant violated Plaintiff's Equal Protection and Due Process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995).

The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1995) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Defendant asserts that Plaintiff fails to allege state action in the Complaint, as is required to

3

bring a claim alleging a violation of Plaintiff's due process or equal protection. *Lugar v. Edmonson Oil Co., Inc.,* 457 U.S. 922, 924 (1982). The Court agrees, and therefore **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's claim of a violation of the Fifth and Fourteenth Amendments of the United States Constitution **WITHOUT LEAVE TO AMEND**.

### B. Plaintiff has Failed to Adequately Plead the Remaining Claims because the Relevant Statutes of Limitations have Expired.

Defendant asserts that because the applicable statutes of limitations have expired for each of Plaintiff's claims, the Complaint should be dismissed. Plaintiff does not contest that the statutory periods have expired.

"If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss based on the running of the statute of limitations may be properly granted so long as the complaint does not raise an issue as to whether the plaintiff could demonstrate that the statute of limitations had been tolled. *Id.*

The statute of limitations for Plaintiff's first cause of action, breach of implied contract, is four years. CAL. CIV. PROC. CODE § 337(1). In the present case, this statutory period began to run when Defendant terminated Plaintiff's employment. *See Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 488-89 (1996). Plaintiff's employment was terminated on March 30, 1999. (Complaint ¶ 30.) Therefore, Plaintiff's claim of breach of implied contract began to run on March 30, 1999, and expired on March 30, 2003.

The statute of limitations for Plaintiff's second cause of action, wrongful termination, is two years. CAL. CIV. PROC. CODE § 335.1. Under California law, a claim for wrongful termination is a tort claim which accrues when employment is terminated. *Romano,* 14 Cal.4th at 500-01. Plaintiff's employment was terminated on March 30, 1999. (Complaint ¶ 36.) Therefore, Plaintiff's claim of wrongful termination began to run on March 30, 1999, and expired on March 30, 2001.

The statute of limitations for Plaintiff's third cause of action, fraud, is three years. CAL. CIV. PROC. CODE § 338(d). "Under the California statute of limitations for fraud, the three-year period does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the

4

1  fraud." *Jablon,* 614 F.2d at 682.  Plaintiff's claim of fraud arises out of the events on the day her
2  employment was terminated, March 30, 1999.  (Complaint ¶ 43.)  Therefore, Plaintiff's claim of
3  fraud began to run on March 30, 1999, and expired on March 30, 2002.

4  Plaintiff's fourth claim, negligent intentional infliction of emotional distress, can be
5  understood as either a claim of negligent infliction of emotional distress or intentional infliction of
6  emotional distress.  Both causes of action have a two year statute of limitations period.  CAL. CIV.
7  PROC. CODE § 335.1.  Plaintiff alleges that the injurious conduct supporting this claim occurred
8  between April 1996 and March 1999.  (Complaint ¶ 54.)  The last applicable day of this injurious
9  conduct was in March 1999.  Therefore, this claim, even if based on the most recent alleged events,
10 expired in March 2001.

11 Plaintiff does not contest Defendant's asserted statutes of limitations pertaining to the claims
12 alleged in the Complaint, nor does Plaintiff argue that the relevant statutory periods have not
13 expired.  Therefore, this Court agrees that on the face of the Complaint, the statutes of limitations for
14 all of Plaintiff's non-constitutional causes of action have expired.

### B.    Plaintiff is Not Entitled to Equitable Tolling.

16 Plaintiff asserts that equitable tolling of each of the applicable statutes of limitations justifies
17 her delay in bringing the present suit.  (Complaint ¶¶ 56-57.)  Defendant contends that facts alleged
18 in the Complaint bar equitable tolling.

