1   SEYFARTH SHAW LLP
    Patricia H. Cullison (State Bar No. 101636)
2   pcullison@seyfarth.com
    Allison B. Moser (State Bar No. 223065)
3   amoser@seyfarth.com
    560 Mission Street, Suite 3100
4   San Francisco, California 94105
    Telephone: (415) 397-2823
5   Facsimile: (415) 397-8549

6   Attorneys for Defendants
    MCKESSON CORPORATION, formerly
7   known as MCKESSON HBOC, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  CHRISTINE H. CHANG,                  )   Case No.  C 07-3981 MJJ
                                         )
12          Plaintiff,                   )   **DEFENDANT MCKESSON
                                         )   CORPORATION'S MOTION TO
13      v.                               )   DISMISS AMENDED COMPLAINT**
                                         )
14  MCKESSON HBOC, INC; MCKESSON         )   **[Fed. Rule Civ. Proc. 12(b)(5), 12(b)(6)]**
    HBOC CEO JOHN HAMMERGREN;            )
15  MCKESSON HBOC EXECUTIVE VICE         )   Date: December 4, 2007
    PRESIDENT PAUL KIRINCIC; MCKESSON    )   Time: 9:30 a.m.
16  HBOC SENIOR VICE PRESIDENT JERRY     )   District Court Judge: Honorable Martin J.
    WARREN; MCKESSON HBOC VICE           )   Jenkins
17  PRESIDENT CHRISTOPHER MAHER;         )   Courtroom: 11, 19th Floor
    MCKESSON HBOC VICE PRESIDENT TOM     )
18  VON; MCKESSON HBOC VICE PRESIDENT    )
    TOM CAPIZZI; MCKESSON HBOC           )
19  DIVISION MANAGER DONNA DRAHER;       )
    MCKESSON HBOC DIVISION MANAGER       )
20  TOM PUTHUFF; MCKESSON HBOC           )
    DIVISION MANAGER KEVIN MYRICK;       )
21  MCKESSON HBOC HUMAN RESOURCE         )
    RICH SOUBLET; and DOES 1 through 100,)
22  inclusive,                           )
                                         )
23          Defendants.                  )
                                         )
24  _____  )

25

26

27

28
    _____
    Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................................1

II.  PROCEDURAL BACKGROUND.............................................................................1

III. FACTUAL BACKGROUND .....................................................................................2

IV.  LEGAL AUTHORITY ...............................................................................................3

    A.   The Standard For A Motion To Dismiss Pursuant To Fed.R.Civ. Proc.
        12(b)(6). ............................................................................................................3

    B.   The Statutes Of Limitations Bar Is A Proper Basis For A Fed.R.Civ. Proc.
        12(b)(6) Motion. ..............................................................................................4

    C.   Plaintiff's Alleged Causes Of Action Fail To State A Claim Upon Which
        Relief Can Be Granted As They Are Barred By The Statute Of
        Limitations. ......................................................................................................5

        1.   Plaintiff's First Cause of Action for Breach of Implied Contract
            Fails as a Matter of Law.......................................................................6

        2.   Plaintiff's Second Cause of Action for Wrongful Termination Fails
            as a Matter of Law. ..............................................................................6

        3.   Plaintiff's Third Cause of Action for Fraud Fails as a Matter of
            Law. ......................................................................................................7

        4.   Plaintiff's Fourth Cause of Action for Intentional Infliction of
            Emotional Distress Fails as a Matter of Law. ...............................8

    D.   Equitable Estoppel Does Not Save Plaintiff's Failure To Comply With
        The Limitations Periods.....................................................................................9

        1.   Plaintiff's Cannot Meet the Requirements of Equitable Estoppel. ...........9

            a.   Plaintiff cannot establish any fraudulent behavior by
                Defendants. ...............................................................................10

            b.   Plaintiff possessed timely knowledge of her claims. ....................12

        2.   The Cases Relied Upon by Plaintiff do not Support her Equitable
            Estoppel Claim......................................................................................13

i

# TABLE OF CONTENTS
(continued)

Page

3.    Plaintiff's Equitable Estoppel Claim Fails as she Cannot Use Negligence and Ignorance as an Excuse. ....................................................14

E.    Plaintiff's Amended Complaint Should Be Dismissed As To The Individually Named Defendants Pursuant to Rule 12(b)(5). ...............................15

F.    Plaintiff's Complaint Should Be Dismissed Without Leave To Amend. ...............17

V.    CONCLUSION....................................................................................18

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

4   *Aetna Business Credit, Inc. v. Universal Dcor & Interior Design, Inc.*,
        635 F.2d 434 (5th Cir. 1981) ................................................................15
5

6   *Albrecht v. Lund*,
        845 F.2d 193 (9th Cir. 1988) ................................................................4

7

8   *Aldrich v. McCulloch Properties, Inc.*,
        627 F.2d 1036 (10th Cir. 1980) ............................................................5

9   *Associated General Contractors v. California State Council of Carpenters*,
        459 U.S. 519 (1983)...............................................................4, 11
10

11  *Aulson v. Blanchard*,
        83 F.3d 1 (1st Cir. 1996) ....................................................................11

12

13  *Babich v. Cadillac Fairview/California, Inc.*, 1996 U.S. Dis. LEXIS 20734 ................4

14  *Beliveau v. Caras*,
        873 F. Supp. 1393 (CD Cal. 1995) ......................................................11

15

16  *Bridgeport Music Inc. v. Diamond Time, Ltd.*,
        371 F.3d 883 (6th Cir. 2004) ..............................................................10

17  *Broughton v. Cutter Labs.*,
        622 F.2d 458 (9th Cir. 1980) ..............................................................17
18

19  *C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*,
        419 F. Supp. 2d 419 (S.D.N.Y. 2005).................................................16
20

21  *Cada v. Baxter Healthcare Corp.*,
        920 F.2d 446 (7th Cir. 1990) ..............................................................10

22

23  *Cahill v. Liberty Mut. Ins. Co.*,
        80 F.3d 336 (9th Cir. 1996) ................................................................3

24  *Causey v. Balog*,
        162 F.3d 795 (4th Cir. 1998) ..............................................................10
25

26  *Celotex Corp. v. Catrett*,
        477 U.S. 371 (1986)............................................................................10

27

28  *Church of Scientology of California v. Linberg*,
        529 F. Supp. 945 (CD Cal. 1981) ........................................................15

iii

1
2

*Conerly v. Westinghouse Elec. Corp.*,
    623 F.2d 117 (9th Cir. 1980) ....................................................................9

3
4

*Conley v. Gibson*,
    355 U.S. at 45-46 .............................................................................3, 4

5
6

*In re Delorean Motor Co.*,
    991 F.2d 1236 (6th Cir. 1993) .................................................................11

7
8

*Ellingson v. Burlington Northern, Inc.*,
    653 F.2d 1327 (9th Cir. 1981) .................................................................12

9

*Guerrero v. Gates*,
    442 F.3d 697 (9th Cir. 2006) ...............................................................9, 11

10
11

*Harrell v. 20th Century Ins. Co.*,
    934 F.2d 203 (9th Cir. 1991) ....................................................................6

12
13

*Hinton v. Pacific Enterprises*,
    5 F.3d 391 (9th Cir. 1993) .......................................................................7

14

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006)I .................................................................11

15
16

*International Ass'n of Entrepreneurs of America v. Angoff*,
    58 F.2d 1266 (8th Cir 1995), cert. denied 516 U.S. 1072 (1996) ........................5

17
18

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir 1980) .....................................................................4

19
20

*Johnson v. Henderson*,
    314 F.3d 409 (9th Cir. 2002) ....................................................................2

21

*Keyse v. California Texas Oil Corp.*,
    590 F.2d 45 (2nd Cir. 1978) .....................................................................2

22
23

*Lehman v. United States*,
    154 F.3d 1010 (9th Cir. 1998) , *cert. denied*, 526 U.S. 1040 (1999) ...................9

24
25

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) .................................................................17

26

*Marsh v. Soares*,
    223 F.3d 1217 (10th Cir. 2000) ...............................................................14

27
28

*Mid-Continent Wood Products, Inc. v. Harris*,
    936 F.2d 297 (7th Cir. 1991) ..................................................................15

iv

*Montalbano v. Easco Hand Tools, Inc.,*
    766 F.2d 737 (2nd Cir. 1985).........................................................................17

*Mukherjee v. INS,*
    793 F.2d 1006 (9th Cir. 1986) .....................................................................10

*Noll v. Carlson,*
    809 F.2d 1446 (9th Cir. 1987) .....................................................................17

*O'Donnell v. Vencor Inc.,*
    466 F.3d 1004 (9th Cir. 2006) ................................................................12, 13

*Parker v. BankAmerica Corp.,*
    50 F.3d 757 (9th Cir. 1995) .........................................................................13

*In re Plywood Antitrust Litigation,*
    655 F.2d 627 (5th Cir. 1981) .........................................................................4

*Purtell v. Mason,*
    Case No. 04 C 7005 (N.D. Ill. 2006) ...........................................................13

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984) .........................................................................3

*Royal Lace Paper Works v. Pest-Guard Products, Inc.,*
    240 F.2d 814 (5th Cir. 1957) .......................................................................16

*SEC v. Seaboard Corp.,*
    677 F.2d 1315 (9th Cir. 1982) .....................................................................11

*Santa Maria v. Pac. Bell,*
    202 F.3d 1170 (9th Cir. 2000) .......................................................................9

*Schafer v. Board of Public Educ.,*
    903 F.2d 243 (3rd Cir. 1990) .......................................................................13

*Scholar v. Pacific Bell,*
    963 F.2d 264 (9th Cir. 1992) .......................................................................14

*Socop-Gonzalez,*
    272 F.3d 1176 (9th Cir. 2001) .....................................................................10

*Stallcop v. Kaiser Foundation Hospitals,*
    820 F.2d 1044 (9th Cir. 1987), *cert. denied,* 484 U.S. 986 (1987)..................2

*Sutliff, Inc. v. Donovan Companies, Inc.,*
    727 F.2d 648 (7th Cir. 1984) .........................................................................4

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*,
    839 F. Supp. 711 (C.D. Cal. 1993) ................................................................3

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
    73 F.2d 1423 (7th Cir. 1996) ......................................................................5

*Travelers Ins. Co. v. 633 Third Assocs.*,
    14 F.3d 114 (2d Cir. 1994) ........................................................................13

*United States v. Hemmen*,
    51 F.3d 883 (9th Cir. 1995) ........................................................................9

*Western Mining Council v. Wyatt*,
    643 F.2d 618 (9th Cir. 1981) ......................................................................4

*Woods*,
    2006 U.S. Dist. LEXIS 94325 ......................................................................5

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982)...........................................................................13, 14

### STATE CASES

*Board of Regents v. Seattle*, 108 Wn.2d 545 (1987)........................................13

*Espindola v. Nunez*,
    199 Cal. App. 3d 1389 (1988) ....................................................................16

*Foley v. Interactive Data Corp.*,
    47 Cal. 3d 654 (1988) ..............................................................................7

*Magpali v. Farmers Group, Inc.*,
    48 Cal. App. 4th 471 (1996) ......................................................................8

*Magpali v. Farmers Group, Inc.*,
    49 Cal. App. 4th 471 (1996) ......................................................................7

*Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.*,
    144 Cal. App. 4th 1175 (2006) ....................................................................9

*Romano v. Rockwell Int'l, Inc.*,
    14 Cal. 4th 479 (1996) ..............................................................................6

*Wilhelm v. Beyersdorf*, 100 Wn. App. 836 (2000)..........................................13

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

# FEDERAL STATUTES

28 U.S.C. §1915(e)(2)................................................................................17

Fed. Rule Civ. Proc., Rule 4 (Summons)................................................15

Fed. Rule Civ. Proc. 9(b) .........................................................................11

Fed. Rule Civ. Proc. 12(b)(5).....................................................................1

Fed. Rule Civ. Proc. 12(b)(6)...............................................................5, 15

# STATE STATUTES

Cal. Code of Civ. Proc. §335.1...........................................................6, 7, 8

Cal. Code of Civ. Proc. §337(1) ................................................................6

Cal. Code of Civ. Proc. §415.20(b) .........................................................16

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

## I.    INTRODUCTION

Plaintiff Christine Chang ("Plaintiff"), having amended her complaint, once again fails to state any claim upon which relief can be granted.  Her Amended Complaint demonstrates that she has no meritorious claim to overcome her failure to comply with the applicable limitation periods in the present case.  Notwithstanding Plaintiff's attempt to salvage her complaint by alleging equitable estoppel and equitable tolling defenses, three facts remain true from the face of her pleadings: (1) the statutes of limitations have run on all of Plaintiff's alleged causes of action; (2) there is no evidentiary allegation of fraudulent behavior, a concealment, or misrepresentation on behalf of Defendant; and (3) Plaintiff possessed timely knowledge of her individual claims.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's Amended Complaint in its entirety, because it fails as a matter of law to state a claim upon which relief can be granted.  First, as reflected on the face of the pleading, the First, Second, Third and Fourth Causes of Action are barred by the statute of limitations.  Second, Plaintiff's attempt to save the claims by pleading equitable estoppel and/or equitable tolling fails because Plaintiff's allegations demonstrate that she cannot satisfy the legal requirements of such a claim.  Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Amended Complaint as a matter of law.

In any event, pursuant to Federal Rules of Civil Procedure 12(b)(5), Plaintiff's Amended Complaint should be dismissed as to the individually named defendants, who were formerly employed at McKesson, as there is no evidence of proper service.

## II.    PROCEDURAL BACKGROUND

On or about June 28, 2007, Plaintiff filed the Complaint in the present case against Defendant McKesson HBOC Inc. ("McKesson") in San Francisco Superior Court.  Plaintiff alleged: (1) breach of implied contract; (2) wrongful termination; (3) fraud; (4) negligent intentional [sic] infliction of emotional distress; (5) violation of fundamental due process and equal protection rights; and (6) equitable tolling.  (*See,* Complaint, attached as <u>Exhibit 1</u> to

1

1   McKesson's Request for Judicial Notice.) On August 2, 2007, Defendant filed a notice of

2   removal from the San Francisco Superior Court to this Court.

3          Pursuant to Fed.R.Civ.Proc. 12(b)(6), Defendant filed a motion to dismiss Plaintiff's

4   Complaint in its entirety on August 9, 2007. On September 20, 2007, the Court issued an order

5   granting Defendant's Motion to Dismiss with leave to amend in part. (See, Declaration of

6   Allison B. Moser ("Moser Decl."), ¶ 2, Exhibit A.) The Court granted Defendant's Motion with

7   leave to amend on Plaintiff's first, second, third and fourth causes of action. (Moser Decl., ¶ 2,

8   Exh. A, p. 7:7-8.) The Court granted Defendant's Motion without leave to amend on the

9   Plaintiff's fifth cause of action, and concluded that Plaintiff could not plead equitable tolling

10  with the facts alleged.[1]   (Moser Decl., ¶ 2, Exh. A, p. 7:8-14.) On October 11, 2007, Plaintiff

11  filed an Amended Complaint, to which this motion is addressed.

12  **III.    FACTUAL BACKGROUND**

13         On or about October 16, 1995, Plaintiff Christine Chang began working at McKesson as

14  a System Programmer. (Amended Complaint, ¶¶ 1, 20.) Plaintiff was eligible for immediate

15  participation in all benefit plans, except for the Profit Sharing Investment Plan and Retirement

16  Plan, which had a one-year waiting period. (Amended Complaint, ¶ 20.) Starting on her first

17  day of employment, Plaintiff participated in all benefit plans eligible and, one year later, she

18  participated in the Profit Sharing Investment Plan and Retirement Plan. (Amended Complaint, ¶

19  20.)

20         On March 30, 1999, Plaintiff's employment with McKesson terminated. (Amended

21  Complaint, ¶¶ 1, 38, 46.) Plaintiff was provided with a copy of the McKesson HBOC, Inc.

22  Severance Plan SPD on March 30, 1999. (Amended Complaint, ¶ 56.)

23

24  [1] Plaintiff was unable to assert equitable tolling as it was evident that she discussed her claims
    with an attorney in 1999. "[O]nce a claimant retains counsel, tolling ceases because she has
25  gained the means of knowledge of her rights and can be charged with constructive knowledge of
    the law's requirements." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002), citing to
26  *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir. 1987), *cert. denied*, 484
    U.S. 986 (1987); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47-48 (2nd Cir. 1978)
27  (tolling inappropriate where plaintiff represented by counsel).

                                        2
28  Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1    In 1999, Plaintiff filed an Employee Retirement Income Security Act ("ERISA")

2  Class Action against McKesson in the United States District Court, Northern District of

3  California (*Chang v. McKesson HBOC,* U.S.D.C., N.Dist. Cal. C99-5075. (Amended

4  Complaint, ¶¶ 63, 91.)  Plaintiff Chang was the class representative in *Chang v. McKesson*

5  *HBOC.* (Amended Complaint, ¶¶ 63, 91.)  Plaintiff's counsel in the class action, Peter Myers,

6  made written requests to McKesson indicating that it was a violation of ERISA to demand

7  waiver from Plaintiff in order to obtain severance pay and that waiver was overly broad requiring

8  Plaintiff to waive all claims.  (Amended Complaint, ¶ 63.)

9    Plaintiff alleges she was unable to bring her individual complaint against McKesson

10  because of her alleged conflict of interest as the named representative in the ERISA Class

11  Action.  (Amended Complaint, ¶ 91.)  Plaintiff claims she was delayed in filing this individual

12  action due to the extraordinary circumstances of the ERISA class action, which took from 1999

13  to May of 2007 to complete.  (Amended Complaint, ¶ 91.)

14  **IV.    LEGAL AUTHORITY**

15    **A.    The Standard For A Motion To Dismiss Pursuant To**
         **Fed.R.Civ. Proc. 12(b)(6).**
16

17    Pursuant to Fed. R. Civ. Proc. 12(b)(6), a court may dismiss a complaint or cause of

18  action for failure to state a claim upon which relief can be granted.  Dismissal with prejudice is

19  appropriate if the facts pled do not support a claim for relief, even assuming the allegations to be

20  true, or if there is a lack of cognizable legal theory.  *Conley v. Gibson,* 335 U.S. 41, 45-46

21  (1957); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  In

22  making this determination, "all allegations of material fact are taken as true and construed in the

23  light most favorable to the nonmoving party."  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-

24  338 (9th Cir. 1996).  Although the court must assume that the allegations of a Plaintiff's

25  complaint are true, the court is not required "to accept as true conclusory allegations … or

26  unreasonable inferences."  *Transphase Systems, Inc. v. Southern Calif. Edison Co.,* 839 F.Supp.

27

28

1    711, 719 (C.D. Cal. 1993) (quoting text); *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d

2    648, 654 (7th Cir. 1984) (stating that "a complaint still must contain either direct or inferential

3    allegations respecting all the material elements necessary to sustain a recovery under *some* viable

4    legal theory," quoting, *In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir. 1981).)

5    Nor does the Court need to assume Plaintiff can prove different facts from those she has alleged.

6    *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526

7    (1983).  Rather, to survive a motion to dismiss, the plaintiff must state a claim based on well

8    pleaded factual allegations.  *Western Mining Council v. Wyatt*, 643 F.2d 618, 624 (9th Cir. 1981)

9    ("We do not, however, necessarily assume the truth of legal conclusions merely because they are

10   cast in the form of factual allegations.")

11       A complaint should be dismissed for failure to state a claim if "it appears beyond doubt

12   that the plaintiff can prove no set of facts in support of his claim which would entitle him to

13   relief." *Conley*, 355 U.S. at 45-46.  For the reasons discussed below, Plaintiff has failed to assert

14   facts sufficient to state claims against Defendants upon which relief can be granted, and no

15   further amendment can make her claims viable as she cannot overcome the limitations periods

16   that have already passed.  When amendment would be futile, dismissal may be ordered with

17   prejudice.  *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988).  Therefore, Plaintiff's claims

18   must be dismissed with prejudice and without leave to amend.

19   **B.    The Statutes Of Limitations Bar Is A Proper Basis For A**
             **Fed.R.Civ. Proc. 12(b)(6) Motion.**
20

21       Where the facts and dates alleged in the complaint indicate the claim is barred by the

22   statute of limitations, a motion to dismiss for failure to state a claim lies.  The Amended

23   Complaint fails to state a claim because the action is time barred.  *Babich v. Cadillac*

24   *Fairview/California, Inc.,* 1996 U.S. Dis. Lexis 20734 (C.D. Cal. Feb 6, 1996); *Jablon v. Dean*

25   *Witter & Co.,* 614 F.2d 677, 682 (9th Cir 1980) (where the complaint on its face discloses an

26   absolute defense or bar to recovery, such as the running of the statute of limitations, a motion to

27

28

4

1    dismiss for failure to state a claim lies). *See also, Aldrich v. McCulloch Properties, Inc.*, 627

2    F.2d 1036, 1041, n. 4 (10th Cir. 1980) (where a complaint shows on its face that the applicable

3    statute of limitations has expired, a motion to dismiss for failure to state a claim is appropriate).

4    A motion to dismiss based on the running of the statute of limitations may be granted only if the

5    assertions of the complaint, read with the required liberality, would not permit the plaintiff to

6    prove that the statute was tolled. *Woods v. Asset Resources,*, 2006 U.S. Dist. Lexis 94325 at

7    *41-42.

8         Here, a motion to dismiss is proper because, as outlined below, the running of the statutes

9    of limitations is evident from the face of the Amended Complaint.  In the event this Court

10    determines that this motion is not properly brought under F.R.C.P. 12(b)(6), this Court has

11    discretion generally to permit this pre-answer motion.  Although Rule 12(b) enumerates specific

12    pre-answer motions, district courts have discretion to permit other, unenumerated pre-answer

13    motions. *International Ass'n of Entrepreneurs of America v. Angoff*, 58 F.2d 1266, 1271 (8th Cir

14    1995), cert. denied. 516 U.S. 1072 (1996).  A motion to dismiss will not generally be rejected

15    merely because it fails to specify which particular Rule it invokes. *See, Travel All Over the*

16    *World, Inc. v. Kingdom of Saudi Arabia*, 73 F.2d 1423, 1429 (7th Cir. 1996).

17    **C.    Plaintiff's Alleged Causes Of Action Fail To State A Claim**
           **Upon Which Relief Can Be Granted As They Are Barred By**
18         **The Statute Of Limitations.**

19         Plaintiff's Amended Complaint contains causes of action for: (1) breach of implied

20    contract (Amended Complaint, ¶¶ 19-43); (2) wrongful termination (Amended Complaint, ¶¶ 44-

21    54); (3) fraud (Amended Complaint, ¶¶ 55-72); and (4) intentional infliction of emotional

22    distress (Amended Complaint, ¶¶ 73-90).  As evident from the face of the Amended Complaint,

23    Plaintiff's employment with McKesson ended on  March 30, 1999 (Amended Complaint, ¶¶ 1,

24    38, 46), and Plaintiff did not file her Complaint in this action until June 29, 2007, over eight

25    years after Plaintiff's termination date.  Plaintiff's causes of action fail to state a claim upon

26

27
                                              5

1  which relief can be granted as the applicable statutes of limitations expired well before

2  Plaintiff filed her Complaint.

3          1.     Plaintiff's First Cause of Action for Breach of Implied
                  Contract Fails as a Matter of Law.

4

5  Plaintiff's first cause of action for breach of implied contract is subject to a four-year

6  statute of limitations. Cal. Code of Civ. Proc. §337(1); *see also, Harrell v. 20th Century Ins. Co.,*

7  934 F.2d 203, 208 (9th Cir. 1991). The statute of limitations in contract actions normally accrues

8  at the time of breach, which in employment cases, means the time performance is due. *Romano*

9  *v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 488 (1996). Plaintiff claims that all unpaid severance,

10  vacation, disability, and back pay became due on March 30, 1999, the date of Plaintiff's

11  termination. (Amended Complaint, ¶¶ 1, 39.) She further alleges that Defendant breached its

12  implied contract by receiving and accepting the benefits of the services of Plaintiff for three and

13  one-half years knowing that Plaintiff was providing such services in reliance on the implied

14  employment contract. (Amended Complaint, ¶ 40.) Based on the four-year limitations period

15  for breach of implied contract, Plaintiff was required to file her breach of implied contract no

16  later than March 30, 2003. As this cause of action was not brought until over four years later, it

17  is untimely and should be dismissed under Rule 12(b)(6).

18          2.     Plaintiff's Second Cause of Action for Wrongful
                  Termination Fails as a Matter of Law.

19

20  Plaintiff's second cause of action for wrongful termination is subject to the two-year

21  limitations period prescribed by C.C.P. §335.1. *See,* C.C.P. §335.1 ("Within two years: An

22  action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful

23  act or neglect of another.") The cause of action accrues at the time of actual termination rather

24  than an earlier date when the employee was notified of his or her termination. *See, Romano v.*

25  *Rockwell Int'l, Inc.,* 14 Cal.4th 479, 501 (1996). Here, as Plaintiff acknowledges that she was

26  terminated on March 30, 1999 (Amended Complaint, ¶¶ 1, 38, 46), the two-year limitations

27

28

6

1    period for wrongful termination began accruing on March 30, 1999 and expired on or about

2    March 30, 2001.   As Plaintiff failed to bring her wrongful termination claim until over six years

3    later, it is untimely and should be dismissed.

4          California law also allows a wrongful termination claim to be pleaded as a breach of

5    contract claim.  *See, Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988).   In the event that

6    Plaintiff is trying to characterize her wrongful termination as a breach of contract claim, such

7    claim is subject to the statute of limitations governing breach of contract actions.  *See Hinton v.*

8    *Pacific Enterprises*, 5 F.3d 391, 394 (9th Cir. 1993).   As outlined in Section III(C)(1), even if

9    Plaintiff is given the longer four-year limitations period applicable to breach of implied contract

10   claims, she is still untimely in bringing her cause of action.   Accordingly, Plaintiff's wrongful

11   termination claim should be dismissed.

12          3.    Plaintiff's Third Cause of Action for Fraud Fails as a
                  Matter of Law.
13

14          Plaintiff's third cause of action for fraud is subject to a three year limitations period.

15   C.C.P. §338(d).   A cause of action for fraud "is not…deemed to have accrued until the

16   discovery, by the aggrieved party, of the facts constituting the fraud or mistake."   C.C.P.

17   §338(d); *see, Magpali v. Farmers Group, Inc.*, 49 Cal.App.4[th] 471, 484 (1996).   Plaintiff asserts

18   that during the March 30, 1999 termination meeting, she was given the McKesson Severance

19   Plan and fraudulently and coercively requested to sign the "WAIVER AND GENERAL

20   RELEASE OF CLAIMS" in order to qualify to receive the severance payment.  (Amended

21   Complaint, ¶¶ 56, 57, 59, 61, 62.)  Plaintiff further acknowledges that as a result of "McKesson's

22   fraudulent and intentional torts, Plaintiff suffers injuries including

23   back/vacation/disability/severance pays, starting November 1, 1996 through March 30, 1999 for

24   the back pay, January through March 1999 for the vacation pay, March 30, through June 30 1999

25   for the disability pay, severance pay, plus 10% interest and punity [sic]."  (Amended Complaint,

26   ¶ 72.)  According to Plaintiff's Amended Complaint, therefore, Plaintiff's cause of action for

27

28

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

fraud accrued on or about June 30, 1999, meaning the three-year limitations period expired on or about June 30, 2002.  Therefore, Plaintiff's claim for fraud is barred as it was not brought within the applicable limitations period.

4.    Plaintiff's Fourth Cause of Action for Intentional Infliction of Emotional Distress Fails as a Matter of Law.

Plaintiff's fourth cause of action is for intentional infliction of emotional distress. (Amended Complaint, ¶¶ 73-90.)  Intentional infliction of emotional distress is subject to a two year limitation period under C.C.P. §335.1.[2]  The statute of limitations for intentional infliction of emotional distress runs from the date of the allegedly wrongful conduct causing plaintiff to suffer severe emotional distress. *See, Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 484 (1996).

In the present case, Plaintiff claims that from April 1996 through March 1999 she was discriminated against by Defendants. (Amended Complaint, ¶ 75.)  She claims that within a few months from filing her grievance, she "was laid off by the Vice President in retaliation of filing grievances and appeal against management staffs." (Amended Complaint, ¶¶ 76-78.)   Plaintiff further claims that she was "aggravated and devastated being thrown out of employment," and was "unable to seek work or attain daily function for three months caused by McKesson's intentional, wanton, reckless, and malicious acts in its termination of employment." (Amended Complaint, ¶¶ 80-82.)  Therefore, Plaintiff's claim for emotional distress began to run, at the latest, on March 30, 1999 (the date of Plaintiff's termination, and the date when Plaintiff claims Defendant began unlawfully denying Plaintiff her right to the severance pay, (Amended Complaint, ¶¶ 1, 80, 81), and expired two years later on or about March 30, 2001.  Accordingly, her fourth cause is untimely as it was not brought until over six years later.

---

[2] Actions for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be brought within two years after accrual of the action.

8

**D.    Equitable Estoppel Does Not Save Plaintiff's Failure To Comply With The Limitations Periods.**

Plaintiff's assertion of the doctrine of equitable estoppel does not toll the statutes of limitations in the present case because (1) equitable estoppel is inapplicable as Plaintiff has failed to establish the elements of equitable estoppel; (2) the cases relied upon by Plaintiff in support of her equitable estoppel claim are inapplicable; and (3) Plaintiff cannot allege ignorance of the law to excuse her own negligence in failing to comply with the applicable limitations periods.

1.    <u>Plaintiff's Cannot Meet the Requirements of Equitable Estoppel.</u>

"The elements of equitable estoppel are that '(1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.'" *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998) (quoting *United States v. Hemmen,* 51 F.3d 883, 892 (9th Cir. 1995)), *cert. denied,* 526 U.S. 1040 (1999); *see also, Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,* 144 Cal.App.4th 1175, 1189 (2006).  "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006), citing to *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176-1177 (9th Cir. 2000).  To establish equitable estoppel, the plaintiff must demonstrate that "he relied on the defendant's misconduct in failing to file in a timely manner and 'must plead with particularity the facts which give rise to the claim of fraudulent concealment.'" *Guerrero v. Gates,* 442 F.3d 697, 706-707 (9th Cir. 2006), citing to *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 120 (9th Cir. 1980).  Plaintiff cannot satisfy her burden of establishing equitable estoppel.

a.      **Plaintiff cannot establish any fraudulent behavior by Defendants.**

In order to properly assert the doctrine of equitable estoppel, Plaintiff needs to plead with specificity facts demonstrating that Defendants were engaged in fraudulent concealment or affirmative misconduct.  Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations…Equitable estoppel in the limitations setting is sometimes called fraudulent concealment."  *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-451 (7th Cir. 1990). Equitable estoppel requires a showing of "affirmative misconduct," (*Socop-Gonzalez*, 272 F.3d 1176, 1184 (9th Cir. 2001)), which has been defined to mean a "deliberate lie" or "a pattern of false promises."  *Id.*, *citing to Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986).  *See also, Bridgeport Music Inc. v. Diamond Time, Ltd.,* 371 F.3d 883,891 (6th Cir. 2004) ("Equitable estoppel, sometimes referred to as fraudulent concealment, is invoked in cases where the defendant takes active steps to prevent the plaintiff suing in time, such as hiding evidence or promising not to plead the statute of limitations.").

In the present case, there are no evidentiary allegations of "affirmative misconduct" or "fraudulent concealment" by Defendants.  As demonstrated in Section (III)(D)(1)(b) below, Plaintiff was well aware of her individual claims back in 1999.  Moreover, her attempts to argue fraudulent concealment in her Amended Complaint consist of mere conclusory statements.  *See, Celotex Corp. v. Catrett,* 477 U.S. 371 (1986) (must provide some shred of plausible evidence beyond bald conclusory statements); *see also, Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) ("[C]onclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment.").  For example, Plaintiff alleges that she was fraudulently and oppressively coerced to execute a "waiver and general release of claims" in exchange for severance pay.  (Amended Complaint, ¶¶ 46, 59, 60.)  She also "believes" that it is "McKesson's general scheme in coercing separated employees into signing the WAIVER AND GENERAL RELEASE OF CLAIMS."  (Amended Complaint, ¶ 61.)  Plaintiff further alleges that McKesson

10

1   "intended to botch" the ERISA class action (where Plaintiff was the class representative) and

2   prohibit the class action from going forward by demanding Plaintiff to execute the waiver and

3   general release of claims.  (Amended Complaint, ¶¶ 65, 66.)

4          Plaintiff's allegations are mere conclusory statements that do not sufficiently plead

5   fraudulent concealment or affirmative misconduct by Defendant.  Allegations that Defendants

6   "fraudulently coerced" Plaintiff to executive a waiver and release are mere conclusions.[3]  The

7   court need not accept conclusionary allegations, legal characterizations, unreasonable inferences

8   or unwarranted deductions of fact as true.  *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th

9   Cir. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-1396 (CD Cal. 1995).

10         Even assuming, for purposes of this motion, that such statements are in fact true, Plaintiff

11  has not plead any "fraudulent concealment" by Defendants in her Amended Complaint.  *See,*

12  *Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006) (Ninth Circuit granted defendant's motion

13  to dismiss, and held that equitable estoppel did not apply because even assuming plaintiff's

14  allegations of a conspiracy were true, plaintiff did not plead with particularity any additional

15  fraudulent behavior on the part of defendants that would excuse his delay in bringing this suit.)

16  Accordingly, Defendants' motion to dismiss should be granted as Plaintiff has not plead with

17  particularly any "affirmative misconduct" or "fraudulent concealment" by Defendants that

18  excuse her failure to comply with the statutes of limitations.  This Court is not required to

19  assume that Plaintiff can prove facts different from those she has already alleged.  *See,*

20  *Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.*, 459 U.S. 519, 526

21  (1983); *see also, Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (courts need not "swallow the

22  plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions,

23  periphrastic circumlocutions, and the like need not be credited.")

24

25  _____

[3] Furthermore, Plaintiff's fraud must be pleaded "with particularity" (F.R.C.P. 9(b)) and a mere

26  conclusion need not be accepted as true without supporting allegations establishing why it was
    "fraudulent."  *See, SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982) (failure to allege

27  facts showing scienter).

                                          11

28

**b.    Plaintiff possessed timely knowledge of her claims.**

Equitable estoppel does not toll Plaintiff's statute of limitations because as demonstrated on the fact of her complaint, Plaintiff was well aware of her individual claims as early as the Spring of 1999. *See, Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) ("equitable estoppel will not toll a statute of limitations if 'plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations'") (citing to *Gleason v. Spota*, 194 A.D.2d 764 (N.Y.App.Div. 1993). This case presents a parallel situation to that in *Huynh v. Chase Manhattan Bank* as Plaintiff possessed timely knowledge of the statute of limitations on her individual claims.

In the present case, Plaintiff admitted that her counsel, Peter Myers, made written requests to McKesson indicating that it violated ERISA to demand a waiver from Plaintiff in order to obtain severance payment, and indicating that the waiver was overly broad requiring Plaintiff to waive all claims, including the Employee Stock Participating Plan in which Plaintiff was a class representative. (Amended Complaint, ¶ 63.) In her initial Complaint, Plaintiff admitted that she consulted with an attorney as early as April of 1999 about her individual claims, and admitted that her counsel made the decision to proceed with the ERISA class action instead of her individual claims. (Complaint, ¶¶ 60, 61.) Plaintiff was free to consult with another attorney about her ERISA claims or proceed in *pro per* on her individual claims at that point. Plaintiff cannot now dispute that her consultations with her attorney, and the decision of her attorney to not proceed with her individual claims, occurred in 1999. The court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint. *See, Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-1330 (9th Cir. 1981) (court may strike the challenged allegations as "false and sham").

1

2.    The Cases Relied Upon by Plaintiff do not Support her
       Equitable Estoppel Claim.

2

3    The cases relied upon by Plaintiff in asserting equitable estoppel are inapplicable to this

4    case and are distinguishable from the claims she asserts in her Amended Complaint.

5    In support of her breach of implied contract cause of action, Plaintiff relies upon

6    *O'Donnell v. Vencor Inc.*, 466 F.3d 1004 (9th Cir. 2006).  (Amended Complaint, ¶¶ 22, 29.)  In

7    *O'Donnell*, the Ninth Circuit held that the district court did not err in not applying equitable

8    estoppel, and found that equitable estoppel was not warranted because there was no evidence of

9    improper purpose by defendant or of the defendant's actual or constructive knowledge of the

10   deceptive nature of its conduct.  *Id.* at 1111.  Here, Plaintiff's reliance on *O'Donnell* is misplaced,

11   as she has actually cited a case that helps Defendants rather than Plaintiff.  Plaintiff also

12   references *Parker v. BankAmerica Corp.*, 50 F.3d 757, 769 (9th Cir. 1995), in support of her first

13   cause of action.  (Amended Complaint, ¶ 42.)  In *Parker*, the Court similarly determined that no

14   showing of equitable estoppel had been made, and found that under ERISA a party cannot

15   maintain a claim for equitable estoppel if recovery contradicts the written provisions of the plan.

16   Once again, this is a case that hurts, not helps, Plaintiff.

17   In support of her wrongful termination cause of action, Plaintiff relies upon *Wilhelm v.

18   Beyersdorf*, 100 Wn. App. 836 (2000).  (Amended Complaint, ¶ 53.)  First, *Wilhelm* is not

19   controlling on this Court.  *See, Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114 (2d Cir.

20   1994); *see also Purtell v. Mason*, Case No. 04 C 7005 (N.D. Ill. 2006) (District court noted that

21   Arizona state court decisions were not controlling authority on the court).  Moreover, this case

22   does not support Plaintiff's position as the court in *Wilhelm* held that equitable estoppel was not

23   appropriately applied.  *Id.* at 119.

24   In support of her fraud cause of action, Plaintiff relies upon *Board of Regents v. Seattle*,

25   108 Wn.2d 545 (1987).  (Amended Complaint, ¶ 71.)  *Board of Regents v. Seattle* is not

26   controlling on this Court.  *See, Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114 (2d Cir.

27   1994).  Furthermore, *Board of Regents v. Seattle* is distinguishable because the court did not

13

28

1   conclude the equitable estoppel was due to defendants' fraudulent conduct, but instead found

2   that equitable estoppel was satisfied based on the State's silence coupled with knowledge of an

3   adverse claim. *Id.* at 553-555. Those facts are not present here. Thus, this case does not support

4   Plaintiff's claim that she was equitably estopped from asserting her fraud claim.

5         In her discussion of the equitable estoppel doctrine, Plaintiff also relies upon *Zipes v.*

6   *Trans World Airlines, Inc.*, 455 U.S. 385 (1982) and *Schafer v. Board of Public Educ.*, 903 F.2d

7   243 (3rd Cir. 1990). (Amended Complaint, ¶ 91(c)). Plaintiff relies upon *Zipes* in support of her

8   argument that she was prevented from bringing her individual complaint against McKesson

9   because of conflict of interest. But the conflict of interest was her attorney's; Defendant had

10  nothing to do with it. However, the issue in *Zipes* was whether the timely filing of an EEOC

11  charge is a jurisdictional prerequisite to bringing a Title VII suit in federal court, or whether the

12  requirement is subject to waiver and estoppel. *Zipes,* 455 U.S. at 392. The only discussion of

13  conflict of interest was the Seventh Circuit's determination that the union was an inadequate

14  class representative because of the inherent conflict between the interests of current and former

15  employees; there was no application of the doctrine of equitable estoppel. *Id.* at 388. Plaintiff's

16  reliance on *Schafer v. Board of Public Educ.* is also misplaced because in *Schafer,* the court

17  applied equitable tolling, *not equitable estoppel,* and ultimately found there was no basis for

18  equitable tolling and reversed the district court's denial of defendant's motion to dismiss. As

19  none of the cases relied upon by Plaintiff supports her application of the equitable estoppel

20  doctrine, Plaintiff's Amended Complaint should be dismissed in its entirety.

21              3.      Plaintiff's Equitable Estoppel Claim Fails as she Cannot
                        Use Negligence and Ignorance as an Excuse.
22

23        Plaintiff's equitable estoppel claim also fails because she cannot assert ignorance of the

24  law as an excuse for failing to comply with the applicable limitations periods. Even a *pro se*

25  petitioner cannot simply allege "ignorance of the law" as a reason for claiming equitable estoppel

26  of the statute of limitations. See, *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (stating

27

                                                    14

28  Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1  that "it is well established that 'ignorance of the law, even for an incarcerated pro se

2  petitioner, generally does not excuse prompt filing'" of a habeas petition). Courts have been

3  generally unforgiving when a late filing is due to claimant's own failure to exercise due diligence

4  in preserving her legal rights. *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992).

5      Here, Plaintiff claims that equitable estoppel is appropriate because "extraordinary

6  circumstances" beyond her control made it "impossible to file a claim on time." (Amended

7  Complaint ¶ 91(e).) Her only explanation of "extraordinary circumstances" is her claim that the

8  ERISA class action was filed in 1999, and that McKesson completed its compensation to all

9  employee retirement account holders in May 2007. (Amended Complaint ¶ 91(e).) As outlined

10 above, the ERISA class action is not an extraordinary circumstance that prevented Plaintiff from

11 filing her individual claims on time. She could have consulted with another attorney or

12 proceeded in *pro per*. There is simply no evidentiary allegation that Defendants actively misled

13 Plaintiff or that Plaintiff was prevented from pursuing her individual claims. Accordingly,

14 Plaintiff's ignorance of the law and mistaken reliance on her counsel's advice does not entitle her

15 to use the equitable estoppel doctrine to excuse her failure to comply with the limitations periods.

16    **E.    Plaintiff's Amended Complaint Should Be Dismissed As To**
       **The Individually Named Defendants Pursuant to Rule 12(b)(5).**
17

18      Plaintiff's Amended Complaint should be dismissed as to the individually named

19 Defendants that are former McKesson employees[4] due to insufficiency of service. F.R.C.P.

20 12(b)(5) ("Every defense, in law or fact, to a claim for relief in any pleading…shall be asserted

21 in the responsive pleading thereto if one is required, except that the following defenses may at

22 the option of the pleader be made by motion: … (5) insufficiency of service of process.")[5]

23 Challenges to the manner of service are interpreted strictly, and a liberal construction of Fed.

24

25 [4] Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher are current
   employees. (Declaration of Erik Sprotte in Support of Defendants' Motion to Dismiss, ¶ 4.)
26 [5] If any Rule 12 motion is made, defendant's failure to join with it a motion challenging
   insufficiency of process waives the defect. (F.R.C.P. Rule 12(h)(1); *see Church of Scientology*
27 *of California v. Linberg*, 529 F.Supp. 945, 966-967 (CD Cal. 1981).)

15

28    Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1  Rule Civ. Proc., Rule 4 (Summons) "cannot be utilized as a substitute for the plain legal

2  requirement as to the manner in which service of process may be had." *Mid-Continent Wood*

3  *Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). The party upon whose behalf service

4  was made (Plaintiff) has the burden to establish its validity. *Aetna Business Credit, Inc. v.*

5  *Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). A conclusory

6  representation that the defendant was properly served will not overcome a defendant's sworn

7  affidavit that she was not. *See, C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*, 419

8  F.Supp.2d 419, 427 (S.D.N.Y. 2005).

9  Rule 4(d) of the Federal Rules of Civil Procedure requires personal service of the

10  summons and complaint upon each individual defendant. Without personal service in accordance

11  with Rule 4, the district court is without jurisdiction to render a personal judgment against a

12  defendant. *Royal Lace Paper Works v. Pest-Guard Products, Inc.,* 240 F.2d 814, 816 (5th Cir.

13  1957). Similarly, under California law, a good faith attempt at personal service upon the

14  individual defendants must be made to show that the summons "cannot with reasonable diligence

15  be personally delivered" to the individual defendant.[6] Cal. Code of Civ. Proc. §415.20(b).

16  Plaintiff's proof of service states that Plaintiff personally served the following defendants

17  on October 11, 2007: (1) McKesson HBOC, Inc., (2) McKesson HBOC CEO John Hammergren,

18  (3) McKesson HBOC Executive Vice President Paul Kirincic, (4) McKesson HBOC Senior Vice

19  President Jerry Warren, (5) McKesson HBOC Vice President Christopher Maher, (6) McKesson

20  HBOC Vice President Tom Von, (7) McKesson HBOC Vice President Tom Capizzi, (8)

21  McKesson HBOC Division Manager Donna Draher, (9) McKesson HBOC Division Manager

22  Tom Puthuff, (10) McKesson HBOC Division Manager Kevin Myrick, and (11) McKesson

23  HBOC Human Resource Rich Soublet. (Moser Decl., ¶ 3, Exhibit B.) Plaintiff claims that she

24  personally served such defendants at McKesson Corporation at One Post Street in San Francisco.

25  (Moser Decl., ¶ 3, Exhibit B.) There is no evidence or indication that Plaintiff personally served

26  _____

[6] Two or three attempts to personally serve defendants at a proper place ordinarily qualifies as

27  "reasonable diligence." *Espindola v. Nunez,* 199 Cal.App.3d 1389, 1392 (1988).

16

28  Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

the individually named defendants.  In fact, the majority of the individually named defendants no longer work at McKesson, making personal service at McKesson impossible.  For example, Defendant Christopher Maher left McKesson on or about April 1, 2006.  (See, Declaration of Erik Sprotte, ¶ 5); Defendant Tommy Von left McKesson on or about May 4, 2002 (Declaration of Erik Sprotte, ¶ 6); Defendant Thomas Capizzi left McKesson on or about January 22, 2000 (Declaration of Erik Sprotte, ¶ 7; Defendant Thomas Puthuff left McKesson on or about August 30, 2002 (Declaration of Erik Sprotte, ¶ 8)[7]; Defendant Kevin Myrick left McKesson prior to 2002 (Declaration of Erik Sprotte, ¶ 9); and Defendant Richard Soublet left McKesson on or about February 27, 2007 (Declaration of Erik Sprotte, ¶ 10).  There is no evidence that these individuals were personally served.

Accordingly, as service on the individually named Defendants was not proper and as Plaintiff has failed to state a claim for relief as outlined above, Defendants respectfully request that this Court dismiss the action in its entirety and quash the service on the individually named defendants formerly employed with McKesson.  *See, Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985) (court may either dismiss the action or retain the action and quash service).  Thus, the action should be dismissed as to all individually named defendants, and service should be quashed as to Defendants Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, and Richard Soublet.

**F.     Plaintiff's Complaint Should Be Dismissed Without Leave To Amend.**

A court should deny leave to amend a complaint when it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980).  Moreover, a district court is required to dismiss "at any time" *in forma pauperis* complaints if it determines that the action fails to state a claim upon which relief may be granted; is frivolous or malicious; or seeks monetary relief against a defendant who is

---

[7] On information and belief, McKesson asserts that subsequent to his departure from McKesson, Mr. Tom Puthuff passed away.

17

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1    immune from such relief.  28 USC §1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

2    Cir. 2000).  Here, there is no doubt that Plaintiff's Amended Complaint fails to state a claim

3    upon which relief may be granted as none of the alleged causes of action can satisfy the requisite

4    limitations periods.  The limitations periods of Plaintiff's alleged causes of action expired

5    between four and six years ago.  Furthermore, as established *supra*, Plaintiff's equitable estoppel

6    claim does not save her claims.  Plaintiff has already been given one opportunity to amend, and

7    has been unable to cure the defects in her pleadings.  Because the defect appears on the face of

8    the Amended Complaint, there is no doubt that these deficient allegations cannot be cured by

9    further amendment.  Accordingly, dismissal should be granted without leave to amend.

10   **V.      CONCLUSION**

11           For the foregoing reasons, Defendants respectfully requests that its Motion to Dismiss be

12   granted, and that Plaintiff's Amended Complaint be dismissed with prejudice, as no further

13   amendments can cure the deficiencies in Plaintiff's Amended Complaint.

14   DATED: October 30, 2007                          SEYFARTH SHAW LLP

15

16                                                    By  /s/ Allison B. Moser

17                                                        Allison B. Moser
                                                         Attorneys for Defendants
18                                                       MCKESSON CORPORATION, formerly
                                                         known as MCKESSON HBOC, INC.

19   SF1 28304664.1 / 56248.000002

20

21

22

23

24

25

26

27                                          18

28   Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