1  SEYFARTH SHAW LLP
   Patricia H. Cullison (State Bar No. 101636)
2  pcullison@seyfarth.com
   Allison B. Moser (State Bar No. 223065)
3  amoser@seyfarth.com
   560 Mission Street, Suite 3100
4  San Francisco, California 94105
   Telephone: (415) 397-2823
5  Facsimile: (415) 397-8549

6  Attorneys for Defendant
   MCKESSON CORPORATION, formerly
7  known as MCKESSON HBOC, INC.

8  Christine H. Chang, *Pro Se*
   341 Tideway Dr., #214
9  Alameda, CA 94501
   Telephone:  (510) 769-8232
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  CHRISTINE H. CHANG,                    )  Case No.  C 07-03981 MJJ
                                           )
14          Plaintiff,                     )  **DEFENDANT'S [JOINT] CASE**
                                           )  **MANAGEMENT STATEMENT**
15      v.                                 )
                                           )
16  MCKESSON HBOC, INC; MCKESSON           )
    HBOC CEO JOHN HAMMERGREN;              )  Date:  November 27, 2007
17  MCKESSON HBOC EXECUTIVE VICE           )  Time:  2:00 p.m.
    PRESIDENT PAUL KIRINCIC; MCKESSON      )  Judge: Hon. Martin J. Jenkins
18  HBOC SENIOR VICE PRESIDENT JERRY       )  Dept.: Courtroom 11, 19th Floor
    WARREN; MCKESSON HBOC VICE             )
19  PRESIDENT CHRISTOPHER MAHER;           )
    MCKESSON HBOC VICE PRESIDENT TOM       )
20  VON; MCKESSON HBOC VICE PRESIDENT      )
    TOM CAPIZZI; MCKESSON HBOC             )
21  DIVISION MANAGER DONNA DRAHER;         )
    MCKESSON HBOC DIVISION MANAGER         )
22  TOM PUTHUFF; MCKESSON HBOC             )
    DIVISION MANAGER KEVIN MYRICK;         )
23  MCKESSON HBOC HUMAN RESOURCE           )
    RICH SOUBLET; and DOES 1 through 100,  )
24  inclusive,                             )
                                           )
25          Defendants.                    )
                                           )
26  _____)

27      Defendant MCKESSON CORPORATION submits the following Case Management

28  Statement pursuant to this Court's Order Setting Initial Case Management Conference.

                                    1

1    Defendant met and conferred with Plaintiff regarding filing a Joint Case Management

2    Conference Statement.  Plaintiff, however, declined to provide Defendant with a statement of her

3    positions, and insisted upon filing a separate case management conference statement.

4    **1.       Jurisdiction and Services**

5            Jurisdiction and Venue

6            Defendant does not contest jurisdiction or venue.

7            Service

8            Defendant asserts that none of the individually named defendants in this action was

9    personally served.

10   **2.       Facts**

11           Brief Chronology of the Facts

12           Plaintiff Christine Chang worked at McKesson as a System Programmer from October

13   16, 1995 to March 30, 1999.  On March 30, 1999, Plaintiff's employment was terminated, and

14   she was provided with a copy of the McKesson HBOC, Inc. Severance Plan SPD.  In 1999,

15   Plaintiff filed an Employee Retirement Income Security Act ("ERISA") action against

16   McKesson in the United States District Court, Northern District of California (*Chang v.*

17   *McKesson HBOC*, U.S.D.C., N.Dist. Cal. C99-5075).  Plaintiff Christine Chang was the class

18   representative in that action.  Plaintiff's then counsel, Peter Myers, made written requests to

19   McKesson indicating that it was a violation of ERISA to demand a waiver from Plaintiff in order

20   to obtain severance pay and that the waiver was overly broad requiring Plaintiff to waive all

21   claims.

22           On or about June 28, 2007, Plaintiff filed her Complaint in this action.  Defendant filed a

23   motion to dismiss, which was granted in part and denied in part.  On or about October 11, 2007,

24   Plaintiff filed an Amended Complaint.  The Amended Complaint contains the following claims

25   for relief: (1) breach of implied contract; (2) wrongful termination; (3) fraud; and (4) intentional

26   infliction of emotional distress.  Plaintiff also asserted the equitable estoppel doctrine.

27   Defendant has filed another motion to dismiss, set for hearing on December 4, 2007.

28

Defendant's [Joint] Case Management Statement – Case No. C 07-03981 MJJ

Principal Factual Issues In Dispute

Among other issues, Defendant disputes the following factual issues: (1) Whether Plaintiff personally served the individually named defendants; (2) whether Plaintiff was coerced to sign McKesson's waiver and general release in exchange for severance pay; (3) whether Plaintiff adequately performed her job duties; (4) whether Plaintiff was unable to raise her individual claims against McKesson due to a conflict of interest because of her role as the class representative in a class action alleging ERISA violations against McKesson; (5) whether McKesson prevented Plaintiff from asserting her claims; (6) whether extraordinary circumstances beyond Plaintiff's control made it impossible for her to file her individual claims on time; (7) whether McKesson actively misled Plaintiff in coercing the execution of the severance plan's waiver and release in an attempt to prevent the ERISA class action from going forward.

**3.     Legal Issues**

Defendant reserves the right to raise additional legal issues and defenses other than those stated below.

The principal legal issues presented by the Amended Complaint are as follows:  (1) Whether the Amended Complaint and every cause of action are barred by the statutes of limitations; (2) Whether Plaintiff is entitled to any relief under her breach of implied contract claim; (3) whether Plaintiff is entitled to any relief under her wrongful termination claim; (4) whether Plaintiff is entitled to any relief under her fraud claim; (5) whether Plaintiff is entitled to any relief under her intentional infliction of emotional distress claim; (6) whether the equitable estoppel doctrine applies to Plaintiff's claims; (7) whether Plaintiff was discriminated against by Manager Kevin Myrick; (8) whether Plaintiff was laid off in retaliation for filing grievances and an appeal against management staff; (9) as to all causes of action, whether and to what extent any damages should be imposed as to any violation alleged; (10) whether Plaintiff is entitled to punitive damages; (11) whether the individually named defendants were properly served.

Defendant's [Joint] Case Management Statement – Case No. C 07-03981 MJJ

**4.     Motions**

On August 9, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint.  On September 20, 2007, the Court issued an order granting Defendant's Motion to Dismiss with leave to amend on Plaintiff's first, second, third and fourth causes of action.  The Court granted Defendant's motion without leave to amend on the Plaintiff's fifth cause of action, and concluded that Plaintiff could not plead equitable tolling with the facts alleged.

On October 11, 2007, Plaintiff filed an Amended Complaint.  On October 30, 2007, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.  The hearing date on Defendant's Motion to Dismiss is currently scheduled for December 4, 2007.

Assuming any portion of Plaintiff's Amended Complaint survives, Defendant anticipates filing a motion for summary judgment.

**5.     Amendment of Pleadings**

On or about June 28, 2007, Plaintiff filed her Complaint.  On or about October 11, 2007, Plaintiff filed an Amended Complaint.

**6.     Evidence Preservation**

Defendant represents that it has taken reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

Defendant served its Fed. R. Civ. Proc. 26(a)(1) initial disclosures to Plaintiff on October 26, 2007, which contained potential witnesses, documents, damage computations and insurance agreements.

Defendant has not received a F.R.C.P. 26(a)(1) initial disclosure from Plaintiff.

**8.     Discovery**

No discovery has been conducted to date. The parties intend to conduct discovery in compliance with the Federal Rules of Civil Procedure.  On October 26, 2007, Plaintiff and Defendant filed with the Court their Rule 26(f) Report.

**9.     Related Cases**

Not applicable.

4

**10.    Relief**

    Defendant disputes that Plaintiff is entitled to any form of relief.

**11.    Settlement and ADR**

    The parties have agreed to participate in early neutral evaluation.  The parties participated in an initial conference call with Howard Herman, the ADR/early neutral evaluation coordinator. The parties agreed that the conference call was premature based on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint.  Therefore, the parties agreed to participate in a conference call with the early neutral evaluation coordinator on December 19, 2007 at 9:30 a.m., during which they will schedule a further conference call assuming any portion of this case still exists after the hearing on Defendant's motion to dismiss.

    If any of Plaintiff's causes of action survive Defendant's Motion to Dismiss, the parties will file a stipulation requesting an extension of the Court's 90-day deadline for early neutral evaluation.

**12.    Consent to Magistrate Judge For All Purposes**

    Defendant does not consent to have a magistrate judge conduct proceedings.

**13.    Other References**

    Defendant does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

    If this case survives Defendant's pending Motion to Dismiss the Amended Complaint, Defendant anticipates a motion for summary judgment to eliminate certain causes of action.

**15.    Expedited Schedule**

    Defendant does not believe this case can be handled on an expedited basis.

**16.    Scheduling**

    Defendant does not believe that scheduling discovery cutoffs and related pretrial dates and deadlines is premature at this juncture, based on Defendant's pending Motion to Dismiss. Defendant requests that case scheduling be deferred until the next case management conference.

Defendant's [Joint] Case Management Statement – Case No. C 07-03981 MJJ

1  In the event that the court is inclined to schedule the case at this time, Defendant proposes the

2  following schedule:

3       Non-expert discovery completed by September 16, 2008;

4       Discovery motions filed by October 14, 2008.

5       All other motions filed by November 11, 2008.

6       If any of Plaintiff's causes of action survive Defendant's Motion to Dismiss, the parties

7  will file a stipulation requesting an extension of the Court's 90-day deadline for early neutral

8  evaluation.  All other deadlines shall be set in compliance with the Federal Rules of Civil

9  Procedure or pursuant to Court order.

10 **17.     Trial**

11      Defendant requests a trial date no earlier than January, 2009.   Defendant estimates that

12 trial time would be 5 days.

13 **18.     Disclosure of Non-party Interested Entities or Persons**

14      Defendant has filed the "Certification of Interested Entities or Person" required by Civil

15 Local Rule 3-16.  Other than the named parties, there is no such interest to report.

16 **19.     Such other matters as may facilitate the just, speedy and inexpensive disposition of
   this matter**
17

18      None at this time.

19 DATED: November 20, 2007                    SEYFARTH SHAW LLP

20

21                                            By
                                              Patricia H. Cullison
22                                            Allison B. Moser
                                              Attorneys for Defendant
23                                            MCKESSON CORPORATION. formerly
                                              known as MCKESSON HBOC, INC.
24

25 SF1 28307110.1 / 56248-000002

26

27

28

Defendant's [Joint] Case Management Statement – Case No. C 07-03981 MJJ

**PROOF OF SERVICE**

STATE OF CALIFORNIA                )
                                                       )  ss
COUNTY OF SAN FRANCISCO   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 20, 2007, I served the within documents:

DEFENDANT'S [JOINT] CASE MANAGEMENT STATEMENT

☐  I sent such document from facsimile machine (415) 397-8549 on August 2, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

CHRISTINE H. CHANG, Pro Se
341 Tideway Dr., #214
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 20, 2007, at San Francisco, California.

_Patricia K. Massender_
Patricia K. Massender