SEYFARTH SHAW LLP
Patricia H. Cullison (State Bar No. 101636)
pcullison@seyfarth.com
Allison B. Moser (State Bar No. 223065)
amoser@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
MCKESSON CORPORATION, formerly
known as MCKESSON HBOC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON HBOC, INC; MCKESSON HBOC CEO JOHN HAMMERGREN; MCKESSON HBOC EXECUTIVE VICE PRESIDENT PAUL KIRINCIC; MCKESSON HBOC SENIOR VICE PRESIDENT JERRY WARREN; MCKESSON HBOC VICE PRESIDENT CHRISTOPHER MAHER; MCKESSON HBOC VICE PRESIDENT TOM VON; MCKESSON HBOC VICE PRESIDENT TOM CAPIZZI; MCKESSON HBOC DIVISION MANAGER DONNA DRAHER; MCKESSON HBOC DIVISION MANAGER TOM PUTHUFF; MCKESSON HBOC DIVISION MANAGER KEVIN MYRICK; MCKESSON HBOC HUMAN RESOURCE RICH SOUBLET; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  C 07-3981 MJJ<br><br>**DEFENDANT MCKESSON CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date: December 4, 2007<br>Time: 9:30 a.m.<br>District Court Judge: Honorable Martin J. Jenkins<br>Courtroom: 11, 19th Floor |

## I.    INTRODUCTION

Plaintiff Christine Chang's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint does not offer any valid, legally supportable arguments to refute the points raised in Defendant's moving papers. She does not attempt to refute that the statutes of

1
Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Amended Complaint
Case No. C 07-3981 MJJ

limitations have run on all her causes of action. Rather, she relies only on the equitable estoppel doctrine to try to save them. Plaintiff fails, however, as the allegations in her Amended Complaint and arguments in her opposition papers demonstrate that she cannot satisfy the legal requirements of such a claim. Plaintiff fails to establish any fraudulent concealment by Defendant that prevented her from timely filing her individual claims. Moreover, she concedes she knew of her potential claims back in 1999, but chose not to raise them because of her involvement in an Employee Retirement Income Security Act (ERISA) class action. Plaintiff does not articulate any legally cognizable basis for failing to pursue her claims then.

Accordingly, Defendant respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b), the Court dismiss Plaintiff's Amended Complaint in its entirety as a matter of law.

## II.  LEGAL ARGUMENT

### A.  Plaintiff Cannot Overcome The Defects In Her Equitable Estoppel Claim

Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Opposition") makes a blanket assertion that each of her causes of action is based on the equitable estoppel doctrine. (Pl's Opp., 4:18-8:21.) Plaintiff's arguments in support of her equitable estoppel claim are misplaced. First, there is no evidence that any alleged fraudulent conduct on behalf of Defendant prevented Plaintiff from filing a timely claim. Rather, she concedes she knew of them but chose not to pursue them. Second, Plaintiff was well aware of her claims prior to the running of the limitations period; her claim that she was "prohibited" from raising her individual claims has no factual basis. Plaintiff's alleged conflict of interest based on the pending ERISA class action is a fiction. The conflict was her attorney's, not hers. There was nothing to stop her from retaining a different attorney to pursue her individual claims. Lastly, the case law and documents relied upon by Plaintiff are inapplicable and do not save her claims from dismissal.

1.  **There Is No Evidence That Defendant's Alleged Fraudulent Conduct Prevented Plaintiff From Timely Filing Her Claims.**

In order to properly assert the doctrine of equitable estoppel, Plaintiff needs to plead with specificity facts demonstrating that Defendant was engaged in fraudulent concealment or affirmative misconduct that *prevented Plaintiff from suing in time*. (*See, Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-451 (7th Cir. 1990) (equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations;" *see also, Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004) ("Equitable estoppel, sometimes referred to as fraudulent concealment, is invoked in cases where the defendant takes active steps to prevent the plaintiff suing in time, such as hiding evidence or promising not to plead the statute of limitations.").)

Here, Defendant did not take any active steps or engage in fraudulent concealment to prevent Plaintiff from filing her individual claims on time. Rather, the fraudulent concealment alleged by Plaintiff in her Opposition (aside from her mere workplace slights) go to her underlying claims, not to any attempt to stop her from asserting them. For example, she claims that Defendant's fraudulent concealment consists of conduct such as: (1) Plaintiff's manager providing a pay increase to Plaintiff during her manager's first year managing the Tandem System Programmer Division; (2) management concealing their fraudulent behavior by never intending to adjust Plaintiff's payroll; (3) misrepresentations regarding training, job assignments, computer equipments and on-call duties where Plaintiff was not paid; (4) misrepresentations regarding her vacation, severance, and back pay; and (5) management's fraudulent statements that Plaintiff was not qualified to participate in the Severance Plan. (Pl's Opp., 5:3-11; 6:1-2; 7:10-13.) All of these attempts to argue fraudulent concealment (in addition to the allegations in Plaintiff's Amended Complaint) consist of mere conclusory statements, unrelated to any attempt to stop her from filing them.[1] Plaintiff has not, and cannot, demonstrate that Defendant's alleged fraudulent misconduct prevented her from timely filing her individual claims.

---

[1] *See, Celotex Corp. v. Catrett*, 477 U.S. 371 (1986) (must provide some shred of plausible evidence beyond bald conclusory statements); *see also, Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) ("[C]onclusory statements, without specific evidentiary support, cannot support an

3

Instead, as demonstrated in Section (II)(A)(2) below, Plaintiff was well aware of her individual claims back in 1999. After meeting with an attorney, Plaintiff decided to set aside her individual claims and proceed with the ERISA class action against McKesson. There is simply no evidence that Defendant prevented Plaintiff from filing her claims at that time or engaged in other fraudulent conduct to delay her from pursing her individual claims.

### 2. Plaintiff Was Well Aware Of Her Claims Within the Limitations Periods.

Plaintiff's Opposition does not dispute that she knew about her individual claims, and consulted with an attorney about those claims, as early as 1999.[2] Accordingly, Plaintiff cannot rely on the equitable estoppel doctrine. *See, Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) (equitable estoppel will not toll a statute of limitations if "plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations") (citing to *Gleason v. Spota*, 194 A.D.2d 764 (N.Y.App.Div. 1993). In addition, Plaintiff claims in her opposition that Defendant Tom Puthuff fraudulently advised her to file a grievance and appeal based on alleged discrimination and sabotages of her job performance, and that within a few months she was laid off. (Pl's Opp., 5:14-22.) As it is undisputed that Plaintiff knew about her individual claims in 1999, her reliance on the equitable estoppel doctrine is misplaced.

### 3. The Case Law Relied Upon By Plaintiff Is Inapplicable

In support of her general allegation that equitable estoppel saves Plaintiff's claims from dismissal, Plaintiff relies on inapplicable and distinguishable case law. Moreover, the majority of the cases cited by Plaintiff actually hurt Plaintiff's arguments as they involve circumstances

---

actionable claim for harassment.") The court need not accept conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact as true. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

[2] In fact, Plaintiff admitted in her Complaint that she consulted with an attorney as early as April of 1999 about her individual claims, and admitted that her counsel made the decision to proceed with the ERISA class action instead of her individual claims. (Complaint, ¶¶ 60, 61.) She further admitted that her counsel in the ERISA class action made written requests to McKesson indicating that it violated ERISA to demand a waiver from Plaintiff in order to obtain severance payment. (Amended Complaint, ¶ 63.)

4
Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Amended Complaint
Case No. C 07-3981 MJJ

where the court either did not even discuss the equitable estoppel doctrine, or where the court ultimately declined to apply the doctrine.

For example, in support of her first cause of action for breach of contract based on equitable estoppel, Plaintiff relies on *Jorgensen v. Bank of San Francisco*, 1993 U.S. Dist. Lexis 607 (N.D. Cal. January 12, 1993) (a case involving a plaintiff who was improperly denied severance pay by the bank), where there was no mention of the equitable estoppel doctrine as plaintiff timely filed his suit. Similarly, there was no mention of the equitable estoppel doctrine in *Macy v. Dalton*, 853 F.Supp. 350 (E.D. Cal. 1994) (plaintiffs' equitable arguments did not relieve them of their exhaustion requirements because plaintiffs failed to show that some equitable consideration justified an exception to the exhaustion requirement),[3] *Crone v. F.D.I.C.*, 62 F.3d 1169, 1170 (9th Cir. 1995) (each appelle timely filed their claims for severance pay), or *Westinghouse Elec. Corp. v. P.G. & E. Co.*, 326 F.2d 575 (9th Cir. 1964) (no mention of the equitable estoppel doctrine as the court instead analyzed whether the fraudulent concealment of the existence of a cause of action based upon the Clayton Act tolled the statute of limitations). Plaintiff's reliance on these cases is entirely misplaced as not a single one even addresses the equitable estoppel doctrine.

Plaintiff also relies on cases where the court declined to apply the equitable estoppel doctrine. For example, in *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006), the Ninth Circuit held that the district court did not err in not applying equitable estoppel because there was no evidence of improper purpose by defendant or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct. Similarly, the court in *Linkenhoker v. Ruph*, 2007 U.S. Dist. Lexis 11368, *14-15 (N.D. Cal. Feb. 1, 2007), held that equitable estoppel did not save plaintiff's claims from their limitations defects because plaintiff alleged no facts to suggest that defendant actively prevented plaintiff from filing her

---

[3] The *Macy* case further supports Defendant because the court held that instead of merely failing to comply with the intricacies of administrative procedure when filing their claims, the plaintiffs in *Macy* "simply abandoned their elected remedy when they discovered that a class action had been filed in federal court in which they were putative plaintiffs." *Macy*, 853 F.Supp. at 357. Similarly, in the present case, Plaintiff did not simply fail her claims late because of technical difficulties in the process or affirmative misrepresentations by Defendant. Rather, she knew about her individual claims but abandoned them to proceed with the ERISA class action.

administrative complaint. Moreover, the patent infringement cases cited by Plaintiff are not helpful to her claims as the court held the equitable estoppel doctrine did not apply. *See, Hall v. FADR Int'l.*, 1995 U.S. Dist. Lexis 21910 (C.D. Cal. 1995), (court found no evidence of misleading conduct); *Meyers v. Asics Corp.*, 974 F.2d 1304 (1992) (silence alone does not give rise to an equitable estoppel claim), and *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459 (1990) (silence alone does not give rise to an equitable estoppel claim).

The sole case cited in Plaintiff's motion where the court actually applied the equitable estoppel doctrine was *Sprink v. Lockheed Corp.*, 125 F.3d 1257 (9th Cir. 1997). (Pl's Opp. 4:23.) However, even the *Sprink* case is distinguishable from the present case as there was an ambiguity in defendant's plan that required plaintiff to reasonably rely on an interpretation of an ambiguous provision of the plan. Here, there is no evidence that Plaintiff mistakenly relied on an ambiguity in Defendant's plan. Rather, as outlined *supra,* she was well aware of her individual claims in 1999. Thus, as Plaintiff has failed to cite to any law supporting the applicability of the equitable estoppel in this case, her causes of action should be dismissed as they are barred by the statutes of limitations.

### 4. Plaintiff's Exhibits Do Not Support Her Legal Claims

Plaintiff's allegations in her opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and the exhibits attached thereto, are irrelevant as they have absolutely no bearing on the statute of limitations claims at issue in Defendant's moving papers. In fact, Plaintiff's exhibits demonstrate that Plaintiff was well aware of her claims by 2000. (See, Pl's Opp., Exhibit A.) Where the documents do not support plaintiff's claim, the complaint may be dismissed for failure to state a valid claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Unrepresented plaintiffs are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Accordingly, Plaintiff's Amended Complaint should be dismissed as neither her arguments nor documents support her allegation that she was equitably estopped from asserting her claims.

**B.    The Statutes Of Limitations Have Run On All Of Plaintiff's Claims And Her Opposition Makes No Legal Arguments Establishing How To Otherwise Overcome Her Limitations Defects**

Other than Plaintiff's blanket assertion that the equitable estoppel doctrine applies to each of Plaintiff's causes of action, she fails to challenge the merits of Defendant's motion that each cause of action fails as a matter of law. Indeed, Plaintiff does not even respond to the specific points raised in Defendant's moving papers concerning the statute of limitations defects. As equitable estoppel is inapplicable for the reasons outlined above, and Plaintiff has raised no argument disputing the applicable limitations periods, Plaintiff's first, second, third and fourth causes of action should be dismissed as they are barred by the statute of limitations.

**C.    The Individually Named Defendants Should Be Dismissed As They Were Not Properly Served**

The individually named defendants should be dismissed as Plaintiff has not met her burden of establishing proper service. *See, Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) (the party upon whose behalf service was made has the burden to establish its validity). Plaintiff claims in her Opposition that she "intended to have the server deliver the Amended Complaint personally to the Defendants" but the "security procedure at the McKesson building made it impossible…" (Pl's Opp., 3:1-3.) Pursuant to Fed. Rule of Civ. Proc. 4(e), service upon an individual from whom a waiver has not been obtained and filed, may be effected by delivering a copy of the complaint and summons "to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion…" A defendant's office or place of business is not his or her "usual place of abode" within the meaning of F.R.C.P. Rule 4. *United States v. McLaughlin*, 470 F.3d 698, 699 (7th Cir. 2006); *Chiara v. Dizoglio*, 81 F.Supp.2d 242, 249 (D MA 2000). Moreover, the person claiming service must have delivered the papers to the defendant personally, as process cannot be left with others to deliver to the defendant, even if they agree to do so. *See, FDIC v. Mt. Vernon Ranch, Inc.*, 118 F.R.D. 496, 500

(WD MO 1988).[4] Here, other than claiming that the security procedures at McKesson made it "impossible" to serve individuals, Plaintiff has not demonstrated any other attempts to personally serve the named defendants, particularly those who are former McKesson employees. Lastly, Plaintiff has not established any evidence that McKesson accepted service for any former or current individually named Defendant.

Accordingly, as service on the individually named Defendants was not proper and as Plaintiff has failed to state a claim for relief as outlined above, Defendant respectfully requests that this Court dismiss the action as to all individually named defendants, and quash the service as to Defendants Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, and Richard Soublet, the individually named defendants who are no longer McKesson employees (see Defendant's Motion to Dismiss, 15:7-17:11).[5]

### D. Plaintiff's "Legal Issues" Are Inapplicable.

The "legal issues" introduced in Plaintiff's opposition have no bearing on the central legal issue raised in Defendant's moving papers – namely whether any of Plaintiff's claims can survive their statute of limitations defects. In her opposition, Plaintiff raises a host of "legal issues," each of which questions whether there were violations under ERISA, state and federal law. (Pl's Opp., 4:3-17.) First, these "legal issues" should not even be considered by this Court as most courts hold that in ruling on a F.R.C.P. Rule 12(b)(6) motion, the district court cannot consider "new" facts alleged in plaintiff's opposition papers. *See, Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998) (such allegations are irrelevant for Rule 12(b)(6) purposes). Here, all of the Plaintiff's "legal issues" are new as they question potential violations under ERISA. (Pl's Opp., 4:3-17.) In addition, some of the legal issues address new issues such as the legality of a corporation withholding payroll increases and the legality of determining employee performance on leaves and disability. (Pl's Opp., 4:13-17.)

---

[4] Furthermore, where a defendant is being sued in his or her individual capacity, service on the defendant's employer or other employees at the defendant's place of employment is inadequate unless these persons were authorized to accept service for defendant individually. *Taylor v. Gearan,* 979 F.Supp. 1, 5 (D DC 1997); *Elkins v. Broome,* 213 F.R.D. 273, 276 (MD NC 2003).
[5] *See, Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2nd Cir. 1985) (court may either dismiss the action or retain the action and quash service).

Regardless of whether these issues are considered in the present motion, Plaintiff's causes of action are all barred by the statute of limitations, and, for the reasons outlined above, the equitable estoppel doctrine is inapplicable.

### III. CONCLUSION

There is no doubt that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as none of the alleged causes of action can satisfy the requisite limitations periods. The limitations periods of Plaintiff's alleged causes of action expired between four and six years ago. Furthermore, as established *supra*, Plaintiff's equitable estoppel claim does not save her claims. Plaintiff has already been given one opportunity to amend, and has been unable to cure the defects in her pleadings. Because the defect appears on the face of the Amended Complaint, there is no doubt that these deficient allegations cannot be cured by further amendment. Based on the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety, and that Plaintiff's Amended Complaint be dismissed with prejudice.

DATED: November 20, 2007                    SEYFARTH SHAW LLP

By /s/ **Allison B. Moser**
Allison B. Moser
Attorneys for Defendant
MCKESSON CORPORATION, formerly known as MCKESSON HBOC, INC.

SF1 28307825.1 / 56248-000002