IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG,<br><br>    Plaintiff,<br><br>v.<br><br>MCKESSON HBOC, INC.,<br><br>    Defendant. | No. C07-03981 MJJ<br><br>**ORDER GRANTING DEFENDANT MCKESSON'S MOTION TO DISMISS AMENDED COMPLAINT AND QUASHING SERVICE OF THE AMENDED COMPLAINT FOR ALL INDIVIDUALLY NAMED DEFENDANTS** |

## INTRODUCTION

Before the Court is Defendant McKesson Corporation's Motion to Dismiss Amended Complaint. (Docket No. 35.) *Pro se* Plaintiff Christine Chang opposes Defendant's Motion. (Docket No. 41.)

For the following reasons, the Court **GRANTS** Defendant McKesson Corporation's Motion to Dismiss **WITHOUT LEAVE TO AMEND**. The Court **QUASHES** service of Plaintiff's Amended Complaint for all individually named Defendants.

## PROCEDURAL BACKGROUND

Plaintiff filed this case in San Francisco Superior Court on June 29, 2007. Defendant McKesson Corporation ("Defendant" or "Defendant McKesson") removed the case to federal court, and filed a motion to dismiss. (Docket No. 10.) The Court dismissed Plaintiff's due process and equal protection claim without leave to amend because Plaintiff was unable to allege state action. The Court dismissed Plaintiff's other four claims, but granted leave to amend. (Docket No. 25.)

The Court found that it was clear from the face of Plaintiff's Complaint that the applicable statutes of limitations had run on these four claims: (1) breach of implied contract; (2) wrongful termination; (3) fraud; and (4) intentional infliction of emotional distress. Plaintiff attempted to plead equitable tolling as grounds to alleviate the time bars, but the Court found that Plaintiff pleaded herself out of that argument. The Court, however, granted Plaintiff leave to amend to permit Plaintiff to plead equitable estoppel, if facts existed to support such an argument, as was suggested in paragraphs fifty-six and fifty-seven of Plaintiff's Complaint. Plaintiff filed an Amended Complaint ("AC"). (Docket No. 26.) In the AC, Plaintiff attempted to plead equitable estoppel with regard to the four claims for which leave to amend was granted.

**FACTUAL BACKGROUND**

The relevant material allegations in the AC are as follows.

Plaintiff began working for Defendant McKesson as a programmer on October 16, 1995. Plaintiff was employed by Defendant until March 30, 1999. (AC ¶ 1.) Plaintiff enrolled in several benefit plans through Defendant during the course of her employment. (AC ¶ 20.) Plaintiff was not fully compensated for her work because she was not provided overtime pay. (AC ¶¶ 21-22.) During Plaintiff's employment, Defendant failed to adequately provide her with the equipment necessary to effectively perform her duties. (AC ¶¶ 23-27.) A manager and another unnamed person discriminated against Plaintiff and sabotaged her work. (AC ¶¶ 34, 36, 75.) Plaintiff suffered migraines and tension headaches as a result of work related stress and the sabotages of her software installations. (AC ¶¶ 36, 79.)

In November 1996, Plaintiff received a pay increase, but the pay increase was never reflected in her actual pay. Plaintiff subsequently filed a grievance, seeking back pay. That request, as well as an appeal, were denied. (AC ¶¶ 28-29, 77.) Plaintiff also filed grievances based on the continuous sabotages of Plaintiff's weekly software installations. (AC ¶ 76.)

In November 1997, Plaintiff took a medical leave after having surgery. (AC ¶ 30.) Plaintiff's manager then threatened to "downgrade her." (AC ¶ 30.) Plaintiff's manager gave Plaintiff a "needed improvement" performance rating. (AC ¶ 30.) By March of 1998, this rating changed to "satisfactory." (AC ¶ 31.) Plaintiff was not given the same opportunity as other

2

employees to attend job training sessions. (AC ¶ 32.)

On March 30, 1999, Defendant terminated Plaintiff's employment due to a reduction in force. (AC ¶¶ 38, 46.) Plaintiff was then oppressively and fraudulently coerced to sign the waiver and general release of claims in exchange for severance pay. (AC ¶¶ 46, 57-64, 80.) Plaintiff did not sign the waiver of claims. (AC ¶ 47.) Plaintiff was then escorted out of the building and that humiliated her. (AC ¶¶ 48-49.) On the day of termination, all unpaid severance, vacation, disability, and back pay became due. (AC ¶ 39.) Plaintiff suffered further psychological injuries as a result of Defendant's reckless acts. (AC ¶ 49.) Plaintiff believes that her termination was wrongful and retaliatory. (AC ¶¶ 45-47, 54, 78.)

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

If a court finds a plaintiff's claims barred by the statute of limitations, and grants a motion to dismiss on that ground, it is then proper for a district court to grant leave to amend to allow a plaintiff to state any claims that are not time-barred. *See Udom v. Fonseca,* 846 F.2d 1236, 1237 (9th Cir. 1988). Before a district court can dismiss a *pro se* litigant's complaint, the court must

3

provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992). "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**ANALYSIS**

**A.     The Statutes of Limitations Have Run for Each of Plaintiff's Four Claims.**

Defendant argues, as it did in its previous Motion to Dismiss, that Plaintiff's claims are time barred. As stated by the Court in the Order Dismissing Plaintiff's Complaint ("Prior Order"), the applicable statutes of limitations have run with regard to the four claims now pleaded in Plaintiff's AC. (Docket No. 25.) Plaintiff does not contest the Court's finding. Accordingly, the Court will address the issue for which leave to amend was granted; whether Plaintiff can adequately allege that Defendant is equitably estopped from arguing that the statutes of limitations have run.

**B.     Plaintiff Fails to Adequately Plead Equitable Estoppel.**

Plaintiff alleges that the expiration of the statutory periods corresponding with Plaintiff's claims should not bar the claims under a theory of equitable estoppel.[1] "Equitable estoppel . . . halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)). Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Santa Maria*, 202 F.3d at 1176. A non-exhaustive list of factors a court can consider in determining if equitable estoppel excuses an untimely filing includes: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct leading to the plaintiff's untimely filing; (2) an improper purpose on the part of the defendant; and (3) the extent to which the plaintiff satisfied the limitations requirement, irrespective of the delay in filing. *See Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002); *Naton v. Bank of Cal.*, 649

---

[1] Equitable estoppel is also referred to as "fraudulent concealment." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).

4

F.2d 691, 696 (9th Cir. 1981).

In the Prior Order, the Court observed that paragraphs fifty-six and fifty-seven of the Complaint suggested that there may exist facts to support the doctrine of equitable estoppel. Plaintiff's AC incorporates the words "equitable estoppel" throughout, and also includes a section dedicated to alleging the application of equitable estoppel principles. Defendant directs the Court to three flaws in Plaintiff's assertion of equitable estoppel. First, Defendant argues that Plaintiff fails to establish the elements of equitable estoppel. Second, Defendant argues that the cases relied on by Plaintiff are inapplicable. Third, Defendant argues that Plaintiff cannot use her own ignorance of the law to justify her failure to bring her claims within the statutory period. The Court agrees with Defendant that Plaintiff fails to adequately allege grounds for estoppel in the AC.[2]

Affirmative misconduct which would prevent a plaintiff from filing their claims is the essence of an equitable estoppel argument. *See Santa Maria*, 202 F.3d at 1176; *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990); *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). On the record before the Court Plaintiff fails to allege conduct by Defendant which would have prevented Plaintiff from filing her claims within the statutorily required filing periods. The facts Plaintiff alleges pertain to Defendant's conduct regarding the underlying substantive claims and not to affirmative misconduct which prevented Plaintiff from bringing her claims. For example, Plaintiff alleges that "[e]quitable estoppel appropriate [sic] if Defendant has actively misled Plaintiff in coercing the execution of waiver and general release." (AC ¶ 91.) That alleged misconduct is the same behavior Plaintiff alleges to substantiate the fraud claim. (*See* AC ¶¶ 61-66.)

The Court therefore finds no allegations that suggest that Defendant acted so as to prevent Plaintiff from bringing her claims. Accordingly, the Court finds that Plaintiff has not sufficiently pleaded the doctrine of equitable estoppel. Plaintiff's claims are therefore time barred. The Court

---

[2] At oral argument, Plaintiff claimed that because she was the named representative in an ERISA class action brought against Defendant McKesson, the statutes of limitations for her individual claims against Defendant McKesson should be tolled from the time that suit was filed until it was resolved. While there is a class action tolling doctrine, such tolling is inapplicable in Plaintiff's case because there is no indication that the present claims are sufficiently similar to toll the statute of limitations. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 558-60 (1974); *Crown, Cork, & Seal Co., Inc. v. Parker*, 462 U.S. 345, 355 (1983) (Powell, J., concurring).

5

dismisses Plaintiff's claims without leave to amend because Plaintiff is unable to overcome the time bar deficiency.

### C. The Court Quashes Service of Plaintiff's Amended Complaint For All Individually Named Defendants.

In addition to Defendant McKesson, Plaintiff brought this action against ten individually named Defendants as well. These Defendants are: (1) McKesson HBOC CEO John Hammergren, (2) McKesson HBOC Executive VP Paul Kirincic, (3) McKesson HBOC Senior VP Jerry Warren, (4) McKesson HBOC VP Christopher Maher, (5) McKesson HBOC VP Tom Von, (6) McKesson HBOC VP Tom Capizzi, (7) McKesson HBOC Division Manager Donna Draher, (8) McKesson HBOC Division Manager Tom Puthuff, (9) McKesson HBOC Division Manager Kevin Myrick, and (10) McKesson HBOC Human Resource Rich Soublet.

Four of the individually named Defendants, John Hammergren, Paul Kirincic, Jerry Warren, and Donna Draher are current McKesson employees. (Docket No. 37, Erik Sprotte Decl. ¶ 4.) The other six individually named Defendants ceased employment with McKesson prior to the filing of Plaintiff's lawsuit. (*Id.* ¶¶ 5-10.) None of the individually named Defendants have appeared in this action, nor is there any proof in the record that the AC was served on the individually named Defendants.

Defendant McKesson raised, in this Motion, the insufficiency of service as to the individually named Defendants. Federal Rule of Civil Procedure 12(b)(5) allows a defendant to challenge the service of process. FED. R. CIV. P. 12(b)(5). When service of process is challenged, the party on whose behalf service was made has the burden to establish its validity. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service is deficient, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (1976). Plaintiff has failed to meet the burden of demonstrating that service was effected on the individual Defendants. At oral argument, Plaintiff conveyed that she attempted, but was unable, to effect personal service at McKesson on all of the individual Defendants. Representations at the hearing,

however, suggest that proper service is possible.[3] Accordingly, the Court quashes prior service, if any, of Plaintiff's AC as to all individual Defendants. Plaintiff is further ordered to effect service on the individually named Defendants within thirty days of the issuance of this Order. *See* FED. R. CIV. P. 4(m).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant McKesson's Motion to Dismiss **WITHOUT LEAVE TO AMEND**. The Court **QUASHES** service, if any, of Plaintiff's Amended Complaint for all individually named Defendants. Plaintiff is **ORDERED** to effect service on the individually named Defendants within thirty days of the issuance of this Order. Failure to properly and timely serve the individual Defendants will result in dismissal.

**IT IS SO ORDERED.**

Dated: December 17, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] At oral argument, Defendant McKesson represented that it will, if possible, assist Plaintiff in effecting service on the individually named Defendants. McKesson also stated that one individually named Defendant is likely deceased. A deceased individually named Defendant need not be served.

7