1  SEYFARTH SHAW LLP
   Patricia H. Cullison (State Bar No. 101636)
2  pcullison@seyfarth.com
   Allison B. Moser (State Bar No. 223065)
3  amoser@seyfarth.com
   560 Mission Street, Suite 3100
4  San Francisco, California 94105
   Telephone: (415) 397-2823
5  Facsimile: (415) 397-8549

6  Attorneys for Defendants
   MCKESSON CORPORATION, formerly known as
7  MCKESSON HBOC, INC., JOHN HAMMERGREN,
   PAUL KIRINCIC, JERRY WARREN and DONNA DRAHER
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 CHRISTINE H. CHANG,                    )  Case No.  C 07-3981 MJJ
                                          )
12            Plaintiff,                  )  **DEFENDANTS JOHN
                                          )  HAMMERGREN, PAUL KIRINCIC,
13      v.                                )  JERRY WARREN AND DONNA
                                          )  DRAHER'S MOTION TO DISMISS
14 MCKESSON HBOC, INC; MCKESSON          )  AMENDED COMPLAINT**
   HBOC CEO JOHN HAMMERGREN;             )
15 MCKESSON HBOC EXECUTIVE VICE          )  **[Fed. Rule Civ. Proc. 12(b)(6)]**
   PRESIDENT PAUL KIRINCIC; MCKESSON     )
16 HBOC SENIOR VICE PRESIDENT JERRY      )  Date: February 26, 2008
   WARREN; MCKESSON HBOC VICE            )  Time: 9:30 a.m.
17 PRESIDENT CHRISTOPHER MAHER;          )  District Court Judge: Honorable Martin J.
   MCKESSON HBOC VICE PRESIDENT TOM      )  Jenkins
18 VON; MCKESSON HBOC VICE PRESIDENT     )  Courtroom: 11, 19th Floor
   TOM CAPIZZI; MCKESSON HBOC            )
19 DIVISION MANAGER DONNA DRAHER;        )
   MCKESSON HBOC DIVISION MANAGER        )
20 TOM PUTHUFF; MCKESSON HBOC            )
   DIVISION MANAGER KEVIN MYRICK;        )
21 MCKESSON HBOC HUMAN RESOURCE          )
   RICH SOUBLET; and DOES 1 through 100, )
22 inclusive,                            )
                                          )
23            Defendants.                )
                                          )
24 _____  )

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................1

II.   PROCEDURAL BACKGROUND..........................................................................2

III.  FACTUAL BACKGROUND .................................................................................3

IV.   LEGAL AUTHORITY .........................................................................................4

    A.    The Standard For A Motion To Dismiss Pursuant To Fed.R.Civ. Proc. 12(b)(6). ..................................................................................................4

    B.    The Statutes Of Limitations Bar Is A Proper Basis For A Fed.R.Civ. Proc. 12(b)(6) Motion. ..............................................................................5

    C.    Plaintiff's Alleged Causes Of Action Fail To State A Claim Upon Which Relief Can Be Granted As They Are Barred By The Statute Of Limitations. ...........................................................................................6

        1.    Plaintiff's First Cause of Action for Breach of Implied Contract Fails as a Matter of Law........................................................7

        2.    Plaintiff's Second Cause of Action for Wrongful Termination Fails as a Matter of Law. ......................................................7

        3.    Plaintiff's Third Cause of Action for Fraud Fails as a Matter of Law. ........................................................................................8

        4.    Plaintiff's Fourth Cause of Action for Intentional Infliction of Emotional Distress Fails as a Matter of Law. ...............................9

    D.    Equitable Estoppel Does Not Save Plaintiff's Failure To Comply With The Limitations Periods.......................................................................10

        1.    Plaintiff's Cannot Meet the Requirements of Equitable Estoppel. ...........10

            a.    Plaintiff cannot establish any fraudulent behavior by Defendants. ...............................................................11

            b.    Plaintiff possessed timely knowledge of her claims. .....................13

        2.    The Cases Relied Upon by Plaintiff do not Support her Equitable Estoppel Claim..........................................................................14

# TABLE OF CONTENTS
(continued)

Page

      3.     Plaintiff's Equitable Estoppel Claim Fails as she Cannot Use Negligence and Ignorance as an Excuse. .................................................16

E.    Plaintiff's Amended Complaint Should Be Dismissed As To All Individually Named Defendants. .........................................................................16

V.    CONCLUSION.............................................................................................17

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Aetna Business Credit, Inc. v. Universal Dcor & Interior Design, Inc.,*
    635 F.2d 434 (5th Cir. 1981) ..................................................................................17

4

5

*Albrecht v. Lund,*
    845 F.2d 193 (9th Cir. 1988) ...................................................................................5

6

7

*Aldrich v. McCulloch Properties, Inc.,*
    627 F.2d 1036 (10th Cir. 1980) ...............................................................................6

8

9

*Associated General Contractors v. California State Council of Carpenters,*
    459 U.S. 519 (1983)..........................................................................................5, 12

10

*Aulson v. Blanchard,*
    83 F.3d 1 (1st Cir. 1996)........................................................................................12

11

12

*Babich v. Cadillac Fairview/California, Inc.,*
    1996 U.S. Dist. LEXIS 20734 (C.D. Cal. Feb 6, 1996)..........................................5

13

14

*Beliveau v. Caras,*
    873 F. Supp. 1393 (CD Cal. 1995) .......................................................................12

15

*Bridgeport Music Inc. v. Diamond Time, Ltd.,*
    371 F.3d 883 (6th Cir. 2004) .................................................................................11

16

17

*C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.,*
    419 F. Supp. 2d 419 (S.D.N.Y. 2005)....................................................................17

18

19

*Cada v. Baxter Healthcare Corp.,*
    920 F.2d 446 (7th Cir. 1990) .................................................................................11

20

21

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) .....................................................................................4

22

23

*Causey v. Balog,*
    162 F.3d 795 (4th Cir. 1998) .................................................................................11

24

*Celotex Corp. v. Catrett,*
    477 U.S. 371 (1986).................................................................................................11

25

26

*Conerly v. Westinghouse Elec. Corp.,*
    623 F.2d 117 (9th Cir. 1980) .................................................................................11

27

*Conley v. Gibson,*
    335 U.S. 41 (1957)...............................................................................................4, 5

28

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.,*
    459 U.S. 519 (1983) ........................................................................................................12

*In re Delorean Motor Co.,*
    991 F.2d 1236 (6th Cir. 1993) ......................................................................................12

*Ellingson v. Burlington Northern, Inc.,*
    653 F.2d 1327 (9th Cir. 1981) ......................................................................................14

*Guerrero v. Gates,*
    442 F.3d 697 (9th Cir. 2006) ............................................................................10, 11, 12

*Harrell v. 20th Century Ins. Co.,*
    934 F.2d 203 (9th Cir. 1991) ..........................................................................................7

*Hinton v. Pacific Enterprises,*
    5 F.3d 391 (9th Cir. 1993) ..............................................................................................8

*Huynh v. Chase Manhattan Bank,*
    465 F.3d 992 (9th Cir. 2006)I ......................................................................................13

*Jablon v. Dean Witter & Co.,*
    614 F.2d 677 (9th Cir 1980) ..........................................................................................6

*Johnson v. Henderson,*
    314 F.3d 409 (9th Cir. 2002) ..........................................................................................3

*Keyse v. California Texas Oil Corp.,*
    590 F.2d 45 (2nd Cir. 1978) ...........................................................................................3

*Lehman v. United States,*
    154 F.3d 1010 (9th Cir. 1998) , *cert. denied,* 526 U.S. 1040 (1999) ...........................10

*Marsh v. Soares,*
    223 F.3d 1217 (10th Cir. 2000) ....................................................................................16

*Mukherjee v. INS,*
    793 F.2d 1006 (9th Cir. 1986) ......................................................................................11

*O'Donnell v. Vencor Inc.,*
    466 F.3d 1004 (9th Cir. 2006) ......................................................................................14

*Parker v. BankAmerica Corp.,*
    50 F.3d 757 (9th Cir. 1995) ..........................................................................................14

*In re Plywood Antitrust Litigation,*
    655 F.2d 627 (5th Cir. 1981) ..........................................................................................5

iv

1

2   *Robertson v. Dean Witter Reynolds, Inc.*,
        749 F.2d 530 (9th Cir. 1984) ...................................................................4

3   *SEC v. Seaboard Corp.*,
4        677 F.2d 1315 (9th Cir. 1982) ...............................................................12

5   *Santa Maria v. Pac. Bell*,
6        202 F.3d 1170 (9th Cir. 2000) ...............................................................10

7   *Schafer v. Board of Public Educ.*,
        903 F.2d 243 (3rd Cir. 1990) .................................................................15
8

9   *Scholar v. Pacific Bell*,
        963 F.2d 264 (9th Cir. 1992) .................................................................16

10  *Socop-Gonzalez*,
11       272 F.3d 1176 (9th Cir. 2001) ...............................................................11

12  *Stallcop v. Kaiser Foundation Hospitals*,
13       820 F.2d 1044 (9th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987).................3

14  *Sutliff, Inc. v. Donovan Companies, Inc.*,
        727 F.2d 648 (7th Cir. 1984) ...................................................................5
15

16  *Transphase Systems, Inc. v. Southern Calif. Edison Co.*,
        839 F. Supp. 711 (C.D. Cal. 1993) .........................................................5

17  *Travelers Ins. Co. v. 633 Third Assocs.*,
18       14 F.3d 114 (2d Cir. 1994).............................................................14, 15

19  *United States v. Hemmen*,
        51 F.3d 883 (9th Cir. 1995) ...................................................................10
20

21  *Western Mining Council v. Wyatt*,
        643 F.2d 618 (9th Cir. 1981) ...................................................................5

22  *Woods v. Asset Resources*,
23       2006 U.S. Dist. LEXIS 94325 (E.D. Cal. 2006) ........................................6

24  *Zipes v. Trans World Airlines, Inc.*,
25       455 U.S. 385 (1982)............................................................................15

26                              **STATE CASES**

27  *Board of Regents v. Seattle*, 108 Wn.2d 545 (1987)........................................15

28

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

*Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988) .................................................................8

*Magpali v. Farmers Group, Inc.,*
    48 Cal. App. 4th 471 (1996) .......................................................9

*Magpali v. Farmers Group, Inc.,*
    49 Cal. App. 4th 471 (1996) .................................................8, 9

*Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,*
    144 Cal. App. 4th 1175 (2006) .................................................10

*Oppenheimer v. General Cable Corp.,*
    143 Cal. App. 2d 293 (1956) ......................................................7

*Phillips v. Gemini Moving Specialists,*
    63 Cal. App. 4th 563 (1998) .......................................................8

*Romano v. Rockwell Int'l, Inc.,*
    14 Cal. 4th 479 (1996) ..............................................................7

*Wilhelm v. Beyersdorf,* 100 Wn. App. 836 (2000)..............................14

## DOCKETED CASES

*Purtell v. Mason,*
    Case No. 04 C 7005 (N.D. Ill. 2006) .......................................14

## FEDERAL STATUTES

Fed. Rule Civ. Proc. 9(b) .....................................................................12

Fed. Rule Civ. Proc. 12(b)(6)..................................................................1

## STATE STATUTES

Cal.Code of Civ. Proc. §335.1 ........................................................7, 8, 9

Cal. Code of Civ. Proc. §337(1) ..............................................................7

Cal. Civ. Code §2343...............................................................................7

vi

## I.    INTRODUCTION

Despite the fact that this Court granted Defendant McKesson Corporation's Motion to Dismiss Plaintiff Christine Chang's ("Plaintiff") Amended Complaint without leave to amend, Plaintiff nevertheless is now trying to pursue the same claims against the individually named Defendants. Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher's ("Defendants")[1] Motion to Dismiss should be granted for the identical reasons that were relied upon by this Court in ruling upon Defendant McKesson's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has not asserted, and cannot assert, a single reason as to why her claims against the individually named Defendants survive.

In her Amended Complaint, Plaintiff fails to state any claim upon which relief can be granted. Plaintiff's Amended Complaint demonstrates that she has no meritorious claim to overcome her failure to comply with the applicable limitation periods in the present case. Notwithstanding Plaintiff's attempt to salvage her complaint by alleging equitable estoppel and equitable tolling defenses, three facts remain true from the face of her pleadings: (1) the statutes of limitations have run on all of Plaintiff's alleged causes of action; (2) there is no evidentiary allegation of fraudulent behavior, a concealment, or misrepresentation on behalf of any Defendant; and (3) Plaintiff possessed timely knowledge of her individual claims.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's Amended Complaint in its entirety as to all Defendants, because it fails as a matter of law to state a claim upon which relief can be granted. First, as reflected on the face of the pleading, the First, Second, Third and Fourth Causes of Action are barred by the statute of limitations. Second, Plaintiff's attempt to save the claims by pleading equitable estoppel and/or equitable tolling fails because Plaintiff's allegations demonstrate that she cannot satisfy the legal

---

[1] As outlined below, Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher are current McKesson employees, and were served with the Amended Complaint. The remaining individual Defendants were not served, and Plaintiff's failure to properly serve these Defendants results in dismissal of her Amended Complaint against such Defendants.

1    requirements of such a claim.  Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss

2    Plaintiff's Amended Complaint as a matter of law.

3         Moreover, there is no evidence that Plaintiff served Defendants Christopher Maher, Tom

4    Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, or Rich Soublet with the Amended Complaint.

5    Per this Court's Order Granting Defendant McKesson Corporation's Motion to Dismiss

6    Plaintiff's Amended Complaint and Quashing Service for the Individually Named Defendants,

7    failure to serve the individual Defendants in accordance with the Court's order would result in

8    dismissal.  As Plaintiff has failed to comply with the Court's order, her Amended Complaint

9    should be dismissed in its entirety as to the individually named Defendants who were formerly

10   employed at McKesson.

11   **II.    PROCEDURAL BACKGROUND**

12        On or about June 28, 2007, Plaintiff filed the Complaint in the present case against

13   Defendants in San Francisco Superior Court.  Plaintiff alleged: (1) breach of implied contract;

14   (2) wrongful termination; (3) fraud; (4) negligent intentional [sic] infliction of emotional distress;

15   (5) violation of fundamental due process and equal protection rights; and (6) equitable tolling.

16   (*See,* Complaint, attached as <u>Exhibit 1</u> to Defendant's Request for Judicial Notice.)  On August

17   2, 2007, Defendant McKesson Corporation ("McKesson") filed a notice of removal from the San

18   Francisco Superior Court to this Court.

19        Pursuant to Fed.R.Civ.Proc. 12(b)(6), McKesson filed a motion to dismiss Plaintiff's

20   Complaint in its entirety on August 9, 2007.  On September 20, 2007, the Court issued an order

21   granting McKesson's Motion to Dismiss with leave to amend in part.  (See, Declaration of

22   Allison B. Moser ("Moser Decl."), ¶ 2, <u>Exhibit A</u>.)  The Court granted McKesson's Motion with

23   leave to amend on Plaintiff's first, second, third and fourth causes of action.  (Moser Decl., ¶ 2,

24   <u>Exh. A</u>, p. 7:7-8.)  The Court granted McKesson's Motion without leave to amend on the

25   Plaintiff's fifth cause of action, and concluded that Plaintiff could not plead equitable tolling

26

27

28

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1  with the facts alleged.[2]  (Moser Decl., ¶ 2, <u>Exh. A</u>, p. 7:8-14.) On October 11, 2007, Plaintiff

2  filed an Amended Complaint.

3      On October 30, 2007, McKesson filed a Motion to Dismiss Plaintiff's Amended

4  Complaint and Quash the Service as to the Individually Named Defendants.  On December 17,

5  2007, this Court granted Defendant McKesson's Motion to Dismiss without leave to amend, and

6  quashed Plaintiff's service on the individually named Defendants. (Moser Decl., <u>Exhibit B</u>.)

7  This Court ordered Plaintiff to effect service on the individually named Defendants within 30

8  days of the issuance of the December 17, 2007 order (i.e., by January 16, 2008), and held that

9  failure to properly and timely serve the individual Defendants would result in dismissal. (Moser

10 Decl., <u>Exh. B</u>, p. 7:6-10.)

11     On or about January 8, 2008, Defendants John Hammergren, Paul Kirincic, Jerry Warren

12 and Donna Draher were served with Plaintiff's Amended Complaint. (Moser Decl., ¶ 4, <u>Exhibit</u>

13 <u>C</u>.)  There is no evidence that Plaintiff properly or timely served the remaining individual

14 Defendants. (Moser Decl., ¶ 4.)

15 **III.   FACTUAL BACKGROUND**

16     On or about October 16, 1995, Plaintiff Christine Chang began working at McKesson as

17 a System Programmer. (Amended Complaint, ¶¶ 1, 20.)  Plaintiff was eligible for immediate

18 participation in all benefit plans, except for the Profit Sharing Investment Plan and Retirement

19 Plan, which had a one-year waiting period. (Amended Complaint, ¶ 20.)  Starting on her first

20 day of employment, Plaintiff participated in all benefit plans eligible and, one year later, she

21 participated in the Profit Sharing Investment Plan and Retirement Plan. (Amended Complaint, ¶

22 20.)

23

24 [2] Plaintiff was unable to assert equitable tolling as it was evident from her Complaint that she
   discussed her claims with an attorney in 1999.  "[O]nce a claimant retains counsel, tolling ceases
25 because she has gained the means of knowledge of her rights and can be charged with
   constructive knowledge of the law's requirements." *Johnson v. Henderson*, 314 F.3d 409, 414
26 (9th Cir. 2002), citing to *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir.
   1987), *cert. denied*, 484 U.S. 986 (1987); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47-
27 48 (2nd Cir. 1978) (tolling inappropriate where plaintiff represented by counsel).

28 

3

1    On March 30, 1999, Plaintiff's employment with McKesson terminated. (Amended

2  Complaint, ¶¶ 1, 38, 46.) Plaintiff was provided with a copy of the McKesson HBOC, Inc.

3  Severance Plan SPD on March 30, 1999. (Amended Complaint, ¶ 56.)

4    In 1999, Plaintiff filed an Employee Retirement Income Security Act ("ERISA") Class

5  Action against McKesson in the United States District Court, Northern District of California

6  (*Chang v. McKesson HBOC*, U.S.D.C., N.Dist. Cal. C99-5075. (Amended Complaint, ¶¶ 63,

7  91.) Plaintiff Chang was the class representative in *Chang v. McKesson HBOC*. (Amended

8  Complaint, ¶¶ 63, 91.) Plaintiff's counsel in the class action, Peter Myers, made written requests

9  to McKesson indicating that it was a violation of ERISA to demand waiver from Plaintiff in

10  order to obtain severance pay and that waiver was overly broad requiring Plaintiff to waive all

11  claims. (Amended Complaint, ¶ 63.)

12    Plaintiff alleges she was unable to bring her individual complaint against McKesson

13  because of her alleged conflict of interest as the named representative in the ERISA Class

14  Action. (Amended Complaint, ¶ 91.) Plaintiff claims she was delayed in filing this individual

15  action due to the extraordinary circumstances of the ERISA class action, which took from 1999

16  to May of 2007 to complete. (Amended Complaint, ¶ 91.)

17  **IV.    LEGAL AUTHORITY**

18    **A.    The Standard For A Motion To Dismiss Pursuant To**
19         **Fed.R.Civ. Proc. 12(b)(6).**

20    Pursuant to Fed. R. Civ. Proc. 12(b)(6), a court may dismiss a complaint or cause of

21  action for failure to state a claim upon which relief can be granted. Dismissal with prejudice is

22  appropriate if the facts pled do not support a claim for relief, even assuming the allegations to be

23  true, or if there is a lack of cognizable legal theory. *Conley v. Gibson*, 335 U.S. 41, 45-46

24  (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). In

25  making this determination, "all allegations of material fact are taken as true and construed in the

26  light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

27

28

1   338 (9th Cir. 1996).  Although the court must assume that the allegations of a Plaintiff's

2   complaint are true, the court is not required "to accept as true conclusory allegations … or

3   unreasonable inferences." *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp.

4   711, 719 (C.D. Cal. 1993) (quoting text); *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648,

5   654 (7th Cir. 1984) (stating that "a complaint still must contain either direct or inferential

6   allegations respecting all the material elements necessary to sustain a recovery under *some* viable

7   legal theory," quoting, *In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir. 1981).)

8   Nor does the Court need to assume Plaintiff can prove different facts from those she has alleged.

9   *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526

10  (1983).  Rather, to survive a motion to dismiss, the plaintiff must state a claim based on well

11  pleaded factual allegations.  *Western Mining Council v. Wyatt*, 643 F.2d 618, 624 (9th Cir. 1981)

12  ("We do not, however, necessarily assume the truth of legal conclusions merely because they are

13  cast in the form of factual allegations.")

14          A complaint should be dismissed for failure to state a claim if "it appears beyond doubt

15  that the plaintiff can prove no set of facts in support of his claim which would entitle him to

16  relief." *Conley,* 355 U.S. at 45-46.  For the reasons discussed below, Plaintiff has failed to assert

17  facts sufficient to state claims against Defendants upon which relief can be granted, and no

18  further amendment can make her claims viable as she cannot overcome the limitations periods

19  that have already passed.  When amendment would be futile, dismissal may be ordered with

20  prejudice. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988).  Therefore, Plaintiff's claims

21  as to all defendants must be dismissed with prejudice and without leave to amend.

22     **B.      The Statutes Of Limitations Bar Is A Proper Basis For A**
              **Fed.R.Civ. Proc. 12(b)(6) Motion.**
23

24          Where the facts and dates alleged in the complaint indicate the claim is barred by the

25  statute of limitations, a motion to dismiss for failure to state a claim lies.  The Amended

26  Complaint fails to state a claim because the action is time barred. *Babich v. Cadillac*

27

28                                                      5

1  *Fairview/California, Inc.*, 1996 U.S. Dist. Lexis 20734 (C.D. Cal. Feb 6, 1996); *Jablon v. Dean*

2  *Witter & Co.*, 614 F.2d 677, 682 (9th Cir 1980) (where the complaint on its face discloses an

3  absolute defense or bar to recovery, such as the running of the statute of limitations, a motion to

4  dismiss for failure to state a claim lies).  *See also, Aldrich v. McCulloch Properties, Inc.*, 627

5  F.2d 1036, 1041, n. 4 (10th Cir. 1980) (where a complaint shows on its face that the applicable

6  statute of limitations has expired, a motion to dismiss for failure to state a claim is appropriate).

7  A motion to dismiss based on the running of the statute of limitations may be granted only if the

8  assertions of the complaint, read with the required liberality, would not permit the plaintiff to

9  prove that the statute was tolled. *Woods*, 2006 U.S. Dist. Lexis 94325 at *41-42.

10        Here, a motion to dismiss is proper because the running of the statutes of limitations is

11  evident from the face of the Amended Complaint, a fact which not even the Plaintiff contests.

12  Moreover, as stated by this Court in its September 20, 2007 Order (Moser Decl., <u>Exh. A</u>) and its

13  December 17, 2007 Order (Moser Decl., <u>Exh. B</u>, p. 4:7-13), the applicable statutes of limitations

14  have run with regard to the claims now pleaded in Plaintiff's Amended Complaint.

15        **C.    Plaintiff's Alleged Causes Of Action Fail To State A Claim**
           **Upon Which Relief Can Be Granted As They Are Barred By**

16         **The Statute Of Limitations.**

17        Plaintiff's Amended Complaint contains causes of action for: (1) breach of implied

18  contract (Amended Complaint, ¶¶ 19-43); (2) wrongful termination (Amended Complaint, ¶¶ 44-

19  54); (3) fraud (Amended Complaint, ¶¶ 55-72); and (4) intentional infliction of emotional

20  distress (Amended Complaint, ¶¶ 73-90).  As evident from the face of the Amended Complaint,

21  Plaintiff's employment with McKesson ended on March 30, 1999 (Amended Complaint, ¶¶ 1,

22  38, 46), and Plaintiff did not file her Complaint in this action until June 29, 2007, over eight

23  years after Plaintiff's termination date.  Plaintiff's causes of action fail to state a claim upon

24  which relief can be granted as the applicable statutes of limitations expired well before Plaintiff

25  filed her Complaint.

26

27

28

1.    <u>Plaintiff's First Cause of Action for Breach of Implied</u>
<u>Contract Fails as a Matter of Law.</u>

Plaintiff's first cause of action for breach of implied contract is subject to a four-year statute of limitations. Cal. Code of Civ. Proc. §337(1); *see also, Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991). The statute of limitations in contract actions normally accrues at the time of breach, which in employment cases, means the time performance is due. *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 488 (1996). Plaintiff claims that all unpaid severance, vacation, disability, and back pay became due on March 30, 1999, the date of Plaintiff's termination. (Amended Complaint, ¶¶ 1, 39.) She further alleges that Defendants breached an implied contract by receiving and accepting the benefits of the services of Plaintiff for three and one-half years knowing that Plaintiff was providing such services in reliance on the implied employment contract. (Amended Complaint, ¶ 40.) Based on the four-year limitations period for breach of implied contract, Plaintiff was required to file her breach of implied contract no later than March 30, 2003. As this cause of action was not brought until over four years later, it is untimely and should be dismissed under Rule 12(b)(6).[3]

2.    <u>Plaintiff's Second Cause of Action for Wrongful</u>
<u>Termination Fails as a Matter of Law.</u>

Plaintiff's second cause of action for wrongful termination is subject to the two-year limitations period prescribed by C.C.P. §335.1. *See*, C.C.P. §335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.") The cause of action accrues at the time of actual termination rather than an earlier date when the employee was notified of his or her termination. *See, Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 501 (1996). Here, as Plaintiff acknowledges that she was terminated on March 30, 1999 (Amended Complaint, ¶¶ 1, 38, 46), the two-year limitations period for wrongful termination began accruing on March 30, 1999 and expired on or about

_____

[3] Plaintiff's breach of contract claim further fails because any alleged liability under a breach of contract claim is that of the company, not the individual Defendants. See, *Oppenheimer v. General Cable Corp.*, 143 Cal.App.2d 293, 297 (1956); Civ. Code §2343.

7

1  March 30, 2001.  As Plaintiff failed to bring her wrongful termination claim until over six years

2  later, it is untimely and should be dismissed.[4]

3       California law also allows a wrongful termination claim to be pleaded as a breach of

4  contract claim.  *See, Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988).  In the event that

5  Plaintiff is trying to characterize her wrongful termination as a breach of contract claim, such

6  claim is subject to the statute of limitations governing breach of contract actions.  *See Hinton v.*

7  *Pacific Enterprises*, 5 F.3d 391, 394 (9th Cir. 1993).  As outlined in Section III(C)(1), even if

8  Plaintiff is given the longer four-year limitations period applicable to breach of implied contract

9  claims, she is still untimely in bringing her cause of action.  Accordingly, Plaintiff's wrongful

10  termination claim should be dismissed.

11            3.    Plaintiff's Third Cause of Action for Fraud Fails as a
                    Matter of Law.

12

13       Plaintiff's third cause of action for fraud is subject to a three year limitations period.

14  C.C.P. §338(d).  A cause of action for fraud "is not…deemed to have accrued until the

15  discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  C.C.P.

16  §338(d); *see, Magpali v. Farmers Group, Inc.*, 49 Cal.App.4th 471, 484 (1996).  Plaintiff asserts

17  that during the March 30, 1999 termination meeting, she was given the McKesson Severance

18  Plan and fraudulently and coercively requested to sign the "WAIVER AND GENERAL

19  RELEASE OF CLAIMS" in order to qualify to receive the severance payment.  (Amended

20  Complaint, ¶¶ 56, 57, 59, 61, 62.)  Plaintiff further acknowledges that as a result of "McKesson's

21  fraudulent and intentional torts, Plaintiff suffers injuries including

22  back/vacation/disability/severance pays, starting November 1, 1996 through March 30, 1999 for

23  the back pay, January through March 1999 for the vacation pay, March 30, through June 30 1999

24  for the disability pay, severance pay, plus 10% interest and punity [sic]."  (Amended Complaint,

25
    ─────────────────────
26  [4] Plaintiff's wrongful termination claim also fails as to the individual Defendants because any alleged liability under a wrongful termination claim would be against the company, and not the individual Defendants.  See, *Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563, 566

27  (1998).

                                                8
28  Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1    ¶ 72.) According to Plaintiff's Amended Complaint, therefore, Plaintiff's cause of action for

2    fraud accrued on or about June 30, 1999, meaning the three-year limitations period expired on or

3    about June 30, 2002. Therefore, Plaintiff's claim for fraud is barred as it was not brought within

4    the applicable limitations period.

5                    4.    Plaintiff's Fourth Cause of Action for Intentional Infliction
                          of Emotional Distress Fails as a Matter of Law.
6

7              Plaintiff's fourth cause of action is for intentional infliction of emotional distress.

8    (Amended Complaint, ¶¶ 73-90.) Intentional infliction of emotional distress is subject to a two

9    year limitation period under C.C.P. §335.1.[5] The statute of limitations for intentional infliction

10   of emotional distress runs from the date of the allegedly wrongful conduct causing plaintiff to

11   suffer severe emotional distress. *See, Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 484

12   (1996).

13            In the present case, Plaintiff claims that from April 1996 through March 1999 she was

14   discriminated against by Defendants. (Amended Complaint, ¶ 75.) She claims that within a few

15   months from filing her grievance, she "was laid off by the Vice President in retaliation of filing

16   grievances and appeal against management staffs." (Amended Complaint, ¶¶ 76-78.) Plaintiff

17   further claims that she was "aggravated and devastated being thrown out of employment," and

18   was "unable to seek work or attain daily function for three months caused by McKesson's

19   intentional, wanton, reckless, and malicious acts in its termination of employment." (Amended

20   Complaint, ¶¶ 80-82.) Therefore, Plaintiff's claim for emotional distress began to run, at the

21   latest, on March 30, 1999 (the date of Plaintiff's termination, and the date when Plaintiff claims

22   Defendant began unlawfully denying Plaintiff her right to the severance pay, (Amended

23   Complaint, ¶¶ 1, 80, 81), and expired two years later on or about March 30, 2001. Accordingly,

24   her fourth cause is untimely as it was not brought until over six years later.

25

26   _____

27   [5] Actions for "assault, battery, or injury to, or for the death of, an individual caused by the
     wrongful act or neglect of another" must be brought within two years after accrual of the action.

28                                                    9
     Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

**D.    Equitable Estoppel Does Not Save Plaintiff's Failure To Comply With The Limitations Periods.**

Plaintiff's assertion of the doctrine of equitable estoppel does not toll the statutes of limitations in the present case because (1) equitable estoppel is inapplicable as Plaintiff has failed to establish the elements of equitable estoppel; (2) the cases relied upon by Plaintiff in support of her equitable estoppel claim are inapplicable; and (3) Plaintiff cannot allege ignorance of the law to excuse her own negligence in failing to comply with the applicable limitations periods.  In addition, in ruling on McKesson's Motion to Dismiss Plaintiff's Amended Complaint, this Court stated that it "agrees with Defendant that Plaintiff fails to adequately allege grounds for estoppel in the AC." (Moser Decl., Exh. B, p. 5:9-10.)  There are no facts or circumstances that now permit Plaintiff to assert the equitable estoppel doctrine to save her claims against the individually named Defendants.

1.    Plaintiff's Cannot Meet the Requirements of Equitable Estoppel.

"The elements of equitable estoppel are that '(1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.'" *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998) (quoting *United States v. Hemmen,* 51 F.3d 883, 892 (9th Cir. 1995)), *cert. denied,* 526 U.S. 1040 (1999); *see also, Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,* 144 Cal.App.4th 1175, 1189 (2006).  "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"  *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006), citing to *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176-1177 (9th Cir. 2000).  To establish equitable estoppel, the plaintiff must demonstrate that "he relied on the defendant's misconduct in failing to file in a timely manner and 'must plead with particularity

10

the facts which give rise to the claim of fraudulent concealment.'" *Guerrero v. Gates*, 442 F.3d 697, 706-707 (9th Cir. 2006), citing to *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980). Plaintiff cannot satisfy her burden of establishing equitable estoppel.

### a. Plaintiff cannot establish any fraudulent behavior by Defendants.

In order to properly assert the doctrine of equitable estoppel, Plaintiff needs to plead with specificity facts demonstrating that Defendants were engaged in fraudulent concealment or affirmative misconduct. Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations...Equitable estoppel in the limitations setting is sometimes called fraudulent concealment." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-451 (7th Cir. 1990). Equitable estoppel requires a showing of "affirmative misconduct," (*Socop-Gonzalez*, 272 F.3d 1176, 1184 (9th Cir. 2001)), which has been defined to mean a "deliberate lie" or "a pattern of false promises." *Id.*, citing to *Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986). *See also, Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883,891 (6th Cir. 2004) ("Equitable estoppel, sometimes referred to as fraudulent concealment, is invoked in cases where the defendant takes active steps to prevent the plaintiff suing in time, such as hiding evidence or promising not to plead the statute of limitations.").

In the present case, there are no evidentiary allegations of "affirmative misconduct" or "fraudulent concealment" by Defendants. As demonstrated in Section (III)(D)(1)(b) below, Plaintiff was well aware of her individual claims back in 1999. Moreover, her attempts to argue fraudulent concealment in her Amended Complaint consist of mere conclusory statements. *See, Celotex Corp. v. Catrett*, 477 U.S. 371 (1986) (must provide some shred of plausible evidence beyond bald conclusory statements); *see also, Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) ("[C]onclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment."). For example, Plaintiff alleges that she was fraudulently and oppressively coerced to execute a "waiver and general release of claims" in exchange for

11

1  severance pay.  (Amended Complaint, ¶¶ 46, 59, 60.)  She also "believes" that it is "McKesson's

2  general scheme in coercing separated employees into signing the WAIVER AND GENERAL

3  RELEASE OF CLAIMS."  (Amended Complaint, ¶ 61.)  Plaintiff further alleges that McKesson

4  "intended to botch" the ERISA class action (where Plaintiff was the class representative) and

5  prohibit the class action from going forward by demanding Plaintiff to execute the waiver and

6  general release of claims.  (Amended Complaint, ¶¶ 65, 66.)

7       Plaintiff's allegations are mere conclusory statements that do not sufficiently plead

8  fraudulent concealment or affirmative misconduct by Defendants.  Allegations that Defendants

9  "fraudulently coerced" Plaintiff to executive a waiver and release are mere conclusions.[6]  The

10  court need not accept conclusionary allegations, legal characterizations, unreasonable inferences

11  or unwarranted deductions of fact as true.  *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th

12  Cir. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-1396 (CD Cal. 1995).

13       Even assuming, for purposes of this motion, that such statements are in fact true, Plaintiff

14  has not plead any "fraudulent concealment" by Defendants in her Amended Complaint.  *See,*

15  *Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006) (Ninth Circuit granted defendant's motion

16  to dismiss, and held that equitable estoppel did not apply because even assuming plaintiff's

17  allegations of a conspiracy were true, plaintiff did not plead with particularity any additional

18  fraudulent behavior on the part of defendants that would excuse his delay in bringing this suit.)

19  Accordingly, Defendants' motion to dismiss should be granted as Plaintiff has not plead with

20  particularly any "affirmative misconduct" or "fraudulent concealment" by Defendants that

21  excuse her failure to comply with the statutes of limitations.  This Court is not required to

22  assume that Plaintiff can prove facts different from those she has already alleged.  *See,*

23  *Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.*, 459 U.S. 519, 526

24  (1983); *see also, Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (courts need not "swallow the

---

[6] Furthermore, Plaintiff's fraud must be pleaded "with particularity" (F.R.C.P. 9(b)) and a mere conclusion need not be accepted as true without supporting allegations establishing why it was "fraudulent." *See, SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982) (failure to allege facts showing scienter).

12

1    plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions,

2    periphrastic circumlocutions, and the like need not be credited.")

### b.    Plaintiff possessed timely knowledge of her claims.

Equitable estoppel does not toll Plaintiff's statute of limitations because as demonstrated on the fact of her complaint, Plaintiff was well aware of her individual claims as early as the Spring of 1999. *See, Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) ("equitable estoppel will not toll a statute of limitations if 'plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations'") (citing to *Gleason v. Spota*, 194 A.D.2d 764 (N.Y.App.Div. 1993).  This case presents a parallel situation to that in *Huynh v. Chase Manhattan Bank* as Plaintiff possessed timely knowledge of the statute of limitations on her individual claims.

In the present case, Plaintiff admitted that her counsel, Peter Myers, made written requests to McKesson indicating that it violated ERISA to demand a waiver from Plaintiff in order to obtain severance payment, and indicating that the waiver was overly broad requiring Plaintiff to waive all claims, including the Employee Stock Participating Plan in which Plaintiff was a class representative. (Amended Complaint, ¶ 63.)  In her initial Complaint, Plaintiff admitted that she consulted with an attorney as early as April of 1999 about her individual claims, and admitted that her counsel made the decision to proceed with the ERISA class action instead of her individual claims. (Complaint, ¶¶ 60, 61.)  Plaintiff was free to consult with another attorney about her ERISA claims or proceed in *pro per* on her individual claims at that point.  Plaintiff cannot now dispute that her consultations with her attorney, and the decision of her attorney to not proceed with her individual claims, occurred in 1999.  The court is not required to accept as true allegations in an amended complaint that contradict an earlier

1  complaint.  *See, Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-1330 (9th Cir.

2  1981) (court may strike the challenged allegations as "false and sham").

3          2.      The Cases Relied Upon by Plaintiff do not Support her
                   Equitable Estoppel Claim.
4

5          The cases relied upon by Plaintiff in asserting equitable estoppel are inapplicable to this

6  case and are distinguishable from the claims she asserts in her Amended Complaint.

7          In support of her breach of implied contract cause of action, Plaintiff relies upon

8  *O'Donnell v. Vencor Inc.*, 466 F.3d 1004 (9th Cir. 2006). (Amended Complaint, ¶¶ 22, 29.)  In

9  *O'Donnell*, the Ninth Circuit held that the district court did not err in not applying equitable

10  estoppel, and found that equitable estoppel was not warranted because there was no evidence of

11  improper purpose by defendant or of the defendant's actual or constructive knowledge of the

12  deceptive nature of its conduct. *Id.* at 1111.  Here, Plaintiff's reliance on *O'Donnell* is misplaced,

13  as she has actually cited a case that helps Defendants rather than Plaintiff.  Plaintiff also

14  references *Parker v. BankAmerica Corp.*, 50 F.3d 757, 769 (9th Cir. 1995), in support of her first

15  cause of action.  (Amended Complaint, ¶ 42.)  In *Parker,* the Court similarly determined that no

16  showing of equitable estoppel had been made, and found that under ERISA a party cannot

17  maintain a claim for equitable estoppel if recovery contradicts the written provisions of the plan.

18  Once again, this is a case that hurts, not helps, Plaintiff.

19          In support of her wrongful termination cause of action, Plaintiff relies upon *Wilhelm v.*

20  *Beyersdorf*, 100 Wn. App. 836 (2000). (Amended Complaint, ¶ 53).  First, *Wilhelm* is not

21  controlling on this Court.  *See, Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114 (2d Cir.

22  1994); *see also Purtell v. Mason*, Case No. 04 C 7005 (N.D. Ill. 2006) (District court noted that

23  Arizona state court decisions were not controlling authority on the court).  Moreover, this case

24  does not support Plaintiff's position as the court in *Wilhelm* held that equitable estoppel was not

25  appropriately applied. *Id.* at 119.

26

27
                                        14
28  Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1    In support of her fraud cause of action, Plaintiff relies upon *Board of Regents v. Seattle*,
2   108 Wn.2d 545 (1987).  (Amended Complaint, ¶ 71.)  *Board of Regents v. Seattle* is not
3   controlling on this Court.  *See, Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114 (2d Cir.
4   1994).  Furthermore, *Board of Regents v. Seattle* is distinguishable because the court did not
5   conclude the equitable estoppel was due to defendants' fraudulent conduct, but instead found that
6   equitable estoppel was satisfied based on the State's silence coupled with knowledge of an
7   adverse claim.  *Id.* at 553-555.  Those facts are not present here.  Thus, this case does not support
8   Plaintiff's claim that she was equitably estopped from asserting her fraud claim.

9    In her discussion of the equitable estoppel doctrine, Plaintiff also relies upon *Zipes v.*
10  *Trans World Airlines, Inc.*, 455 U.S. 385 (1982) and *Schafer v. Board of Public Educ.*, 903 F.2d
11  243 (3rd Cir. 1990).  (Amended Complaint, ¶ 91(c)).  Plaintiff relies upon *Zipes* in support of her
12  argument that she was prevented from bringing her individual complaint against McKesson
13  because of conflict of interest.  But the conflict of interest was her attorney's; Defendants had
14  nothing to do with it.  However, the issue in *Zipes* was whether the timely filing of an EEOC
15  charge is a jurisdictional prerequisite to bringing a Title VII suit in federal court, or whether the
16  requirement is subject to waiver and estoppel.  *Zipes*, 455 U.S. at 392.  The only discussion of
17  conflict of interest was the Seventh Circuit's determination that the union was an inadequate
18  class representative because of the inherent conflict between the interests of current and former
19  employees; there was no application of the doctrine of equitable estoppel.  *Id.* at 388.  Plaintiff's
20  reliance on *Schafer v. Board of Public Educ.* is also misplaced because in *Schafer*, the court
21  applied equitable tolling, *not equitable estoppel,* and ultimately found there was no basis for
22  equitable tolling and reversed the district court's denial of defendant's motion to dismiss.  As
23  none of the cases relied upon by Plaintiff supports her application of the equitable estoppel
24  doctrine, Plaintiff's Amended Complaint should be dismissed in its entirety.

25

26

27

28

1        3.    Plaintiff's Equitable Estoppel Claim Fails as she Cannot
              Use Negligence and Ignorance as an Excuse.
2

3        Plaintiff's equitable estoppel claim also fails because she cannot assert ignorance of the

4   law as an excuse for failing to comply with the applicable limitations periods.  Even a *pro se*

5   petitioner cannot simply allege "ignorance of the law" as a reason for claiming equitable estoppel

6   of the statute of limitations.  See, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating

7   that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner,

8   generally does not excuse prompt filing'" of a habeas petition).  Courts have been generally

9   unforgiving when a late filing is due to claimant's own failure to exercise due diligence in

10  preserving her legal rights.  *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992).

11       Here, Plaintiff claims that equitable estoppel is appropriate because "extraordinary

12  circumstances" beyond her control made it "impossible to file a claim on time." (Amended

13  Complaint ¶ 91(e).)  Her only explanation of "extraordinary circumstances" is her claim that the

14  ERISA class action was filed in 1999, and that McKesson completed its compensation to all

15  employee retirement account holders in May 2007.   (Amended Complaint ¶ 91(e).)  As outlined

16  above, the ERISA class action is not an extraordinary circumstance that prevented Plaintiff from

17  filing her individual claims on time.  She could have consulted with another attorney or

18  proceeded in *pro per.*  There is simply no evidentiary allegation that Defendants actively misled

19  Plaintiff or that Plaintiff was prevented from pursuing her individual claims.  Accordingly,

20  Plaintiff's ignorance of the law and mistaken reliance on her counsel's advice does not entitle her

21  to use the equitable estoppel doctrine to excuse her failure to comply with the limitations periods.

22  E.    **Plaintiff's Amended Complaint Should Be Dismissed As To All
           Individually Named Defendants.**
23

24       Plaintiff's Amended Complaint should be dismissed as to all individually named

25  Defendants.  For the reasons stated *supra*, Plaintiff's Amended Complaint should be dismissed

26

27
                                    16
28  ─────────────────────────────────────────────────────────
    Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1   as to the individually named Defendants that are current McKesson employees.[7]  For similar

2   reasons, Plaintiff's Amended Complaint should also be dismissed as the former McKesson

3   employees Defendants Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick,

4   or Rich Soublet.[8]  In addition, Plaintiff's Amended Complaint should be dismissed as to the

5   former McKesson employees as Plaintiff did not properly and timely serve them in compliance

6   with the Court's December 17, 2007 order. (See Moser Decl., Exh. C, p. 7:6-10.)

7          The party upon whose behalf service was made (Plaintiff) has the burden to establish its

8   validity. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434,

9   435 (5th Cir. 1981).  A conclusory representation that the defendant was properly served will not

10   overcome a defendant's sworn affidavit that she was not. *See, C3 Media & Mktg. Group, LLC v.*

11   *Firstgate Internet, Inc.*, 419 F.Supp.2d 419, 427 (S.D.N.Y. 2005).  Here, there is no evidence or

12   indication that Plaintiff personally served these individually named defendants.

13          Accordingly, as service on the individually named Defendants formerly employed with

14   McKesson was not proper, and as Plaintiff has failed to state a claim for relief as outlined above,

15   Defendants respectfully request that this Court dismiss the action in its entirety as to all

16   Defendants.

17   **V.**      **CONCLUSION**

18          For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss

19   be granted, and that all individually named defendants be dismissed.  As no further amendments

20   nor attempts to serve the remaining individual Defendants can cure the deficiencies in Plaintiff's

21   ////

22   ////

23

24

---

[7] Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher are current
25   employees. (Declaration of Erik Sprotte in Support of Defendants' Motion to Dismiss, ¶ 4.)
[8] Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, or Rich Soublet are
26   no longer employed by McKesson. (Sprotte Decl., ¶¶ 5-10).  On information and belief,
McKesson asserts that subsequent to his departure from McKesson, Defendant Tom Puthuff
27   passed away.

28

Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ

1    Amended Complaint, her Amended Complaint should be dismissed in its entirety with prejudice

2    as to all Defendants.

3

4    DATED: January 22, 2008                          SEYFARTH SHAW LLP

5

6                                              By_____
                                                 Allison B. Moser
7                                              Attorneys for Defendants MCKESSON
                                               CORPORATION, formerly known as
8                                              MCKESSON HBOC, INC., JOHN
                                               HAMMERGREN, PAUL KIRINCIC,
9                                              JERRY WARREN and DONNA DRAHER

10   SF1 28312845.1 / 56248.000002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                               18
28   Defendants' Motion to Dismiss Amended Complaint – Case No. C 07-3981 MJJ