1  SEYFARTH SHAW LLP
   Patricia H. Cullison (SBN 101636) pcullison@seyfarth.com
2  Allison B. Moser (SBN 223065) amoser@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   MCKESSON CORPORATION, formerly known as
6  MCKESSON HBOC, INC., JOHN HAMMERGREN,
   PAUL KIRINCIC, JERRY WARREN and DONNA DRAHER
7

8

9                        UNITED STATES DISTRICT COURT

10            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  CHRISTINE H. CHANG,                    )  Case No. C 07-3981 MJJ
                                           )
12           Plaintiff,                    )  **DECLARATION OF ALLISON B.**
                                           )  **MOSER IN SUPPORT OF**
13      v.                                 )  **DEFENDANTS JOHN**
                                           )  **HAMMERGREN, PAUL KIRINCIC,**
14  MCKESSON HBOC, INC., et al.,           )  **JERRY WARREN AND DONNA**
                                           )  **DRAHER'S MOTION TO DISMISS**
15           Defendants.                   )  **PLAINTIFF'S AMENDED**
                                           )  **COMPLAINT**
16                                         )
                                           )
17                                         )  Date: February 26, 2008
                                           )  Time: 9:30 a.m.
18  _____    )  Judge: Honorable Martin J. Jenkins
                                           )  Dept./Place: Courtroom 11, 19th Floor
19

20      I, Allison B. Moser, declare:

21      1.      I am an attorney at law duly licensed to practice in the State of California and a

22  member of the bar of this Court. I am an associate with the firm of Seyfarth Shaw LLP, the

23  attorneys of record for Defendants John Hammgren, Paul Kirincic, Jerry Warren and Donna

24  Draher ("Defendants") in this matter. I have personal knowledge of the facts stated herein and if

25  called as a witness, could and would testify competently to them.

26      2.      On September 20, 2007, this Court issued an order granting Defendant McKesson

27  Corporation's Motion to Dismiss with leave in part. Attached hereto as <u>Exhibit A</u> is a true and

28  correct copy of the September 20, 2007 Order.

Moser Declaration ISO Defendants' Motion to Dismiss Amended Complaint
Case No. C 07-3981 MJJ

1        3.      On December 17, 2007, this Court issued an order granting Defendant's Motion

2    to Dismiss Without Leave to Amend and Quashing the Service of the Amended Complaint For

3    All Individually Named Defendants.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of

4    the December 17, 2007 Order.

5        4.      Plaintiff Christine Chang served a proof of service for her Amended Complaint

6    indicating that on January 8, 2008, Defendant accepted service on behalf of John Hanmergren,

7    Paul Kirincic, Jerry Warren and Donna Draher, the four current employees of McKesson

8    Corporation.  Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiff's proof of

9    service that Defendants' counsel received on January 17, 2008.  No additional proofs of service

10    acknowledging the service of the Amended Complaint upon Defendants Christopher Maher,

11    Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, or Rich Soublet were filed or served.

12        I declare under penalty of perjury, under the laws of the State of California, that the

13    foregoing is true and correct.  Executed this 22nd day of January, 2008, at San Francisco,

14    California.

15

16                                          Allison B. Moser

17    SF1 28312856.1 / 56248-000002

18

19

20

21

22

23

24

25

26

27

28

Moser Declaration ISO Defendants' Motion to Dismiss Amended Complaint
Case No. C 07-3981 MJJ

Exhibit A

1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHRISTINE H. CHANG,                        No. C07-03981 MJJ

12              Plaintiff,                       **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS WITH LEAVE
13        v.                                     TO AMEND IN PART**

14   MCKESSON HBOC, INC.,

15              Defendant.
                                         /
16

17                              **INTRODUCTION**

18        Before the Court is Defendant's Motion To Dismiss.[1]  For the following reasons, the Court

19   **GRANTS** the Motion **WITH LEAVE TO AMEND IN PART**.

20                         **FACTUAL BACKGROUND**

21        The material allegations of Plaintiff Christine Chang's complaint ("Complaint") are as

22   follows.

23        Plaintiff began working for Defendant McKesson HBOC Inc. on October 16, 1995.

24   Defendant terminated Plaintiff's employment on March 30, 1999.  Plaintiff learned that her

25   employment was terminated during a meeting between herself and one of Defendant's vice

26   presidents.  On Plaintiff's last day of employment for Defendant, March 30, 1999, all severance,

27

28
     _____
        [1] Docket No. 10. Although *pro se* Plaintiff filed her opposition to Defendant's Motion to Dismiss one day late, the
     Court, in its discretion, chooses to address the motion on its merits.  Additionally, on September 17, 2007, the day prior to
     the scheduled hearing on this Motion, Plaintiff filed an unauthorized surreply.  The Court considered Plaintiff's surreply and
     finds that it fails to change the Court's disposition.

*United States District Court*
*For the Northern District of California*

1   vacation, disability, and back pay became due.

2         In April 1999, Plaintiff consulted with an attorney regarding the circumstances surrounding

3   her termination. As a result, Plaintiff became the named representative in a class action suit against

4   Defendant. That class action was filed on November 24, 1999.

5         On June 29, 2007, Plaintiff filed the Complaint in the present case against Defendant in the

6   San Francisco Superior Court. The six causes of action pleaded in the Complaint are (1) breach of

7   implied contract; (2) wrongful termination; (3) fraud; (4) negligent or intentional infliction of

8   emotional distress; (5) a violation of constitutional rights; and (6) equitable tolling.[2]

9         On August 2, 2007, Defendant filed a notice of removal from the San Francisco Superior

10   Court. Defendant now seeks to dismiss Plaintiff's Complaint in its entirety because Plaintiff failed

11   to allege state action in regards to the fifth cause of action, and because the relevant statutes of

12   limitations corresponding to the non-constitutional causes of action have expired. Plaintiff does not

13   dispute that Defendant is not a state actor, nor that the statutes of limitations have run, but does

14   argue that the statutory periods should be tolled.

15                        **LEGAL STANDARD**

16         A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

17   sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a

18   Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

19   Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*

20   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court

21   accepts the plaintiff's material allegations in the complaint as true and construes them in the light

22   most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

23   Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

24   failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v.*

25   *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,

26   901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

27

28   [2] Plaintiff has referred to equitable tolling in the Complaint as though that concept constitutes a sixth cause of action. The Court understands equitable tolling not as a claim, but as a justification for untimely filing, and it will therefore be so construed.

United States District Court

For the Northern District of California

2

1   Cir. 1984).  In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is

2   more than merely conceivable, but plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 127

3   S.Ct. 1955, 1974 (2007).

4          If a court finds a plaintiff's claims barred by the statute of limitations, and grants a motion to

5   dismiss on that ground, it is then proper for a district court to grant leave to amend to allow a

6   plaintiff to state any claims that are not time-barred.  *See Udom v. Fonseca*, 846 F.2d 1236, 1237

7   (9th Cir. 1988).  Before a district court can dismiss a *pro se* litigant's complaint, the court must

8   provide the litigant with notice of the deficiencies and an opportunity to amend the complaint

9   effectively.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10                                                  **ANALYSIS**

11   **A.       Plaintiff's Constitutional Claim is Not Adequately Pleaded.**

12          Plaintiff's fifth cause of action alleges that Defendant violated Plaintiff's Equal Protection

13   and Due Process rights pursuant to the Fifth and Fourteenth Amendments to the United States

14   Constitution.

15          The Due Process Clause of the Fourteenth Amendment protects individuals against

16   governmental deprivations of "life, liberty or property," as those words have been interpreted and

17   given meaning over the life of our republic, without due process of law.  *Board of Regents v. Roth*,

18   408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995).

19          The touchstone of due process is protection of the individual against arbitrary action of

20   government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of

21   procedural due process guarantees) or in the exercise of power without any reasonable justification

22   in the service of a legitimate governmental objective (i.e., denial of substantive due process

23   guarantees).  *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

24          The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall

25   deny to any person within its jurisdiction the equal protection of the laws, which is essentially a

26   direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne*

27   *Living Center*, 473 U.S. 432, 439 (1995) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

28          Defendant asserts that Plaintiff fails to allege state action in the Complaint, as is required to

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   bring a claim alleging a violation of Plaintiff's due process or equal protection. *Lugar v. Edmonson*

2   *Oil Co., Inc.,* 457 U.S. 922, 924 (1982). The Court agrees, and therefore **GRANTS** Defendant's

3   Motion to Dismiss as to Plaintiff's claim of a violation of the Fifth and Fourteenth Amendments of

4   the United States Constitution **WITHOUT LEAVE TO AMEND**.

5       **B.**    **Plaintiff has Failed to Adequately Plead the Remaining Claims because the**

6           **Relevant Statutes of Limitations have Expired.**

7       Defendant asserts that because the applicable statutes of limitations have expired for each of

8   Plaintiff's claims, the Complaint should be dismissed. Plaintiff does not contest that the statutory

9   periods have expired.

10      "If the running of the statute is apparent on the face of the complaint, the defense may be

11   raised by a motion to dismiss." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). A

12   motion to dismiss based on the running of the statute of limitations may be properly granted so long

13   as the complaint does not raise an issue as to whether the plaintiff could demonstrate that the statute

14   of limitations had been tolled. *Id.*

15      The statute of limitations for Plaintiff's first cause of action, breach of implied contract, is

16   four years. CAL. CIV. PROC. CODE § 337(1). In the present case, this statutory period began to run

17   when Defendant terminated Plaintiff's employment. *See Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th

18   479, 488-89 (1996). Plaintiff's employment was terminated on March 30, 1999. (Complaint ¶ 30.)

19   Therefore, Plaintiff's claim of breach of implied contract began to run on March 30, 1999, and

20   expired on March 30, 2003.

21      The statute of limitations for Plaintiff's second cause of action, wrongful termination, is two

22   years. CAL. CIV. PROC. CODE § 335.1. Under California law, a claim for wrongful termination is a

23   tort claim which accrues when employment is terminated. *Romano,* 14 Cal.4th at 500-01. Plaintiff's

24   employment was terminated on March 30, 1999. (Complaint ¶ 36.) Therefore, Plaintiff's claim of

25   wrongful termination began to run on March 30, 1999, and expired on March 30, 2001.

26      The statute of limitations for Plaintiff's third cause of action, fraud, is three years. CAL. CIV.

27   PROC. CODE § 338(d). "Under the California statute of limitations for fraud, the three-year period

28   does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the

1    fraud." *Jablon,* 614 F.2d at 682. Plaintiff's claim of fraud arises out of the events on the day her

2    employment was terminated, March 30, 1999. (Complaint ¶ 43.) Therefore, Plaintiff's claim of

3    fraud began to run on March 30, 1999, and expired on March 30, 2002.

4         Plaintiff's fourth claim, negligent intentional infliction of emotional distress, can be

5    understood as either a claim of negligent infliction of emotional distress or intentional infliction of

6    emotional distress. Both causes of action have a two year statute of limitations period. CAL. CIV.

7    PROC. CODE § 335.1. Plaintiff alleges that the injurious conduct supporting this claim occurred

8    between April 1996 and March 1999. (Complaint ¶ 54.) The last applicable day of this injurious

9    conduct was in March 1999. Therefore, this claim, even if based on the most recent alleged events,

10   expired in March 2001.

11        Plaintiff does not contest Defendant's asserted statutes of limitations pertaining to the claims

12   alleged in the Complaint, nor does Plaintiff argue that the relevant statutory periods have not

13   expired. Therefore, this Court agrees that on the face of the Complaint, the statutes of limitations for

14   all of Plaintiff's non-constitutional causes of action have expired.

15   **B.    Plaintiff is Not Entitled to Equitable Tolling.**

16        Plaintiff asserts that equitable tolling of each of the applicable statutes of limitations justifies

17   her delay in bringing the present suit. (Complaint ¶¶ 56-57.) Defendant contends that facts alleged

18   in the Complaint bar equitable tolling.

19        The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations. *See*

20   *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995). "Because the applicability of the

21   equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally

22   amenable to resolution on a Rule 12(b)(6) motion.'" *Id.* at 1206 (citing *Cervantes v. City of San*

23   *Diego,* 5 F.3d 1273, 1276 (9th Cir. 1993)). If equitable tolling depends on a factual question not

24   clearly resolved in the pleadings, a dismissal is not appropriate. *See Supermail Cargo, Inc.,* 68 F.3d

25   at 1207; *Cervantes,* 5 F.3d at 1277. The Ninth Circuit has "upheld dismissals in a handful of cases

26   despite a claim of equitable tolling. However, in each of these unusual cases, some fact, evident

27   from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a

28   matter of law, on the equitable tolling issue." *Cervantes,* 5 F.3d at 1276. To dismiss under Rule

**United States District Court**
For the Northern District of California

1    12(b)(6) despite an equitable tolling claim, a court must find that a plaintiff can prove no set of facts

2    which would allow that plaintiff to prevail. *See Supermail Cargo, Inc.*, 68 F.3d at 1208; *Jablon*, 614

3    F.2d at 682.

4         A court may equitably toll a statute of limitations if (1) plaintiff's failure to comply with the

5    statute of limitations was the result of excusable ignorance and (2) the defendant will not suffer

6    prejudice. *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). Equitable tolling will extend the

7    statute of limitations where a reasonable plaintiff would not have known of the existence of a

8    possible claim until a later date. *Id.* "Equitable tolling requires that [the plaintiff] was excusably

9    ignorant of the limitations period." *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050

10   (9th Cir. 1987). *See also Supermail Cargo, Inc.*, 68 F.3d at 1207. In *Stallcop*, the Ninth Circuit

11   found that "the district court correctly held that there was no factual basis for applying equitable

12   modification to the limitations period." 820 F.2d at 1050. In *Stallcop*, the plaintiff consulted with

13   an attorney regarding her claims before the statute of limitations had run. The court held that

14   plaintiff's legal consultation negated excusable ignorance because the plaintiff "gained the 'means of

15   knowledge' of her rights and can be charged with constructive knowledge of the law's

16   requirements." *Stallcop*, 820 F.2d at 1050.

17        In the present case, the face of the Complaint demonstrates that Plaintiff is not entitled to

18   equitable tolling.[3] The Complaint states that Plaintiff sought, and consulted with, an attorney

19   pertaining to her alleged injury in April 1999. (Complaint ¶¶ 60-61.) The Complaint explains that

20   this attorney worked with Plaintiff on a class action suit against Defendant, but was unwilling to

21   provide additional representation regarding Plaintiff's potential individual claims. (Complaint ¶ 62.)

22        The Court finds that this case constitutes an unusual case which presents facts on the face of

23   the Complaint demonstrating not only that the statutes of limitations have run, but also that Plaintiff

24   is not entitled to tolling of the statutory periods. Plaintiff is not entitled to equitable tolling because,

25   during the relevant period of time, Plaintiff consulted with an attorney regarding her individual

26

27        [3] Plaintiff's opposition references FED. R. CIV. P. 56(d), and asserts that further proceedings should be ordered in
28   this case. However, this Court can decide the merits of the present motion to dismiss pursuant to Rule 12(b) on the face of
     the Complaint. Therefore, further proceedings, and a transformation of the motion into one for summary judgment, are not
     appropriate.

**United States District Court**
For the Northern District of California

1  claims stemming from the termination of employment that the present suit arises out of. As a result,

2  Plaintiff gained the means of knowledge of her rights in 1999 and can therefore be charged with

3  constructive knowledge of the law's requirements. As a matter of law, the face of the complaint

4  describes an event that negates an equitable tolling argument. Therefore, Plaintiff is not entitled to

5  equitable tolling of the applicable statutes of limitations.

6                                   **CONCLUSION**

7        For the foregoing reasons, the Court **GRANTS** the Motion **WITH LEAVE TO AMEND** on

8  Plaintiff's first, second, third, and fourth causes of action. Although *pro se* Plaintiff cannot plead

9  equitable tolling with the facts alleged, Plaintiff may be able to allege facts sufficient to support

10 equitable estoppel. (See Complaint ¶¶ 56-57.) The Court, therefore, grants Plaintiff leave to amend

11 her first through fourth causes of action accordingly. Plaintiff shall file an amended complaint not

12 later than thirty days from the entry of this Order. Additionally, the Court **GRANTS** the Motion

13 **WITHOUT LEAVE TO AMEND** on Plaintiff's fifth cause of action alleging a violation of due

14 process and equal protection.

15

16

17 **IT IS SO ORDERED.**

18

19

20 Dated: September 19, 2007

21                                        MARTIN J. JENKINS
                                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE H. CHANG,

       Plaintiff,

   v.

MCKESSON HBOC, INC. et al,

       Defendant.

_____/

Case Number: CV07-03981 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christine H. Chang
341 Tideway Drive, #213
Alameda, CA 94501

Dated: September 21, 2007

           *Alfred Amistoso*

       Richard W. Wieking, Clerk
       By: Alfred Amistoso, Deputy Clerk

Exhibit B

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHRISTINE H. CHANG,                        No. C07-03981 MJJ

12              Plaintiff,                       **ORDER GRANTING DEFENDANT
                                                 MCKESSON'S MOTION TO DISMISS
13        v.                                     AMENDED COMPLAINT AND
                                                 QUASHING SERVICE OF THE
14   MCKESSON HBOC, INC.,                        AMENDED COMPLAINT FOR ALL
                                                 INDIVIDUALLY NAMED DEFENDANTS**
15              Defendant.

16   _____/

17                                  **INTRODUCTION**

18        Before the Court is Defendant McKesson Corporation's Motion to Dismiss Amended

19   Complaint.  (Docket No. 35.)  *Pro se* Plaintiff Christine Chang opposes Defendant's Motion.

20   (Docket No. 41.)

21        For the following reasons, the Court **GRANTS** Defendant McKesson Corporation's Motion

22   to Dismiss **WITHOUT LEAVE TO AMEND**.  The Court **QUASHES** service of Plaintiff's

23   Amended Complaint for all individually named Defendants.

24                          **PROCEDURAL BACKGROUND**

25        Plaintiff filed this case in San Francisco Superior Court on June 29, 2007.  Defendant

26   McKesson Corporation ("Defendant" or "Defendant McKesson") removed the case to federal court,

27   and filed a motion to dismiss.  (Docket No. 10.)  The Court dismissed Plaintiff's due process and

28   equal protection claim without leave to amend because Plaintiff was unable to allege state action.

     The Court dismissed Plaintiff's other four claims, but granted leave to amend.  (Docket No. 25.)

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1  The Court found that it was clear from the face of Plaintiff's Complaint that the applicable statutes

2  of limitations had run on these four claims: (1) breach of implied contract; (2) wrongful termination;

3  (3) fraud; and (4) intentional infliction of emotional distress.  Plaintiff attempted to plead equitable

4  tolling as grounds to alleviate the time bars, but the Court found that Plaintiff pleaded herself out of

5  that argument.  The Court, however, granted Plaintiff leave to amend to permit Plaintiff to plead

6  equitable estoppel, if facts existed to support such an argument, as was suggested in paragraphs

7  fifty-six and fifty-seven of Plaintiff's Complaint.  Plaintiff filed an Amended Complaint ("AC").

8  (Docket No. 26.)  In the AC, Plaintiff attempted to plead equitable estoppel with regard to the four

9  claims for which leave to amend was granted.

10                                  **FACTUAL BACKGROUND**

11       The relevant material allegations in the AC are as follows.

12       Plaintiff began working for Defendant McKesson as a programmer on October 16, 1995.

13  Plaintiff was employed by Defendant until March 30, 1999.  (AC ¶ 1.)  Plaintiff enrolled in several

14  benefit plans through Defendant during the course of her employment.  (AC ¶ 20.)  Plaintiff was not

15  fully compensated for her work because she was not provided overtime pay.  (AC ¶¶ 21-22.)  During

16  Plaintiff's employment, Defendant failed to adequately provide her with the equipment necessary to

17  effectively perform her duties.  (AC ¶¶ 23-27.)  A manager and another unnamed person

18  discriminated against Plaintiff and sabotaged her work.  (AC ¶¶ 34, 36, 75.)  Plaintiff suffered

19  migraines and tension headaches as a result of work related stress and the sabotages of her software

20  installations.  (AC ¶¶ 36, 79.)

21       In November 1996, Plaintiff received a pay increase, but the pay increase was never reflected

22  in her actual pay.  Plaintiff subsequently filed a grievance, seeking back pay.  That request, as well

23  as an appeal, were denied.  (AC ¶¶ 28-29, 77.)  Plaintiff also filed grievances based on the

24  continuous sabotages of Plaintiff's weekly software installations.  (AC ¶ 76.)

25       In November 1997, Plaintiff took a medical leave after having surgery.  (AC ¶ 30.)

26  Plaintiff's manager then threatened to "downgrade her."  (AC ¶ 30.)  Plaintiff's manager gave

27  Plaintiff a "needed improvement" performance rating.  (AC ¶ 30.)  By March of 1998, this rating

28  changed to "satisfactory."  (AC ¶ 31.)  Plaintiff was not given the same opportunity as other

1    employees to attend job training sessions. (AC ¶ 32.)

2        On March 30, 1999, Defendant terminated Plaintiff's employment due to a reduction in

3    force. (AC ¶¶ 38, 46.) Plaintiff was then oppressively and fraudulently coerced to sign the waiver

4    and general release of claims in exchange for severance pay. (AC ¶¶ 46, 57-64, 80.) Plaintiff did

5    not sign the waiver of claims. (AC ¶ 47.) Plaintiff was then escorted out of the building and that

6    humiliated her. (AC ¶¶ 48-49.) On the day of termination, all unpaid severance, vacation,

7    disability, and back pay became due. (AC ¶ 39.) Plaintiff suffered further psychological injuries as

8    a result of Defendant's reckless acts. (AC ¶ 49.) Plaintiff believes that her termination was

9    wrongful and retaliatory. (AC ¶¶ 45-47, 54, 78.)

10                                   **LEGAL STANDARD**

11        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

12    sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a

13    Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

14    Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*

15    *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court

16    accepts the plaintiff's material allegations in the complaint as true and construes them in the light

17    most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

18    Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

19    failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v.*

20    *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,

21    901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

22    Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is

23    more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127

24    S.Ct. 1955, 1974 (2007).

25        If a court finds a plaintiff's claims barred by the statute of limitations, and grants a motion to

26    dismiss on that ground, it is then proper for a district court to grant leave to amend to allow a

27    plaintiff to state any claims that are not time-barred. *See Udom v. Fonseca*, 846 F.2d 1236, 1237

28    (9th Cir. 1988). Before a district court can dismiss a *pro se* litigant's complaint, the court must

3

1  provide the litigant with notice of the deficiencies and an opportunity to amend the complaint

2  effectively. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992). "A *pro se* litigant must be

3  given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the

4  complaint could not be cured by amendment.'" *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.

5  1987) (quoting *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980)).

6                                          **ANALYSIS**

7    **A.    The Statutes of Limitations Have Run for Each of Plaintiff's Four Claims.**

8          Defendant argues, as it did in its previous Motion to Dismiss, that Plaintiff's claims are time

9  barred. As stated by the Court in the Order Dismissing Plaintiff's Complaint ("Prior Order"), the

10  applicable statutes of limitations have run with regard to the four claims now pleaded in Plaintiff's

11  AC. (Docket No. 25.) Plaintiff does not contest the Court's finding. Accordingly, the Court will

12  address the issue for which leave to amend was granted; whether Plaintiff can adequately allege that

13  Defendant is equitably estopped from arguing that the statutes of limitations have run.

14    **B.    Plaintiff Fails to Adequately Plead Equitable Estoppel.**

15          Plaintiff alleges that the expiration of the statutory periods corresponding with Plaintiff's

16  claims should not bar the claims under a theory of equitable estoppel.[1] "Equitable estoppel . . . halts

17  the statute of limitations when there is 'active conduct by a defendant, above and beyond the

18  wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"

19  *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell,* 202 F.3d

20  1170, 1176-77 (9th Cir. 2000)). Equitable estoppel "focuses primarily on the actions taken by the

21  defendant in preventing a plaintiff from filing suit." *Santa Maria,* 202 F.3d at 1176. A non-

22  exhaustive list of factors a court can consider in determining if equitable estoppel excuses an

23  untimely filing includes: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct

24  leading to the plaintiff's untimely filing; (2) an improper purpose on the part of the defendant; and

25  (3) the extent to which the plaintiff satisfied the limitations requirement, irrespective of the delay in

26  filing. *See Johnson v. Henderson,* 314 F.3d 409, 414 (9th Cir. 2002); *Naton v. Bank of Cal.,* 649

27

28

---

[1]Equitable estoppel is also referred to as "fraudulent concealment." *Johnson v. Henderson,* 314 F.3d 409, 414 (9th Cir. 2002).

4

1  F.2d 691, 696 (9th Cir. 1981).

2      In the Prior Order, the Court observed that paragraphs fifty-six and fifty-seven of the

3  Complaint suggested that there may exist facts to support the doctrine of equitable estoppel.

4  Plaintiff's AC incorporates the words "equitable estoppel" throughout, and also includes a section

5  dedicated to alleging the application of equitable estoppel principles. Defendant directs the Court to

6  three flaws in Plaintiff's assertion of equitable estoppel. First, Defendant argues that Plaintiff fails

7  to establish the elements of equitable estoppel. Second, Defendant argues that the cases relied on by

8  Plaintiff are inapplicable. Third, Defendant argues that Plaintiff cannot use her own ignorance of the

9  law to justify her failure to bring her claims within the statutory period. The Court agrees with

10  Defendant that Plaintiff fails to adequately allege grounds for estoppel in the AC.[2]

11      Affirmative misconduct which would prevent a plaintiff from filing their claims is the

12  essence of an equitable estoppel argument. *See Santa Maria*, 202 F.3d at 1176; *Leong v. Potter*, 347

13  F.3d 1117, 1123 (9th Cir. 2003); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51

14  (7th Cir. 1990); *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004).

15  On the record before the Court Plaintiff fails to allege conduct by Defendant which would have

16  prevented Plaintiff from filing her claims within the statutorily required filing periods. The facts

17  Plaintiff alleges pertain to Defendant's conduct regarding the underlying substantive claims and not

18  to affirmative misconduct which prevented Plaintiff from bringing her claims. For example,

19  Plaintiff alleges that "[e]quitable estoppel appropriate [sic] if Defendant has actively misled Plaintiff

20  in coercing the execution of waiver and general release." (AC ¶ 91.) That alleged misconduct is the

21  same behavior Plaintiff alleges to substantiate the fraud claim. (*See* AC ¶¶ 61-66.)

22      The Court therefore finds no allegations that suggest that Defendant acted so as to prevent

23  Plaintiff from bringing her claims. Accordingly, the Court finds that Plaintiff has not sufficiently

24  pleaded the doctrine of equitable estoppel. Plaintiff's claims are therefore time barred. The Court

25

26      [2]At oral argument, Plaintiff claimed that because she was the named representative in an ERISA class action brought

27  against Defendant McKesson, the statutes of limitations for her individual claims against Defendant McKesson should be
tolled from the time that suit was filed until it was resolved. While there is a class action tolling doctrine, such tolling is

28  inapplicable in Plaintiff's case because there is no indication that the present claims are sufficiently similar to toll the statute
of limitations. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 558-60 (1974); *Crown, Cork, & Seal Co., Inc. v.
Parker*, 462 U.S. 345, 355 (1983) (Powell, J., concurring).

*United States District Court*
For the Northern District of California

5

1  dismisses Plaintiff's claims without leave to amend because Plaintiff is unable to overcome the time

2  bar deficiency.

### C.    The Court Quashes Service of Plaintiff's Amended Complaint For All Individually Named Defendants.

5  In addition to Defendant McKesson, Plaintiff brought this action against ten individually

6  named Defendants as well.  These Defendants are: (1) McKesson HBOC CEO John Hammergren,

7  (2) McKesson HBOC Executive VP Paul Kirincic, (3) McKesson HBOC Senior VP Jerry Warren,

8  (4) McKesson HBOC VP Christopher Maher, (5) McKesson HBOC VP Tom Von, (6) McKesson

9  HBOC VP Tom Capizzi, (7) McKesson HBOC Division Manager Donna Draher, (8) McKesson

10  HBOC Division Manager Tom Puthuff, (9) McKesson HBOC Division Manager Kevin Myrick, and

11  (10) McKesson HBOC Human Resource Rich Soublet.

12  Four of the individually named Defendants, John Hammergren, Paul Kirincic, Jerry Warren,

13  and Donna Draher are current McKesson employees.  (Docket No. 37, Erik Sprotte Decl. ¶ 4.)  The

14  other six individually named Defendants ceased employment with McKesson prior to the filing of

15  Plaintiff's lawsuit.  (*Id.* ¶¶ 5-10.)  None of the individually named Defendants have appeared in this

16  action, nor is there any proof in the record that the AC was served on the individually named

17  Defendants.

18  Defendant McKesson raised, in this Motion, the insufficiency of service as to the

19  individually named Defendants.  Federal Rule of Civil Procedure 12(b)(5) allows a defendant to

20  challenge the service of process.  Fed. R. Civ. P. 12(b)(5).  When service of process is challenged,

21  the party on whose behalf service was made has the burden to establish its validity.  *See Aetna*

22  *Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

23  When service is deficient, "[t]he choice between dismissal and quashing service of process is in the

24  district court's discretion."  *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (1976).

25  Plaintiff has failed to meet the burden of demonstrating that service was effected on the individual

26  Defendants.  At oral argument, Plaintiff conveyed that she attempted, but was unable, to effect

27  personal service at McKesson on all of the individual Defendants.  Representations at the hearing,

United States District Court
For the Northern District of California

1   however, suggest that proper service is possible.[3]  Accordingly, the Court quashes prior service, if

2   any, of Plaintiff's AC as to all individual Defendants.  Plaintiff is further ordered to effect service on

3   the individually named Defendants within thirty days of the issuance of this Order.  *See* FED. R.

4   CIV. P. 4(m).

### CONCLUSION

6       For the foregoing reasons, the Court **GRANTS** Defendant McKesson's Motion to Dismiss

7   **WITHOUT LEAVE TO AMEND**.  The Court **QUASHES** service, if any, of Plaintiff's Amended

8   Complaint for all individually named Defendants.  Plaintiff is **ORDERED** to effect service on the

9   individually named Defendants within thirty days of the issuance of this Order.  Failure to properly

10  and timely serve the individual Defendants will result in dismissal.

12  **IT IS SO ORDERED.**

15  Dated: December 17, 2007

    MARTIN J. JENKINS
    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

---

28  [3]At oral argument, Defendant McKesson represented that it will, if possible, assist Plaintiff in effecting service on the individually named Defendants.  McKesson also stated that one individually named Defendant is likely deceased.  A deceased individually named Defendant need not be served.

7

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CHRISTINE H. CHANG,

              Plaintiff,

   v.

MCKESSON HBOC, INC. et al,

             Defendant.

_____/

Case Number: CV07-03981 MJJ

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Christine H. Chang
341 Tideway Drive, #213
Alameda, CA 94501


Dated: December 17, 2007

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk

Exhibit C

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

*CHRISTINE H. CHANG*

**(Amended Complaint)**

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: *CO7-3981 MJJ*

**V.**

TO: (Name and address of defendant)    *SEE PAGE 2*

*MCKESSON HBOC, INC*
*ONE POST STREET*
*SAN FRANCISCO, CA 94104*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

*CHRISTINE H. CHANG PRO SE*
*341 TIDEWAY DR. #214*
*ALAMEDA, CA 94501*

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

~~SHEILA NASH~~

(BY) DEPUTY CLERK

DATE *OCT 11, 2007*

MCKESSON HBOC, INC
MCKESSON HBOC CEO JOHN HAMMERGREN
MCKESSON HBOC EXECUTIVE VICE PRESIDENT PAUL KIRINCIC
MCKESSON HBOC SENIOR VICE PRESIDENT JERRY WARREN
MCKESSON HBOC VICE PRESIDENT CHRISTOPHER MAHER
MCKESSON HBOC VICE PRESIDENT TOM VON
MCKESSON HBOC VICE PRESIDENT TOM CAPIZZI
MCKESSON HBOC DIVISION MANAGER DONNA DRAHER
MCKESSON HBOC DIVISION MANAGER TOM PUTHUFF
MCKESSON HBOC DIVISION MANAGER KEVIN MYRICK
MCKESSON HBOC HUMAN RESOURCE RICH SOUBLET

AO 440 (Rev. 8/01) Summons in a Civil Action

*C07-3981 MJJ*

## RETURN OF SERVICE

| | DATE *JAN 8, 2008* |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

Name of SERVER    *CHRISTINE H. CHANG*    TITLE *PLAINTIFF*

*Check one box below to indicate appropriate method of service*

☐     Served Personally upon the Defendant. Place where served:

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐     Returned unexecuted:

☒     Other (specify): *CHRISTINE H. CHANG PERSONALLY SERVED ALLISON MOSER ON JAN 8, 08. MCKESSON DEFENSE ATTORNEY ACCEPTED SERVICES FOR THE FOUR CURRENT MCKESSON EMPLOYEES JOHN HAMMERGREN, PAUL KIRINCIC, JERRY WARREN AND DONNA DRAHER. THE SERVICE WAS AT MS. MOSER'S OFFICE.*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| *N/A* | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    *January 8, 2008*
          Date

*Christine H. Chang*
Signature of Server

*341 TIDEWAY DR. #214*
*ALAMEDA, CA 94501*
Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure