1

2

3   CHRISTINE H. CHANG PRO SE
    341 Tideway Drive #214
4   Alameda, CA 94501
    Telephone : (510) 769-8232

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  CHRISTINE H. CHANG,                    ) Case No. C07-3981 MJJ
                                           )
11          Plaintiff,                     ) PLAINTIFF CHRISTINE
                                           ) CHANG'S OPPOSITION
12      v.                                 ) TO DEFENDANTS
                                           ) JOHN HAMMERGREN,
13  MCKESSON HBOC, INC; MCKESSON           ) PAUL KIRINCIC,
    HBOC CEO JOHN HAMMERGREN;              ) JERRY WARREN AND
14  MCKESSON HBOC EXECUTIVE VICE           ) DONNA DRAHER'S
    PRESIDENT PAUL KIRINCIC; MCKESSON      ) MOTION TO DISMISS
15  HBOC SENIOR VICE PRESIDENT JERRY       ) AMENDED COMPLAINT
    WARREN; MCKESSON HBOC VICE             )
16  PRESIDENT CHRISTOPHER MAHER;           ) Date: March 4, 2008
    MCKESSON HBOC VICE PRESIDENT           ) Time: 9:30 a.m.
17  TOM VON; MCKESSON HBOC VICE            ) District Court Judge: Honorable
    PRESIDENT TOM CAPIZZI; MCKESSON        ) Martin J. Jenkins
18  HBOC DIVISION MANAGER DONNA            ) Courtroom: 11, 19th Floor
    DRAHER; MCKESSON HBOC DIVISION         )
19  MANAGER TOM PUTHUFF; MCKESSON          )
    HBOC DIVISION MANAGER KEVIN            )
20  MYRICK; MCKESSON HBOC HUMAN            )
    RESOURCE RICH SOUBLET; and DOES        )
21  1 through 100, inclusive,              )
                                           )
22          Defendants.                    )
    _____)
23                                          1



FILED
FEB 11 PM 3: 12

## INTRODUCTION

1. Despite the facts that Defendants McKesson had committed fraudulent acts causing its Employees Retirement Stocks (ERISA) to plummet from over $90 to $20 per share, and committed defrauding Plaintiff Chang's employee payroll increase, sick leave and vacation pays, disability pay, and severance pay while terminating employment without cause and notice and severance benefit; Plaintiff's complaint against Defendant McKesson was dismissed on Statute of Limitation.

2. Despite the facts that Defense Attorney Allison Moser:

a. Rediculed Plaintiff Chang's ERISA Class Action v. McKesson was Plaintiff counsels' complaint, not Plaintiff's (original complaint #C99-5075 and amended complaint #C00-20030 RMW).

b. Twisted the true meaning of Plaintiff's citations that those citations helped the McKesson Defendants.

c. Forged Plaintiff's electronic signature in her joint case management statement attempting to hijack Plaintiff's present complaint.

Plaintiff had brought up these issues in the December 5, 2007 hearing, but they were not addressed during the hearing or in the order of December 17.

3. On a motion to dismiss, all well pleaded allegations of material fact are taken as true and construed in light most favorable to the non-moving party. The court may not dismiss for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claims which would

2

1 entitle her to relief. See *Wyler Summit Partnership v. Turner Broadcasting System*,
2 135 F3d 658 (9th Cir 1998), *Parks School of Business v. Symington*, 51 F3d 1480
3 (9th Cir 1995), *Saylor v. Zeenat*, 2002 U.S. Dist LEXIS 28038, *Cruz V. Beto*, 405
4 U.S. 998 (1972), *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

5     4. Plaintiff requests court order to have McKesson release the McKesson
6 former Individual Defendants' last known addresses in order to serve them, or
7 otherwise, allow Plaintiff retrieve those summons and amended complaints,
8 presently withheld by McKesson, to file with the court clerk pursuant to
9 FRCP 5(b)(2)(C).

10 **PROCEDURAL BACKGROUND**

11     1. In the motion hearing on December 5, 2007, Plaintiff pleaded that the statute
12 for this instant action has not run because it should look back to the date of ERISA
13 Class Action (Chang v. McKesson #C99-5075 and C00-20030 RMW) initial filing
14 date of November 24, 1999, and <u>settlement completion in May 2007</u>. This instant
15 action was filed on June 29, 2007.

16     2. Plaintiff also pleaded that because this instant action could not be filed
17 alongside with the ERISA Class Action between 1999 through May 2007
18 (Chang v. McKesson #C99-5075 and C00-20030 RMW), due to class action
19 requirement of named Plaintiff cannot be antagonistic to the claims of the other
20 members of the class.

21     a. FRCP 23(a)(4) requires judicial scrutiny into the matter of the potential

22                                     3

1 **conflicts of interest or antagonism** between plaintiff's claims and those of the
2 proposed class.
3     b. FRCP 23(c)(1) - The court must determine whether an action brought as a
4 class action is to be so maintained. The **burden** of establishing that the action may
5 be maintained as a class action is **on the plaintiffs**.
6     c. FRCP 23(a)(2) - There are questions of law or fact common to the class.
7     d. FRCP 23(a) – The claims or defenses of the **representative** are typical of the
8 claims or defenses of the class. The **representative** will fairly and adequately
9 protect the interests of the class.
10     e. FRCP 23(a) – Failure to satisfy any one of the requirements **defeats class**
11 **certification**.
12 In protecting the above mentioned class action in which Plaintiff Chang was the
13 named Plaintiff, thus had prevented Plaintiff from filing this instant action starting
14 1999 until May 2007. See *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th
15 Cir 1982), *In re Northern Dist. Of California, Dalkon Shield IUD Products*
16 *Liability Litigation*, 693 F.2d 847 (9th Cir 1982), *Marshall v. Holiday Magic*,
17 550 F.2d 1173 (9th Cir 1977), *L. Mets Lerwill v. Inflight Motion Pictures*,
18 582 F.2d 507 (9th Cir 1978), Kamm v. California City Development Co.,
19 509 F.2d 205 (9th Cir 1975).
20     3. Plaintiff also pleaded that the class action took precedent before Plaintiff's
21 individual complaint of this instant action because there were multiple mega
22 corporations defrauding retirement stocks (ERISA) against employees such as
23 Plaintiff. The stock market as a whole was being effected by these corporation

1 | CEOs and officers' bad faith deceiting accountings or insider trading of stocks.

2 |     4. Exhibit A - Class Action #C99-5075 filed Nov 24, 1999. See page 3,

3 |         item 12 through 15, all McKesson pension benefit plan under

4 |         ERISA consists **solely of company stock**. See page 4, item

5 |         21, participants in the plan had **no right** to direct the sale of

6 |         McKesson stock held in their ERISA accounts until reach

7 |         retirement age. Also in page 4, item 22, McKesson admitted

8 |         engaging in improper, illegal and abusive accounting practices.

9 |     Exhibit B - Consolidated Amended Class Action C00-20030 RMW.

10 |         See page 21 – Accounting irregularities of HBOC

11 |           page 36 – Accountant advised McKesson of merger problem

12 |           page 41 – McKesson plan fiduciaries decided not to merge

13 |           page 47 & 48 – McKesson decided to ignore HBOC

14 |             accounting irregularities and proceed to merger

15 |     Exhibit C - Class action final order and judgment filed September 1, 2006

16 |     Exhibit D – Declaration of Plaintiff Chang in support of motion for award

17 |         of case contribution fee

18 |     Exhibit E – McKesson completion of ERISA accounts compensation dated

19 |         May 3, 2007

20 |     5. McKesson Defendants' fraudulent merger with HBOC knowing its

21 | accounting irregularities and great risk being audited by Security Exchang

22 | Commission (SEC), nevertheless, McKesson Defendants consciously disregarded

23 |                     5

1   its fiduciary duty to the Employee Retirement Plan (ERISA), which consisted

2   solely of McKesson stocks, and completed the merger with HBOC.

3      6. **But for** McKesson Defendants' **fraudulent merger causing** McKesson

4   stocks plummet, and its continuous **denial of liabilities** in the class action

5   Chang v. McKesson starting from November 1999 until its settlement completion

6   in May 2007, Plaintiff Chang was **prevented** from filing this instant individual

7   complaint against McKesson Defendants in protection of the class action.

8      7. The class action had taken 7 years before the settlement approval on

9   September 1, 2006 (Exhibit C), and McKesson Defendants had taken another 8

10   months from September 2006 through May 2007 to complete the compensation

11  of individual ERISA accounts (Exhibit E), which were the **direct and proximate**

12  **causes** of Plaintiff Chang's **inability** to file this instant individual complaint

13  against McKesson Defendants from November 1999 until May 2007.

14     8. Plaintiff is informed and believe and allege that McKesson Defendants'

15  **fraudulent merger** and the subsequent **class action** Chang v. McKesson were

16  the **extraordinary circumstances**, which Plaintiff had no control of, prevented

17  Plaintiff from filing this instant individual complaint from November 1999 until

18  May 2007.

19     9. Plaintiff is informed and believe that the statute of limitation has not run

20  for this instant individual complaint which should look back to the class action

21  initial filing date of November 24, 1999 (Exhibit A). Because being the named

22  Plaintiff in the class action required Plaintiff to be in conformity of Federal

23                                          6

1 Rule of Civil Procedure 23(a)(b)(c)(d)(e), or otherwise, defeated the class certification. See
2 this Opposition page 3, item 1 and 2.

### LEGAL AUTHORITY

1. On a motion to dismiss, the allegations of the complaint must be accepted as true. The court may not dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. See *Wyler Summit Partnership v. Turner Broadcasting System*, 135 F3d 658 (9th Cir 1998), *Parks School of Business v. Symington*, 51 F3d 1480 (9th Cir 1995), *Saylor v. Zeenat*, 2002 U.S. Dist LEXIS 28038, *Cruz v. Beto*, 405 U.S. 998 (1972), *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

2. Federal Rule of Civil Procedure 23(a)(2)(3)(4) Class Action prerequisites:
(2) there are questions of law or fact common to the class, and
(3) the claims or defenses of the **representative parties** are typical of the claims or defenses
    of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.
The class action certification requires an order defining the class and the class claims, issues, or defenses, and appoint class counsel, FRCP 23(c)(1)(B) and 23(g). See *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir 1982), *In re Northern Dist. Of California, Dalkon Shield IUD Products Liability Litigation* 693 F.2d 847 (9th Cir 1982), *Marshall v. Holiday Magic*, 550 F.2d 1173 (9th Cir 1977), *L. Mets Lerwill v. Inflight Motion Pictures*, 582 F.2d 507 (9th Cir 1978), *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir 1975).

3. Title VII tolling principles – The time periods for filing civil actions under Title VII are not jurisdictional; rather, they are in the nature of statutes of limitation, and are thus subject to waiver, estoppel, and equitable tolling is routinely held to be proper when a claimant files suit in a venue without jurisdiction over the claim. Further, equitable tolling may apply if a defendant, through wrongful conduct, prevents a plaintiff from asserting a claim or if extraordinary circumstances beyond the plaintiff's control make it impossible to file a claim on time. In this instant complaint McKesson Defendants' **fraudulent merger**

7

1 and continuous denial of liabilities in the class action were the direct and proximate causes
2 preventing Plaintiff from asserting this instant complaint since 1999 (equitable estoppel).
3 McKesson Defendants' fraudulent merger with HBOC and the subsequent class action were
4 extraordinary circumstances beyond Plaintiff's control made it impossible to file a claim on
5 time because FRCP 23 strenuous requirements of Named Plaintiff not having conflict of
6 interest or antagonism claims with those of the class (equitable tolling).
7      Plaintiff is informed and believe that this instant complaint should relate back to the
8 initial class action filing date of November 24, 1999. See *Donoghue v. The County of*
9 *Orange*, 848 F.2D 926, whereas the Appeals Court reversed the dismissal of plaintiff
10 employee's federal civil rights and state claims against defendants because the district court
11 failed to determine whether the equitable tolling doctrine applied to palintiff's claims. In
12 *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir 1999) equitable tolling when "extraordinary
13 circumstances beyond the plaintiff's control" makes it impossible to file claim on time.
14      McKesson Defendants **fraudulently deceited** Plaintiff Chang in the employment
15 termination meeting that Plaintiff qualified for all the severance benefits except for the
16 severance pay, in order to coerce the "GENERAL RELEASE AND WAIVER" be signed
17 to exchange for the severance pay. Plaintiff did not discover the truth until May 2007
18 that all the severance benefits including severance pay were the same package (Exhibit F).
19      During the termination meeting on March 30, 1999, McKesson Defendants presented
20 the "Waiver and General Release of Claims" to Plaintiff stated in page 3, paragraph 8,
21 "By signing this Waiver, I knowingly and voluntarily agree to release...from all
22 claims...**(other than claims for vested benefits** in accordance with the terms of the
23 Company's written benefit plans)" – (Exhibit G).
24      McKesson Defendant Vice President Christopher Maher's letter of denial to Plaintiff's
25 appeal for severance pay, it stated, "The McKesson HBOC, inc. Severance Pay Plan" permits
26 the Company to request a release as IT SEES FIT, including a release of claims relating to
27 other benefit plans...it will be broader than simply waiving claims relating to the termination
28 of employment with the Company (Exhibit H).

8

1    4. Under the **Doctrine of Imputed Knowledge**, a principal is chargeable with and is
2 bound by the knowledge or notice received by his or her agent while the agent is acting within
3 the scope of his or her authority. The law imputes the knowledge to the principal, regardless
4 of whether the agent actually communicates the knowledge to the principal.
5    McKesson Defendants are such principals who are chargeable and are bound by his
6 agent while the agent is acting within the scope of his authority. The law imputes the
7 principals. *River Colony Estates General Partnership v. Bayview Financial Trading Group*,
8 287 F.Supp.2d 1213 (2003)
9    A principal is bound by the fraudulent or negligent acts of its agents acting within
10 the scope of employment; notice of these wrongful acts is imputed to the principal. The
11 purpose of the rule is to protect third parties who deal with an agent.
12    McKesson Defendants are bound by the fraudulent or negligent acts of its agents
13 acting within the scope of employment; notice of these wrongful acts is imputed to the
14 McKesson Defendants. The purpose of the rule is to protect third parties. *River Colony.*
15 *Estates General Partnership v. Bayview Financial Trading Group*, 287 F.Supp.2d 1213.
16 (2003). The court in above case held that the **Law of Agency** and the **Doctrine of**
17 **Unclean Hands** might apply, and that there was a triable issue of fact.
18    5. The ERISA (Employee Retirement Income Security Act) plan requires outline
19 an explicit review procedure by 29 U.S.C.S. Section 1133 and 29 C.F.R. Section 2560.
20 503-1(g). McKesson HBOC's ERISA Plan **does not outline** an explicit review procedure
21 other than time limits of 30, 60, 90, 120, or 180 days for review, response, or denial
22 (Exhibit I). A plan must provide a **full and fair review** of a decision to deny a party's claim
23 for benefits.
24    In *Mary Franco v. American Gas Laboratories*, 1987 U.S. Dist. LEXIS 15221,
25 the District Court found **fraud existed in the defendant corporation** denying plaintiff
26 benefits **without an explicit review procedure** in compliance with ERISA statute
27 requirements. Therefore, the court deemed plaintiff's action was **not time-barred**.
28

## PLAINTIFF'S CLAIMS AGAINST MCKESSON
## DEFENDANT CEO JOHN HAMMERGREN

The McKesson Defendant Chief Executive Officer John Hammergren is liable to Plaintiff's claims as following:

a. Breach of implied contract
b. Wrongful termination
c. Fraud
d. Intentional infliction of emotional distress
e. Damages of severance, disability, back, sick leave & vacation pays; interest & punitive

The legal theories and supporting cases are as follows:

a. The Statute of Limitation has not run and this instant complaint should relate to the initial class action filing date of November 24, 1999. See this Opposition, procedural background, paragraph 1 – 9, and legal authority, paragraph 2.

b. **Title VII Civil Rights** for tolling principles – McKesson Defendants' fraudulent merger and subsequent class action triggered equitable estoppel, also McKesson's fraudulent merger and subsequent class action and being the Named Plaintiff in class action were extraordinary circumstances which prevented Plaintiff from filing this instant complaint triggered equitable tolling. See this legal authority, paragraph 3.

c. Under the **Doctrine of Imputed Knowledge**, a principal is chargeable with and is bound by the knowledge or notice received by his agent while the agent is acting within the scope of his authority. The court in River Colony Estates held that the **Law of Agency** and the **Doctrine of Unclean Hands** might apply. See legal authority, para 4.

d. McKesson HBOC INC Severance Plan is not compliant with the ERISA requirements of 29 U.S.C.S. Section 1133 and 29 C.F.R. Section 2560.503-1(g). A plan must provide a full and fair review of a decision to deny a party's claim for benefits. The court in *Mary Franco v. American Gas Laboratories* found **fraud** existed in the defendant corporation denying plaintiff benefits without an explicit review procedure in compliance with ERISA statutory requirements, and the action was **not time-barred**.

10

## PLAINTIFF'S CLAIMS AGAINST MCKESSON
## DEFENDANT EXECUTIVE VICE PRESIDENT
## PAUL KIRINCIC

The McKesson Defendant Executive Vice President Paul Kirincic is liable to Plaintiff's claims the same as McKesson Defendant Chief Executive Officer John Hammergren.

The same legal theories and supporting cases apply.

## PLAINTIFF'S CLAIMS AGAINST MCKESSON
## DEFENDANT SENIOR VICE PRESIDENT
## JERRY WARREN

The McKesson Defendant Senior Vice President Jerry Warren is liable to Plaintiff's claims the same as McKesson Defendant Chief Executive Officer John Hammergren.

The same legal theories and supporting cases apply.

## PLAINTIFF'S CLAIMS AGAINST MCKESSON
## DEFENDANT DIVISION MANAGER
## DONNA DRAHER

The McKesson Defendant Division Manager Donna Draher is liable to Plaintiff's claims the same as McKesson Defendant Chief Executive Officer John Hammergren.

The same legal theories and supporting cases apply.

## CONCLUSION

From all the procedural background and legal authority and exhibits presented in this Opposition, Plaintiff respectfully request that the Named Individual McKesson Defendants' motion to dismiss amended complaint be defeated in its entirety.

Plaintiff requests court order to have McKesson release the McKesson Defendant Former Employees' last known addresses in order to serve them, or otherwise, allow Plaintiff retrieve the summons and amended complaints from McKesson and file them

1 | with the court clerk pursuant to FRCP 5(b)(2)(C).

3 | DATED: February 11, 2008

By _____*Christine H. Chang*_____
Christine H. Chang, Plaintiff

**CERTIFICATE OF SERVICE**

I, CHRISTINE CHANG, hereby certify that on February 11, 2008, I forwarded a true and correct copy of Plaintiff Christine Chang's Opposition to Defendants John Hammergren, Paul Kirincic, Jerry Warren, and Donna Draher's Motion to Dismiss Amended Complaint and Exhibits to Allison B. Moser, by placing a true copy thereof in a sealed envelope with first class postage prepaid and addressed as follows:

>Allison B. Moser
>Seyfarth Shaw LLP
>560 Mission Street,
>Suite 3100
>San Francisco, California 94105

I caused such envelopes to be placed for collection and mailing in the United States Mail at San Francisco, California.

Dated: February 11, 2008

By *(signed)* Christine H. Chang
Christine H. Chang, Plaintiff