1  SEYFARTH SHAW LLP
   Patricia H. Cullison (SBN 101636) pcullison@seyfarth.com
2  Allison B. Moser (SBN 223065) amoser@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   MCKESSON CORPORATION, formerly known as MCKESSON HBOC, INC., JOHN
6  HAMMERGREN, PAUL KIRINCIC, JERRY WARREN and DONNA DRAHER

7

8

9                    UNITED STATES DISTRICT COURT

10           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  CHRISTINE H. CHANG,                    )  Case No. C 07-3981 MJJ
                                           )
12              Plaintiff,                 )  **REPLY TO PLAINTIFF'S**
                                           )  **OPPOSITION TO MOTION TO**
13                                         )  **DISMISS AMENDED COMPLAINT**
    MCKESSON HBOC, INC., MCKESSON          )
14  HBOC CEO JOHN HAMMERGREN;              )  Date: March 4, 2008
    MCKESSON HBOC EXECUTIVE VICE           )  Time: 9:30 a.m.
15  PRESIDENT PAUL KIRINCIC; MCKESSON      )  Judge: Honorable Martin J. Jenkins
    HBOC SENIOR VICE PRESIDENT JERRY       )  Dept./Place: Courtroom 11, 19th Floor
16  WARREN; MCKESSON HBOC VICE             )
    PRESIDENT CHRISTOPHER MAHER;           )
17  MCKESSON HBOC VICE PRESIDENT TOM       )
    VON; MCKESSON HBOC VICE PRESIDENT      )
18  TOM CAPIZZI; MCKESSON HBOC             )
    DIVISION MANAGER DONNA DRAHER;         )
19  MCKESSON HBOC DIVISION MANAGER         )
    TOM PUTHUFF; MCKESSON HBOC             )
20  DIVISION MANAGER KEVIN MYRICK;         )
    MCKESSON HBOC HUMAN RESOURCE           )
21  RICH SOUBLET; and DOES 1 through 100,  )
    inclusive,                             )
22                                         )
                Defendant.                 )
23  _____  )

24

25

26

27

28

_____
Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...........................................................................................1

II.    LEGAL ARGUMENT.....................................................................................1

     A.     The Statutes Of Limitations Have Run On All Of Plaintiff's Claims. ...................2

     B.     The Equitable Estoppel Doctrine Does Not Excuse Plaintiff From Timely
           Filing Her Complaint. .........................................................................................2

           1.     There Is No Evidence That Defendants' Alleged "Fraudulent
                 Conduct" Or The "Fraudulent Merger" Prevented Plaintiff From
                 Timely Filing Her Claims. .............................................................................3

           2.     Plaintiff's Reliance On Her Involvement In The ERISA Class
                 Action Is Not A Valid Excuse For Failing To Timely Pursue Her
                 Individual Claims Against Defendants. ..........................................................5

           3.     Plaintiff Was Well Aware Of Her Claims Within the Limitations
                 Periods..........................................................................................................6

     C.     Plaintiff's Reliance On The Equitable Tolling Doctrine Is Misplaced As
           This Court Has Already Determined That This Doctrine Is Inapplicable. ..............7

     D.     The Miscellaneous Legal Issues And Authorities Relied Upon By Plaintiff
           Are Irrelevant. ......................................................................................................8

     E.     Plaintiff's Exhibits Do Not Support Her Legal Claims ........................................10

     F.     Plaintiff's Amended Complaint Should Be Dismissed As To All
           Individually Named Defendants. .........................................................................11

III.   CONCLUSION.............................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ...................................6

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)...................................................10

*Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883 (6th Cir. 2004).....................3

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990) ...............................3

*Causey v. Balog*, 162 F.3d 795 (4th Cir. 1998) .................................................4

*Celotex Corp. v. Catrett*, 477 U.S. 371 (1986) ................................................4

*Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117 (9th Cir. 1980) ..........................2

*Crown, Cork, & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983) ...............................6

*Cruz v. Beto*, 405 U.S. 998 (1972)............................................................10

*Dalkon Shield IUD Products Liability Lit. v. Robins Co.*, 693 F.2d 847 (9th Cir. 1982).......5

*In re Delorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993) .....................................4

*Donoghue v. County of Orange*, 848 F.2d 926 (9th Cir. 1987) ................................7

*Franco v. American Gas Laboratories*, 1987 U.S. Dist. LEXIS 15221 (C.D. Cal. 1987) ....9

*Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) .......................................2

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) .............................................10

*Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) ..............................6

*Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1982) ...........................5

*Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975).............................5

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) .....................5

*Marshall v. Holiday Magic*, 550 F.2d 1173 (9th Cir. 1977)....................................5

*Parks School of Business v. Symington*, 51 F.3d 1480 (9th Cir. 1995) .......................10

*Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996) .......................................10

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

1

*River Colony Estates Gen. Partnership v. Bayview Financial Trading Group, Inc.*, 287 F.Supp.2d 1213 (S.D. Cal. 2003) ..............................................................................8

2

3

*Santa Maria v. Pac. Bell*, 202 F.3d 1170 (9th Cir. 2000) .......................................2

4

*Saylor v. Zeenat*, 2002 U.S. Dist. LEXIS 28038 .....................................................10

5

*Schneider v. California Dept. of Corrections*, 151 F.3d 1194 (9th Cir. 1998) ............8

6

*Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999) .......................................................7

7

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ..............................10

8

*Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429 (7th Cir. 1993)............10

9

*Wyler Summit Partnership v. Turner Broadcasting System*, 135 F.3d 658 (9th Cir. 1998) ...10

10

**FEDERAL STATUTES**

11

29 U.S.C. §1109...................................................................................................9

12

F.R.C.P Rule 12(b)(6)...........................................................................................8

13

**STATE CASES**

14

*Gleason v. Spota*, 194 A.D.2d 764 (N.Y.App.Div. 1993) ........................................6

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

**INTRODUCTION**

Plaintiff Christine Chang's Opposition to Defendants' John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher's Motion to Dismiss Plaintiff's Amended Complaint does not offer any valid, legally supportable arguments to refute the points raised in Defendants' moving papers. She does not attempt to refute that the statutes of limitations have run on all her causes of action, nor does she salvage her argument that equitable estoppel saves her causes of action from dismissal. Plaintiff concedes she knew of her potential claims back in 1999, but chose not to raise them because of her involvement in an Employee Retirement Income Security Act (ERISA) class action and McKesson's "fraudulent merger." Plaintiff's explanation for failing to timely pursue her claims does not toll the statutes of limitations under the law.

Plaintiff has offered no legally sound argument as to why her claims in the Amended Complaint against the individual Defendants should survive when McKesson Corporation has already been dismissed. Instead, she makes unfounded misrepresentations that have no bearing on the issues raised in Defendants' moving papers.[1] Regardless of the veracity of Plaintiff's allegations, she cannot overcome her failure to comply with the applicable limitations periods. Accordingly, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 12(b), the Court dismiss Plaintiff's Amended Complaint in its entirety as a matter of law.

**LEGAL ARGUMENT**

Plaintiff fails to raise any legal argument or defense that saves her Amended Complaint from dismissal. First, there is no dispute that the statutes of limitations have run on Plaintiff's causes of action. Second, Plaintiff has not demonstrated that equitable estoppel saves her from

---

[1] For example, Plaintiff falsely alleges that Defense Attorney Allison Moser "forged Plaintiff's electronic signature in her joint case management statement attempting to hijack Plaintiff's present complaint." This statement is blatantly false as Defendant McKesson Corporation submitted its own case management statement signed solely by defense counsel. (*See*, Exhibit 1 (Defendant's [Joint] Case Management Statement) to Declaration of Allison B. Moser ISO Reply to Opposition to Defendants' Motion to Dismiss ("Moser Reply Dec.").) When meeting and conferring regarding submitting a joint case management statement, Plaintiff declined to provide defense counsel with her positions regarding the topics required in the statement because she believed it was a "one-sided statement," despite the fact that Defendant left sections marked "Plaintiff's Position" and invited Plaintiff to make general comments. (Moser Reply Dec., ¶ 3, Exhibit 2.)

1    failing to comply with the limitations period.  Third, Plaintiff's reliance on the equitable tolling

2    doctrine and other legal authorities is misplaced, as such allegations do not save her claims

3    against the individual Defendants.

### A.    The Statutes Of Limitations Have Run On All Of Plaintiff's Claims.

6    Plaintiff's claims are time barred as the statutes of limitations have run on all of the

7    causes of action in her Amended Complaint.  Plaintiff fails to dispute that fact.  And no wonder.

8    In granting Defendant McKesson's Motion to Dismiss the Amended Complaint, this Court held

9    that "the applicable statutes of limitations have run with regard to the four claims now pleaded in

10   Plaintiff's AC."  (Court's December 17, 2007 Order, 4:9-11.)  Accordingly, it is undisputed that

11   the statutes of limitations have similarly run with regard to the claims against the individual

12   Defendants.  As outlined below, Plaintiff is not entitled to a tolling of the limitations periods.

### B.    The Equitable Estoppel Doctrine Does Not Excuse Plaintiff From Timely Filing Her Complaint.

15   Equitable estoppel, also termed fraudulent concealment, "halts the statute of limitations

16   when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the

17   plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"  *Guerrero v. Gates,* 442

18   F.3d 697, 706 (9th Cir. 2006), citing to *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176-1177 (9th

19   Cir. 2000).  To establish equitable estoppel, the plaintiff must demonstrate that "he relied on the

20   defendant's misconduct in failing to file in a timely manner and 'must plead with particularity

21   the facts which give rise to the claim of fraudulent concealment.'"  *Guerrero v. Gates,* 442 F.3d

22   697, 706-707 (9th Cir. 2006), citing to *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120

23   (9th Cir. 1980).  Just as the equitable estoppel doctrine did not save Plaintiff's claims against

24   McKesson Corporation,[2] it does not save Plaintiff's claims against the individual Defendants as

25   she is relying on virtually the same allegations and evidence.  Each of Plaintiff's causes of action

---

[2] *See,* Court's December 17, 2007 Order Granting McKesson's Motion to Dismiss Plaintiff's Amended Complaint, p. 5:9-10 (The Court "agrees with Defendant that Plaintiff fails to adequately allege grounds for estoppel in the AC.")

2

1    in the Amended Complaint is based on the equitable estoppel doctrine. (*See,* Plaintiff's

2    Amended Complaint at ¶¶ 19, 44, 55, and 73.) Plaintiff's argument that "extraordinary

3    circumstances" prevented her from timely filing her complaint is misplaced. First, there is no

4    evidence that any alleged fraudulent conduct on behalf of Defendants prevented Plaintiff from

5    filing a timely claim. Rather, she concedes she knew of her individual claims but chose not to

6    pursue them. Second, Plaintiff's involvement in the ERISA class action is not an "extraordinary

7    circumstances" that justifies a tolling of the limitations period. Plaintiff's alleged conflict of

8    interest based on the pending ERISA class action is a fiction. The conflict was her attorney's,

9    not hers. Third, Plaintiff was well aware of her claims prior to the running of the limitations

10   period as is reflected in her complaint; her claim that she was "prevented" from raising her

11   individual claims has no factual basis. There was nothing to stop Plaintiff from retaining a

12   different attorney to pursue her individual claims or proceeding in *pro per.*

13
           1.    <u>There Is No Evidence That Defendants' Alleged</u>
                 <u>"Fraudulent Conduct" Or The "Fraudulent Merger"</u>
14               <u>Prevented Plaintiff From Timely Filing Her Claims.</u>

15          In order to properly assert the doctrine of equitable estoppel, Plaintiff needs to plead with

16   specificity facts demonstrating that Defendants were engaged in fraudulent concealment or

17   affirmative misconduct that *prevented Plaintiff from suing in time.* (*See, Cada v. Baxter*

18   *Healthcare Corp.,* 920 F.2d 446, 450-451 (7th Cir. 1990) (equitable estoppel "comes into play if

19   the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to

20   plead the statute of limitations;" *see also, Bridgeport Music Inc. v. Diamond Time, Ltd.,* 371 F.3d

21   883, 891 (6th Cir. 2004) ("Equitable estoppel, sometimes referred to as fraudulent concealment,

22   is invoked in cases where the defendant takes active steps to prevent the plaintiff suing in time,

23   such as hiding evidence or promising not to plead the statute of limitations.").)

24          In the present action, the individually named Defendants played no role in actively

25   preventing Plaintiff from pursuing her individual claims. Rather, the fraudulent concealment

26   alleged by Plaintiff in her Opposition (aside from her mere workplace slights) go to her

27   underlying claims, not to any attempt to stop her from asserting them. For example, she claims

28
                                                  3

1   that Defendants' fraudulent concealment is based on "McKesson Defendants' fraudulent merger"

2   and "the subsequent class action," which were both "extraordinary circumstances" that prevented

3   Plaintiff from timely filing the present complaint. (Plaintiff's Opposition, 6:3-18.) There is no

4   evidence that the alleged "fraudulent merger" and the subsequent stock value changes amounted

5   to an extraordinary circumstance that prevented Plaintiff from timely asserting her individual

6   claims. Similarly, as outlined below, Plaintiff cannot establish that her involvement in the

7   ERISA class action prevented her from asserting her own claims against the individual

8   Defendants. In addition, Plaintiff has alleged no evidence that the individual Defendants were

9   specifically involved in preventing Plaintiff from timely raising her individual claims. Instead,

10  as demonstrated in Section II(B)(3) below, Plaintiff was well aware of her individual claims back

11  in 1999. All of these attempts to argue fraudulent concealment and/or conduct (in addition to the

12  allegations in Plaintiff's Amended Complaint) consist of mere conclusory statements, unrelated

13  to any attempt to stop her from filing them.[3] Plaintiff has not[4], and cannot, demonstrate that

14  Defendants' alleged fraudulent misconduct prevented her from timely filing her individual

15  claims.

16          Moreover, this Court has already determined that Plaintiff failed to adequately plead

17  equitable estoppel in her claims against McKesson Corporation;[5] the result should be no different

18  for Plaintiff's claims against the individually named Defendants. Plaintiff has not raised any

19  new facts or argument in her opposition that should lead to a different conclusion. As equitable

20  estoppel is inapplicable for the reasons outlined above, and Plaintiff has raised no argument

21  disputing the applicable limitations periods, Plaintiff's first, second, third and fourth causes of

---

[3] *See, Celotex Corp. v. Catrett,* 477 U.S. 371 (1986) (must provide some shred of plausible evidence beyond bald conclusory statements); *see also, Causey v. Balog,* 162 F.3d 795, 802 (4th Cir. 1998) ("[C]onclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment.") The court need not accept conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact as true. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

[4] *See,* Court's December 17, 2007 Order Granting Defendant's Motion to Dismiss at 5:22-24 ("The Court therefore finds no allegations that suggest that Defendant acted so as to prevent Plaintiff from bringing her claims. Accordingly, the Court finds that Plaintiff has not sufficiently pleaded the doctrine of equitable estoppel.")

[5] (*See,* Court's December 17, 2007 Order Granting Defendant's Motion to Dismiss at 4:14-6:2.)

4

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

1    action should be dismissed as to all named Defendants as they are barred by the statute of

2    limitations.

3                    2.    Plaintiff's Reliance On Her Involvement In The ERISA
                          Class Action Is Not A Valid Excuse For Failing To Timely
4                          Pursue Her Individual Claims Against Defendants.

5          Plaintiff's allegation that she was "prevented" from filing the present complaint because

6    of her involvement in the ERISA class action is meritless.  In support of her allegations, Plaintiff

7    cites to numerous cases discussing the requisites and requirements under Federal Rule of Civil

8    Procedure 23.  As the present action is not a class action, the cases relied upon by Plaintiff are

9    irrelevant.  For example, Plaintiff cites to *Jordan v. County of Los Angeles,* 669 F.2d 1311 (9th

10   Cir. 1982) (an employment discrimination class action where the Ninth Circuit reversed a district

11   court's denial of class certification after judgment was entered on the plaintiff's individual

12   claims) and *Dalkon Shield IUD Products Liability Lit. v. Robins Co.*, 693 F.2d 847 (9th Cir.

13   1982) (Ninth Circuit held that the California liability class action failed to satisfy the

14   requirements of Rule 23 and held that the trial court erred in certifying the nationwide punitive

15   damages).  She also relies upon distinguishable class actions such as *Marshall v. Holiday Magic*,

16   550 F.2d 1173, 1177 (9th Cir. 1977) (Ninth Circuit affirmed the approval of a class action

17   settlement and noted that appellants had the right and opportunity opt out of the action) and

18   *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) (Ninth Circuit affirmed the

19   court's certification of a class action under Rule 23 and section 301 of the Labor Management

20   Relations Act).  Lastly, Plaintiff cites to *Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th

21   Cir. 1975), a case with no similarity to the present case as it involved an interlocutory appeal

22   from an order dismissing plaintiffs' class action.

23         Plaintiff's reliance on cases discussing the requirements under Rule 23 and

24   appropriateness of certification rulings is misplaced as this action in not a class action and

25   Plaintiff's individual claims are unrelated to the ERISA class action.  Accordingly, there is no

26   merit to Plaintiff's argument that she should be entitled to tolling of her claims against the

27   individual Defendants because of the ERISA class action.  *See,* December 17, 2007 Order

28   
                                              5

1    Granting McKesson's Motion to Dismiss at p.5, fn 2 ("While there is a class action tolling

2    doctrine, such tolling is inapplicable in Plaintiff's case because there is no indication that the

3    present claims are sufficiently similar to toll the statute of limitations. *See American Pipe &*

4    *Constr. Co. v. Utah*, 414 U.S. 538, 558-60 (1974); *Crown, Cork, & Seal Co., Inc. v. Parker*, 462

5    U.S. 345, 355 (1983) (Powell, J., concurring).")

6              3.    Plaintiff Was Well Aware Of Her Claims Within the
                      Limitations Periods.
7

8         Plaintiff's Opposition does not dispute that she knew about her individual claims, and

9    consulted with an attorney about those claims, as early as 1999.[6]  Therefore, Plaintiff cannot rely

10   on the equitable estoppel doctrine. *See, Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir.

11   2006) (equitable estoppel will not toll a statute of limitations if "plaintiff possesses 'timely

12   knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the

13   relevant facts prior to the expiration of the applicable Statute of Limitations") (citing to *Gleason*

14   *v. Spota*, 194 A.D.2d 764 (N.Y.App.Div. 1993).  There is simply no evidence that Defendants

15   prevented Plaintiff from filing her claims at that time, or that they  engaged in other fraudulent

16   conduct to delay her from pursing her individual claims.  This Court has acknowledged that

17   "Plaintiff fails to allege conduct by Defendant which would have prevented Plaintiff from filing

18   her claims within the statutorily required filing periods," and that "[t]he facts Plaintiff alleges

19   pertain to Defendant's conduct regarding the underlying substantive claims and not to

20   affirmative misconduct which prevented Plaintiff from bringing her claims."  (December 17,

21   2007 Order Granting McKesson's Motion to Dismiss at 5:15-18.)  Similarly, there is no evidence

22   of affirmative misconduct by the individual Defendants that prevented Plaintiff from timely

23

24   ───────────────
      [6] In fact, Plaintiff admitted in her Complaint that she consulted with an attorney as early as April
25   of 1999 about her individual claims, and admitted that her counsel made the decision to proceed
      with the ERISA class action instead of her individual claims.  (Complaint, ¶¶ 60, 61, attached as
26   Exhibit 1 to Defendants' Request for Judicial Notice filed with Defendants' moving papers.)
      She further admitted that her counsel in the ERISA class action made written requests to
27   McKesson alleging that it violated ERISA by demanding a waiver from Plaintiff in order to
      obtain severance payment.  (Amended Complaint, ¶ 63.)
28                                              6
      ─────────────────────────────────────────────────────────
               Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
                                   Case No. C 07-3981 MJJ

1    bringing her claims. Thus, as it is undisputed that Plaintiff knew about her individual claims in

2    1999, her reliance on the equitable estoppel doctrine is misplaced.

3    **C.    Plaintiff's Reliance On The Equitable Tolling Doctrine Is**
         **Misplaced As This Court Has Already Determined That This**
4        **Doctrine Is Inapplicable.**

5        Despite the fact that this Court has already determined that Plaintiff is not entitled to

6    equitable tolling of the statutes of limitations, Plaintiff once again raises equitable tolling[7] in her

7    Opposition and claims that the class action and "fraudulent merger" were extraordinary

8    circumstances that made it impossible to timely file her claims. (Pl's Opp. at 7:22-8:13.)

9    Plaintiff relies upon *Donoghue v. County of Orange*, 848 F.2d 926 (9th Cir. 1987) and *Stoll v.*

10   *Runyon,* 165 F.3d 1238 (9th Cir. 1999) in support of her claim that equitable tolling applies and

11   that the present complaint "should relate back to the initial class action." (Plaintiff's Opposition,

12   8:7-13.) Her reliance on these two cases is misplaced as this Court has already found this

13   doctrine inapplicable. In *Donoghue*, the Ninth Circuit remanded the action to determine whether

14   equitable tolling saved plaintiff's claims as there was evidence that plaintiff's prior pursuit of a

15   federal remedy may have tolled that state statute of limitations. *Donoghue*, 848 F.2d at 930-931.

16   In *Stoll v. Runyon*, the Court applied equitable tolling to save the limitations period because

17   extraordinary circumstances existed beyond plaintiff's control such as sexual abuse, rape, mental

18   incapacity, and mental illness. There was compelling evidence that the plaintiff's mental illness,

19   caused by the defendants, precluded her from exercising an agency relationship with the attorney

20   who handled her EEOC case. *Id.* at 1242. In the present action, no such extraordinary

21   circumstances exist. Moreover, it is undisputed that Plaintiff knew about her individual claims

22   prior to the running of the limitations period (and consulted with an attorney about these claims),

23   but failed to pursue them in a timely manner.

24       Furthermore, the parties have already disputed the applicability of the equitable tolling

25   doctrine, and this Court has held that it does not apply in this case. *See,* September 19, 2007

26   ───────────────────────

27   [7] When arguing the applicability of equitable tolling, Plaintiff references "Title VII tolling
     principles," but fails to articulate the legal applicability of this principle. (Plaintiff's Opposition,
     7:22-25.)

28                                              7

1   Order Granting Defendant's Motion to Dismiss With Leave to Amend in Part at 6:24-7:5

2   ("Plaintiff is not entitled to equitable tolling because, during the relevant period of time, Plaintiff

3   consulted with an attorney regarding her individual claims stemming from the termination of

4   employment that the present suit arise out of.  As a result, Plaintiff gained the means of

5   knowledge of her rights in 1999 and can therefore be charged with constructive knowledge of the

6   law's requirements.  As a matter of law, the face of the complaint describes an event that negates

7   an equitable tolling argument.  Therefore, Plaintiff is not entitled to equitable tolling of the

8   applicable statutes of limitations.")  There is no additional evidence or argument that entitles

9   Plaintiff to equitable tolling of her claims against the individual Defendants.

10          **D.      The Miscellaneous Legal Issues And Authorities Relied Upon
                      By Plaintiff Are Irrelevant.**

11

12          The legal authorities and issues introduced in Plaintiff's Opposition have no bearing on

13  the central legal issue raised in Defendants' moving papers – namely whether any of Plaintiff's

14  claims can survive their statute of limitations defects.  In her Opposition, Plaintiff raises a host of

15  legal issues, including the elements of F.R.C.P. 23, Title VII tolling requirements, the doctrine of

16  imputed knowledge, the law of agency, the doctrine of unclean hands, and various requirements

17  under ERISA statutes.  (Plaintiff's Opposition, 7:4-10:28.)  First, these legal issues should not

18  even be considered by this Court as most courts hold that in ruling on a F.R.C.P. Rule 12(b)(6)

19  motion, the district court cannot consider "new" facts alleged in plaintiff's opposition papers.

20  *See, Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998) (such

21  allegations are irrelevant for Rule 12(b)(6) purposes).  Here, Plaintiff's new legal issues and

22  theories should not be considered as they raise new facts not addressed in Plaintiff's Amended

23  Complaint.

24          Even if the Court chooses to consider these legal issues and authorities, they do not

25  support Plaintiff's allegations in the present case.  For example, in support of her allegations

26  regarding the applicability of the doctrine of imputed knowledge, law of agency and the doctrine

27  of unclean hands, Plaintiff relies upon *River Colony Estates Gen. Partnership v. Bayview*

28                                              8
    _____
    Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
                            Case No. C 07-3981 MJJ

1  *Financial Trading Group, Inc.*, 287 F.Supp.2d 1213 (S.D. Cal. 2003). In *River Colony*, the court

2  ultimately found the plaintiffs' claims time barred, and held that the facts did not justify a tolling

3  of the limitations periods because plaintiffs did not meet their burden of alleging facts to support

4  fraudulent concealment. *Id.* at 1223. As to the plaintiffs' only remaining cause of action for

5  aiding and abetting breach of fiduciary duty, the court noted that it could not rule as a matter of

6  law that the law of agency and the doctrine of unclean hands precluded plaintiffs' claims. *Id.* at

7  1228-1229. Here, Plaintiff's claims are similarly time barred and Defendants have not engaged

8  in any fraudulent concealment preventing Plaintiff from filing her claims. Moreover, there is no

9  evidence that the law of agency or the doctrine of unclean hands might somehow be applicable.

10  Even if Plaintiff could establish the applicability of these doctrines, there is no evidence that the

11  limitation periods would be tolled.

12        Plaintiff also asserts that McKesson's ERISA plan failed to provide an explicit review

13  procedure in compliance with the requirements of ERISA. In support of this claim, Plaintiff

14  relies upon *Franco v. American Gas Laboratories*, 1987 U.S. Dist. LEXIS 15221 (C.D. Cal.

15  1987). (Plaintiff's Opposition, 9:18-27.) In *Franco,* the court found that there was no basis for

16  tolling the statute of limitations. *Id.* at *10-12. The plaintiff in *Franco* claimed the statute

17  should be tolled based on her allegations of fraud, but the court held that plaintiff failed to

18  explain how the alleged fraud was responsible for her failure to file a timely claim. *Id.* at *12-

19  14. The only cause of action that the court stayed in order for the parties to submit additional

20  information was the claim for violation of 29 U.S.C. §1109 (ERISA) based on defendants'

21  breach of fiduciary duty through failing to disperse her complete retirement pension benefits. *Id.*

22  at *16-18. *Franco* is distinguishable from the present action as there are no claims under ERISA

23  statutes in the Amended Complaint. Moreover, *Franco* does not help Plaintiff as the court there

24  found that plaintiff failed to explain how the alleged fraud caused her to fail in timely filing her

25  claims. Similarly, Plaintiff cannot demonstrate that the individual Defendants engaged in

26  fraudulent concealment that prevented her from timely filing her claims.

27

28

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

1    Lastly, in support of her argument that courts may not dismiss for failure to state a claim

2  unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims

3  which would entitle her to relief, Plaintiff relies upon *Wyler Summit Partnership v. Turner*

4  *Broadcasting System*, 135 F.3d 658 (9th Cir. 1998); *Parks School of Business v. Symington*, 51

5  F.3d 1480 (9th Cir. 1995); *Saylor v. Zeenat*, 2002 U.S. Dist. LEXIS 28038; *Cruz v. Beto*, 405

6  U.S. 998 (1972); and *Hishon v. King & Spalding*, 467 U.S. 69 (1984).  (Plaintiff's Opposition,

7  2:19-3:4; 7:7-10.)  While these cases generally articulate the standards used when ruling on a

8  motion to dismiss, the cases fail to articulate analogous situations where plaintiffs were excused

9  from complying with the limitation periods.

10    Regardless of whether these issues are considered in the present motion, Plaintiff's

11  causes of action are all barred by the statute of limitations, and, for the reasons outlined above,

12  she is not entitled to a tolling of the limitation periods.

13    **E.    Plaintiff's Exhibits Do Not Support Her Legal Claims**

14    Plaintiff's allegations in her Opposition, and the exhibits attached thereto, are irrelevant

15  as they have absolutely no bearing on the statute of limitations claims at issue in Defendants'

16  moving papers.  In fact, Plaintiff's exhibits all pertain to the ERISA class action, and do not

17  support her claim that she should be entitled to a tolling of the limitations periods.  (See,

18  Plaintiff's Opposition, Exhibits A through E.)  Where the documents do not support plaintiff's

19  claim, the complaint may be dismissed for failure to state a valid claim. *Branch v. Tunnell*, 14

20  F.3d 449, 454 (9th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d

21  429, 431 (7th Cir. 1993).  Unrepresented plaintiffs are not relieved of their obligation to allege

22  sufficient facts to support a cognizable legal claim. *See, Taylor v. Books A Million, Inc.*, 296

23  F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

24  Accordingly, Plaintiff's Amended Complaint should be dismissed as neither her arguments nor

25  documents support her allegation that she was equitably estopped from asserting her claims.

26

27

28

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

**F.     Plaintiff's Amended Complaint Should Be Dismissed As To All Individually Named Defendants.**

Plaintiff's Amended Complaint should be dismissed as to all individually named Defendants.  For the reasons stated *supra,* Plaintiff's Amended Complaint should be dismissed as to Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher, who are current McKesson employees.[8]  For similar reasons, Plaintiff's Amended Complaint should also be dismissed as the former McKesson employees Defendants Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, or Rich Soublet.[9]  In addition, Plaintiff's Amended Complaint should be dismissed as to the former McKesson employees as Plaintiff did not properly and timely serve them in compliance with the Court's December 17, 2007 order. (See Moser Dec. ISO Defendants' Motion to Dismiss, Exh. C, p. 7:6-10.)  Plaintiff does not dispute that she failed to serve these individuals.  (Plaintiff's Opposition, 11:26-12:1.)  Accordingly, as Plaintiff has failed to state a claim for relief as outlined above and Plaintiff has not effected service on the former McKesson employees in accordance with this Court's prior order, Defendants respectfully request that this Court dismiss the action in its entirety as to all Defendants.

**CONCLUSION**

There is no doubt that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as none of the alleged causes of action can satisfy the requisite limitations periods.  The limitations periods of Plaintiff's alleged causes of action expired between four and six years ago.  Furthermore, as established *supra,* Plaintiff's equitable estoppel and equitable tolling arguments do not save her claims.  Plaintiff has already been given opportunities to amend her complaint and properly effect service, and has been unable to cure the defects in her pleadings.  Because the defect appears on the face of the Amended Complaint, there is no doubt that these deficient allegations cannot be cured by further amendment or service on the former

---

[8] Defendants John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher are current employees.  (*See,* Declaration of Erik Sprotte in Support of Defendants' Motion to Dismiss, ¶ 4.)
[9] Christopher Maher, Tom Von, Tom Capizzi, Tom Puthuff, Kevin Myrick, or Rich Soublet are no longer employed by McKesson.  (Sprotte Decl., ¶¶ 5-10).

11

1  McKesson employees.  Based on the foregoing, Defendants respectfully request that the Court

2  grant its Motion to Dismiss in its entirety, and that Plaintiff's Amended Complaint be dismissed

3  as to all individually named Defendants.

4  DATED: February 19, 2008                    SEYFARTH SHAW LLP

5

6                                              By _____

7                                                  Patricia H. Cullison
                                                   Allison B. Moser
8                                              Attorneys for Defendants
                                               MCKESSON CORPORATION,
9                                              FORMERLY KNOWN AS MCKESSON
                                               HBOC, INC., JOHN MANNERGREN,
10                                             PAUL KIRINCIC, JERRY WARREN AND
                                               DONNA DRAHER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint/
Case No. C 07-3981 MJJ

SF1 28315598.1 / 56248-000002