SEYFARTH SHAW LLP
Patricia H. Cullison (SBN 101636) pcullison@seyfarth.com
Allison B. Moser (SBN 223065) amoser@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
MCKESSON CORPORATION, formerly known as
MCKESSON HBOC, INC., JOHN HAMMERGREN,
PAUL KIRINCIC, JERRY WARREN and DONNA DRAHER

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG,<br><br>    Plaintiff,<br><br>v.<br><br>MCKESSON HBOC, INC., MCKESSON HBOC CEO JOHN HAMMERGREN; MCKESSON HBOC EXECUTIVE VICE PRESIDENT PAUL KIRINCIC; MCKESSON HBOC SENIOR VICE PRESIDENT JERRY WARREN; MCKESSON HBOC VICE PRESIDENT CHRISTOPHER MAHER; MCKESSON HBOC VICE PRESIDENT TOM VON; MCKESSON HBOC VICE PRESIDENT TOM CAPIZZI; MCKESSON HBOC DIVISION MANAGER DONNA DRAHER; MCKESSON HBOC DIVISION MANAGER TOM PUTHUFF; MCKESSON HBOC DIVISION MANAGER KEVIN MYRICK; MCKESSON HBOC HUMAN RESOURCE RICH SOUBLET; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. C 07-3981 MJJ<br><br>**DECLARATION OF ALLISON B. MOSER IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN HAMMERGREN, PAUL KIRINCIC, JERRY WARREN AND DONNA DRAHER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date: March 4, 2008<br>Time: 9:30 a.m.<br>Judge: Honorable Martin J. Jenkins<br>Dept./Place: Courtroom 11, 19th Floor |

    I, Allison B. Moser, declare:

    1.    I am an attorney at law duly licensed to practice in the State of California and a member of the bar of this Court. I am an associate with the firm of Seyfarth Shaw LLP, the

1  attorneys of record for Defendants McKesson Corporation, formerly known as McKesson
2  HBOC, Inc., John Hammgren, Paul Kirincic, Jerry Warren and Donna Draher ("Defendants") in
3  this matter. I have personal knowledge of the facts stated herein and if called as a witness, could
4  and would testify competently to them.

5      2.    On November 20, 2007, Defendant McKesson Corporation filed a case
6  management statement. The statement was filed solely on behalf of Defendant McKesson
7  Corporation, and was only signed by counsel for Defendant, Allison B. Moser. There was not a
8  signature block for Plaintiff's signature. Attached hereto as <u>Exhibit 1</u> is a true and correct copy
9  of Defendant's [Joint] Case Management Statement.

10      3.    When meeting and conferring regarding submitting a joint case management
11  statement, Plaintiff declined to provide defense counsel with her positions regarding the topics
12  required in the statement because she believed it was a "one-sided" statement," despite the fact
13  that Defendant left sections marked "Plaintiff's Position" in the draft of the joint case
14  management statement, and invited Plaintiff to make general comments. Attached hereto as
15  <u>Exhibit 2</u> is a true and correct copy of an email correspondence between the parties, dated
16  November 14-15, 2007, regarding the joint case management statement.

18  I declare under penalty of perjury, under the laws of the State of California, that the
19  foregoing is true and correct. Executed this 19th day of February, 2008, at San Francisco,
20  California.

                         _____
                              Allison B. Moser

SF1 28315270.1 / 56248-000002

**EXHIBIT 1**

1  SEYFARTH SHAW LLP
   Patricia H. Cullison (State Bar No. 101636)
2  pcullison@seyfarth.com
   Allison B. Moser (State Bar No. 223065)
3  amoser@seyfarth.com
   560 Mission Street, Suite 3100
4  San Francisco, California 94105
   Telephone: (415) 397-2823
5  Facsimile: (415) 397-8549

6  Attorneys for Defendant
   MCKESSON CORPORATION, formerly
7  known as MCKESSON HBOC, INC.

8  Christine H. Chang, *Pro Se*
   341 Tideway Dr., #214
9  Alameda, CA 94501
   Telephone: (510) 769-8232
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13 | CHRISTINE H. CHANG,              ) Case No. C 07-03981 MJJ
                                      )
14 |         Plaintiff,                ) **DEFENDANT'S [JOINT] CASE**
                                      ) **MANAGEMENT STATEMENT**
15 |   v.                              )
                                      )
16 | MCKESSON HBOC, INC; MCKESSON     )
   | HBOC CEO JOHN HAMMERGREN;         ) Date: November 27, 2007
17 | MCKESSON HBOC EXECUTIVE VICE     ) Time: 2:00 p.m.
   | PRESIDENT PAUL KIRINCIC; MCKESSON ) Judge: Hon. Martin J. Jenkins
18 | HBOC SENIOR VICE PRESIDENT JERRY ) Dept.: Courtroom 11, 19th Floor
   | WARREN; MCKESSON HBOC VICE        )
19 | PRESIDENT CHRISTOPHER MAHER;     )
   | MCKESSON HBOC VICE PRESIDENT TOM )
20 | VON; MCKESSON HBOC VICE PRESIDENT)
   | TOM CAPIZZI; MCKESSON HBOC        )
21 | DIVISION MANAGER DONNA DRAHER;   )
   | MCKESSON HBOC DIVISION MANAGER   )
22 | TOM PUTHUFF; MCKESSON HBOC        )
   | DIVISION MANAGER KEVIN MYRICK;   )
23 | MCKESSON HBOC HUMAN RESOURCE     )
   | RICH SOUBLET; and DOES 1 through 100,)
24 | inclusive,                        )
                                      )
25 |         Defendants.               )
                                      )
26 

27     Defendant MCKESSON CORPORATION submits the following Case Management

28 Statement pursuant to this Court's Order Setting Initial Case Management Conference.

                                    1
   Defendant's [Joint] Case Management Statement – Case No. C 07-03981 MJJ

1  Defendant met and conferred with Plaintiff regarding filing a Joint Case Management
2  Conference Statement. Plaintiff, however, declined to provide Defendant with a statement of her
3  positions, and insisted upon filing a separate case management conference statement.
4  **1.    Jurisdiction and Services**
5  <u>Jurisdiction and Venue</u>
6  Defendant does not contest jurisdiction or venue.
7  <u>Service</u>
8  Defendant asserts that none of the individually named defendants in this action was
9  personally served.
10 **2.    Facts**
11 <u>Brief Chronology of the Facts</u>
12 Plaintiff Christine Chang worked at McKesson as a System Programmer from October
13 16, 1995 to March 30, 1999. On March 30, 1999, Plaintiff's employment was terminated, and
14 she was provided with a copy of the McKesson HBOC, Inc. Severance Plan SPD. In 1999,
15 Plaintiff filed an Employee Retirement Income Security Act ("ERISA") action against
16 McKesson in the United States District Court, Northern District of California (*Chang v.*
17 *McKesson HBOC*, U.S.D.C., N.Dist. Cal. C99-5075). Plaintiff Christine Chang was the class
18 representative in that action. Plaintiff's then counsel, Peter Myers, made written requests to
19 McKesson indicating that it was a violation of ERISA to demand a waiver from Plaintiff in order
20 to obtain severance pay and that the waiver was overly broad requiring Plaintiff to waive all
21 claims.
22 On or about June 28, 2007, Plaintiff filed her Complaint in this action. Defendant filed a
23 motion to dismiss, which was granted in part and denied in part. On or about October 11, 2007,
24 Plaintiff filed an Amended Complaint. The Amended Complaint contains the following claims
25 for relief: (1) breach of implied contract; (2) wrongful termination; (3) fraud; and (4) intentional
26 infliction of emotional distress. Plaintiff also asserted the equitable estoppel doctrine.
27 Defendant has filed another motion to dismiss, set for hearing on December 4, 2007.
28

Principal Factual Issues In Dispute

Among other issues, Defendant disputes the following factual issues: (1) Whether Plaintiff personally served the individually named defendants; (2) whether Plaintiff was coerced to sign McKesson's waiver and general release in exchange for severance pay; (3) whether Plaintiff adequately performed her job duties; (4) whether Plaintiff was unable to raise her individual claims against McKesson due to a conflict of interest because of her role as the class representative in a class action alleging ERISA violations against McKesson; (5) whether McKesson prevented Plaintiff from asserting her claims; (6) whether extraordinary circumstances beyond Plaintiff's control made it impossible for her to file her individual claims on time; (7) whether McKesson actively misled Plaintiff in coercing the execution of the severance plan's waiver and release in an attempt to prevent the ERISA class action from going forward.

**3.    Legal Issues**

Defendant reserves the right to raise additional legal issues and defenses other than those stated below.

The principal legal issues presented by the Amended Complaint are as follows: (1) Whether the Amended Complaint and every cause of action are barred by the statutes of limitations; (2) Whether Plaintiff is entitled to any relief under her breach of implied contract claim; (3) whether Plaintiff is entitled to any relief under her wrongful termination claim; (4) whether Plaintiff is entitled to any relief under her fraud claim; (5) whether Plaintiff is entitled to any relief under her intentional infliction of emotional distress claim; (6) whether the equitable estoppel doctrine applies to Plaintiff's claims; (7) whether Plaintiff was discriminated against by Manager Kevin Myrick; (8) whether Plaintiff was laid off in retaliation for filing grievances and an appeal against management staff; (9) as to all causes of action, whether and to what extent any damages should be imposed as to any violation alleged; (10) whether Plaintiff is entitled to punitive damages; (11) whether the individually named defendants were properly served.

**4.     Motions**

On August 9, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint. On September 20, 2007, the Court issued an order granting Defendant's Motion to Dismiss with leave to amend on Plaintiff's first, second, third and fourth causes of action. The Court granted Defendant's motion without leave to amend on the Plaintiff's fifth cause of action, and concluded that Plaintiff could not plead equitable tolling with the facts alleged.

On October 11, 2007, Plaintiff filed an Amended Complaint. On October 30, 2007, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. The hearing date on Defendant's Motion to Dismiss is currently scheduled for December 4, 2007.

Assuming any portion of Plaintiff's Amended Complaint survives, Defendant anticipates filing a motion for summary judgment.

**5.     Amendment of Pleadings**

On or about June 28, 2007, Plaintiff filed her Complaint. On or about October 11, 2007, Plaintiff filed an Amended Complaint.

**6.     Evidence Preservation**

Defendant represents that it has taken reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

Defendant served its Fed. R. Civ. Proc. 26(a)(1) initial disclosures to Plaintiff on October 26, 2007, which contained potential witnesses, documents, damage computations and insurance agreements.

Defendant has not received a F.R.C.P. 26(a)(1) initial disclosure from Plaintiff.

**8.     Discovery**

No discovery has been conducted to date. The parties intend to conduct discovery in compliance with the Federal Rules of Civil Procedure. On October 26, 2007, Plaintiff and Defendant filed with the Court their Rule 26(f) Report.

**9.     Related Cases**

Not applicable.

10. **Relief**

Defendant disputes that Plaintiff is entitled to any form of relief.

11. **Settlement and ADR**

The parties have agreed to participate in early neutral evaluation. The parties participated in an initial conference call with Howard Herman, the ADR/early neutral evaluation coordinator. The parties agreed that the conference call was premature based on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint. Therefore, the parties agreed to participate in a conference call with the early neutral evaluation coordinator on December 19, 2007 at 9:30 a.m., during which they will schedule a further conference call assuming any portion of this case still exists after the hearing on Defendant's motion to dismiss.

If any of Plaintiff's causes of action survive Defendant's Motion to Dismiss, the parties will file a stipulation requesting an extension of the Court's 90-day deadline for early neutral evaluation.

12. **Consent to Magistrate Judge For All Purposes**

Defendant does not consent to have a magistrate judge conduct proceedings.

13. **Other References**

Defendant does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

If this case survives Defendant's pending Motion to Dismiss the Amended Complaint, Defendant anticipates a motion for summary judgment to eliminate certain causes of action.

15. **Expedited Schedule**

Defendant does not believe this case can be handled on an expedited basis.

16. **Scheduling**

Defendant does not believe that scheduling discovery cutoffs and related pretrial dates and deadlines is premature at this juncture, based on Defendant's pending Motion to Dismiss. Defendant requests that case scheduling be deferred until the next case management conference.

1 | In the event that the court is inclined to schedule the case at this time, Defendant proposes the
2 | following schedule:
3 |     Non-expert discovery completed by September 16, 2008;
4 |     Discovery motions filed by October 14, 2008.
5 |     All other motions filed by November 11, 2008.
6 |     If any of Plaintiff's causes of action survive Defendant's Motion to Dismiss, the parties
7 | will file a stipulation requesting an extension of the Court's 90-day deadline for early neutral
8 | evaluation. All other deadlines shall be set in compliance with the Federal Rules of Civil
9 | Procedure or pursuant to Court order.

**17. Trial**

Defendant requests a trial date no earlier than January, 2009. Defendant estimates that trial time would be 5 days.

**18. Disclosure of Non-party Interested Entities or Persons**

Defendant has filed the "Certification of Interested Entities or Person" required by Civil Local Rule 3-16. Other than the named parties, there is no such interest to report.

**19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

None at this time.

DATED: November 20, 2007        SEYFARTH SHAW LLP

By /s/ Patricia H. Cullison
    Patricia H. Cullison
    Allison B. Moser
Attorneys for Defendant
MCKESSON CORPORATION. formerly known as MCKESSON HBOC, INC.

SF1 28307110.1 / 56248-000002

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           ) ss
COUNTY OF SAN FRANCISCO    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 20, 2007, I served the within documents:

DEFENDANT'S [JOINT] CASE MANAGEMENT STATEMENT

☐ I sent such document from facsimile machine (415) 397-8549 on August 2, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

CHRISTINE H. CHANG, Pro Se
341 Tideway Dr., #214
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 20, 2007, at San Francisco, California.

_Patricia K. Massender_
Patricia K. Massender

**EXHIBIT 2**

# Moser, Allison

**From:** Moser, Allison
**Sent:** Thursday, November 15, 2007 5:49 AM
**To:** 'christie1chang@peoplepc.com'
**Subject:** Re: FW: Chang CMC statement

Christine - There are sections for Plaintiff's position and Defendant's position. Please tell me all of your positions and I will incorporate them in.
Allison B. Moser


-----Original Message-----
From: christine <christie1chang@peoplepc.com>
To: Moser, Allison
Sent: Thu Nov 15 01:56:35 2007
Subject: Re: FW: Chang CMC statement

Ms. Moser,

The attachment seems to be McKesson one-sided statement instead of joint statement.

Christine

-----Original Message-----
>From: "Moser, Allison" <AMoser@seyfarth.com>
>Sent: Nov 14, 2007 4:28 PM
>To: christine <christie1chang@peoplepc.com>
>Subject: FW: Chang CMC statement
>
>Christine - We need to file the attached Joint Case Management Statement
>with the court by November 20, 2007.  Please let me know your positions
>in the areas I've marked "Plaintiff's position," and please let me know
>if you have any other general comments.
>Thanks.
>Allison Moser
>
>Allison B. Moser, Esq.
>Seyfarth Shaw, LLP
>560 Mission Street, Ste 3100
>San Francisco, CA 94105
>Tel: (415) 544-1054
>Fax: (415) 397-8549
>www.seyfarth.com
>
>
>
>>   <<Chang Jt. CM Stmt.pdf>>
>>
>>
>_____
>Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)
>
>This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

1