IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE H. CHANG, | No. C07-03981 MJJ |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| MCKESSON HBOC, INC., et al. | |
| Defendants. | |

Before the Court is Defendants McKesson Corporation ("McKesson"), John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher's (collectively, "Defendants") Motion to Dismiss Amended Complaint. (Docket No. 58.) *Pro se* Plaintiff Christine Chang opposes Defendants' Motion. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

Plaintiff filed this case in San Francisco Superior Court on June 29, 2007. Defendant McKesson removed the case to federal court, and filed a motion to dismiss. (*See* Docket No. 10.) The Court dismissed Plaintiff's due process and equal protection claim without leave to amend because Plaintiff was unable to allege state action. The Court dismissed Plaintiff's other four claims, but granted leave to amend. (*See* Docket No. 25.) The Court found that it was clear from the face of Plaintiff's Complaint that the applicable statutes of limitations had run on these four claims: (1) breach of implied contract; (2) wrongful termination; (3) fraud; and (4) intentional infliction of emotional distress. Plaintiff attempted to plead equitable tolling as grounds to alleviate the time bars, but the Court found that Plaintiff pleaded herself out of that argument. The Court

granted Plaintiff leave to amend to permit Plaintiff to plead equitable estoppel, if facts existed to support such an argument, as was suggested in paragraphs fifty-six and fifty-seven of Plaintiff's Complaint.

On October 11, 2007, Plaintiff filed an Amended Complaint ("AC"). (*See* Docket No. 26.) In the AC, Plaintiff attempted to plead equitable estoppel with regard to the four claims for which the Court granted leave to amend. Defendant McKesson brought another motion to dismiss and on December 17, 2007 the Court granted it, finding that Plaintiff failed to adequately plead equitable estoppel. (*See* Docket No. 48.) The Court also found that none of the individually named Defendants had appeared in the action, nor was there any proof in the record that Plaintiff served the AC on the individually named Defendants. The Court therefore quashed prior service, if any, of Plaintiff's AC as to all individual Defendants. The Court further ordered Plaintiff to effect service, if any, on the individually named Defendants within thirty days of the issuance of the order. The Court cautioned that failure to do so would result in dismissal.

On January 16, 2008, Plaintiff timely served current McKesson employees John Hammergren, Paul Kirincic, Jerry Warren and Donna Draher ("Individual Defendants"). (*See* Proof of Service, Docket No. 50.) Defendants now seek to dismiss this action against the Individual Defendants for the same reasons the Court dismissed the action against Defendant McKesson. Defendants further move to dismiss the action against former McKesson employees Christopher Maher, Tommy Von, Thomas Capizzi, Thomas Puthuff, Kevin Myrica and Richard Soublet (collectively, "Former Employees"), for Plaintiff's failure to timely serve them as ordered by the Court.

After reviewing the record and the parties' briefs in this matter, the Court finds that the only distinction between the questions before the Court now, and the questions it faced in McKesson's prior motions to dismiss, is that the Defendants are individual McKesson executives, rather than the corporation itself. Plaintiff raises no new facts or arguments, however, which would make her claims against the Individual Defendants timely when her claims against McKesson were not.

The Court therefore **DISMISSES** this action against the Individual Defendants for the same reasons the Court set forth in its prior orders granting Defendant McKesson's motion to dismiss: that

1  Plaintiff's claims are time-barred and that Plaintiff fails to plead adequate grounds for equitable
2  tolling or equitable estoppel.  (*See* Order Granting Motion to Dismiss, Docket No. 25; Order
3  Granting Motion to Dismiss, Docket No. 48.)  The Court further **DISMISSES** this action as against
4  the former employees because Plaintiff has not offered proof of service on these individuals.  The
5  Court further **VACATES** the March 4, 2008 hearing in this matter.  The Clerk of the Court is
6  directed to close the file.

8  Dated: February 29, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

3