19 The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations.  *See*
20 *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995).  "Because the applicability of the
21 equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally
22 amenable to resolution on a Rule 12(b)(6) motion.'"  *Id.* at 1206 (citing *Cervantes v. City of San*
23 *Diego,* 5 F.3d 1273, 1276 (9th Cir. 1993)).  If equitable tolling depends on a factual question not
24 clearly resolved in the pleadings, a dismissal is not appropriate.  *See Supermail Cargo, Inc.*, 68 F.3d
25 at 1207; *Cervantes,* 5 F.3d at 1277.  The Ninth Circuit has "upheld dismissals in a handful of cases
26 despite a claim of equitable tolling.  However, in each of these unusual cases, some fact, evident
27 from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a
28 matter of law, on the equitable tolling issue." *Cervantes,* 5 F.3d at 1276.  To dismiss under Rule

12(b)(6) despite an equitable tolling claim, a court must find that a plaintiff can prove no set of facts which would allow that plaintiff to prevail. *See Supermail Cargo, Inc.*, 68 F.3d at 1208; *Jablon,* 614 F.2d at 682.

A court may equitably toll a statute of limitations if (1) plaintiff's failure to comply with the statute of limitations was the result of excusable ignorance and (2) the defendant will not suffer prejudice. *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). Equitable tolling will extend the statute of limitations where a reasonable plaintiff would not have known of the existence of a possible claim until a later date. *Id.* "Equitable tolling requires that [the plaintiff] was excusably ignorant of the limitations period." *Stallcop v. Kaiser Foundation Hospitals,* 820 F.2d 1044, 1050 (9th Cir. 1987). *See also Supermail Cargo, Inc.,* 68 F.3d at 1207. In *Stallcop*, the Ninth Circuit found that "the district court correctly held that there was no factual basis for applying equitable modification to the limitations period." 820 F.2d at 1050. In *Stallcop*, the plaintiff consulted with an attorney regarding her claims before the statute of limitations had run. The court held that plaintiff's legal consultation negated excusable ignorance because the plaintiff "gained the 'means of knowledge' of her rights and can be charged with constructive knowledge of the law's requirements." *Stallcop,* 820 F.2d at 1050.

In the present case, the face of the Complaint demonstrates that Plaintiff is not entitled to equitable tolling.[3] The Complaint states that Plaintiff sought, and consulted with, an attorney pertaining to her alleged injury in April 1999. (Complaint ¶¶ 60-61.) The Complaint explains that this attorney worked with Plaintiff on a class action suit against Defendant, but was unwilling to provide additional representation regarding Plaintiff's potential individual claims. (Complaint ¶ 62.)

The Court finds that this case constitutes an unusual case which presents facts on the face of the Complaint demonstrating not only that the statutes of limitations have run, but also that Plaintiff is not entitled to tolling of the statutory periods. Plaintiff is not entitled to equitable tolling because, during the relevant period of time, Plaintiff consulted with an attorney regarding her individual

---

[3] Plaintiff's opposition references FED. R. CIV. P. 56(d), and asserts that further proceedings should be ordered in this case. However, this Court can decide the merits of the present motion to dismiss pursuant to Rule 12(b) on the face of the Complaint. Therefore, further proceedings, and a transformation of the motion into one for summary judgment, are not appropriate.

claims stemming from the termination of employment that the present suit arises out of. As a result, Plaintiff gained the means of knowledge of her rights in 1999 and can therefore be charged with constructive knowledge of the law's requirements. As a matter of law, the face of the complaint describes an event that negates an equitable tolling argument. Therefore, Plaintiff is not entitled to equitable tolling of the applicable statutes of limitations.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion **WITH LEAVE TO AMEND** on Plaintiff's first, second, third, and fourth causes of action. Although *pro se* Plaintiff cannot plead equitable tolling with the facts alleged, Plaintiff may be able to allege facts sufficient to support equitable estoppel. (See Complaint ¶¶ 56-57.) The Court, therefore, grants Plaintiff leave to amend her first through fourth causes of action accordingly. Plaintiff shall file an amended complaint not later than thirty days from the entry of this Order. Additionally, the Court **GRANTS** the Motion **WITHOUT LEAVE TO AMEND** on Plaintiff's fifth cause of action alleging a violation of due process and equal protection.

**IT IS SO ORDERED.**

Dated: September 19, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE