UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE H. CHANG,

    Plaintiff(s),

vs.

MCKESSON HBOC, INC., et al.,

    Defendant(s).

No. C 07-3981 MHP

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Plaintiff has filed a motion for reconsideration of an order dismissing her amended complaint. The order was issued by a Judge who has resigned from this bench and the matter was reassigned to this judge. There are several problems that plague plaintiff's motion. First of all, the Civil Local Rules of this Court, Civ.L.R., 7-9(a), require that leave of court be obtained before a motion for reconsideration may be filed. Plaintiff has failed to obtain leave. Secondly, the Rule requires that the motion for leave be made before judgment has entered. Judgment was entered on March 3, 2008. Thus, no such motion may be made and plaintiff's sole recourse is to file an appeal, if she can timely appeal or obtain an extension of time.

    Even if this court were to consider her motion for reconsideration, the motion is fundamentally flawed. Plaintiff attempts to bring wholly new claims in her motion, claims that were not before this court when it adjudicated this case and issued its order of dismissal with prejudice. The claims plaintiff attempts to assert arise from the same nucleus of facts upon which her first and amended complaints in this action were premised.

1  It is well-established case law that a plaintiff is "required to bring at one time all of the claims
2  against a party or privies relating to the same transaction or event." Adams v. California Dept. of
3  Health Services, 487 F.3d 684, 693 (9th Cir.), cert.denied, ___ U.S. ___, 128 S.Ct. 807 (2007). This
4  plaintiff has failed to do although she was afforded ample opportunity to establish tolling and
5  estoppel arguments with respect to her claims which were found barred by the statute of limitations.
6  Plaintiff's attempt to add new claims comes too late in this action. Indeed, had she attempted to
7  raise them earlier they would have suffered the fate of her other claims. It is clear that each of them
8  would be barred by the statute of limitations and some would fail because of a failure to exhaust
9  administrative remedies.

10  For all the foregoing reasons, whether the court treats this as a motion for leave to file a
11  motion for reconsideration or as a motion for reconsideration, plaintiff's motion is procedurally and
12  substantively lacking and must be DENIED,

14  Date: April 8, 2008

MARILYN HALL PATEL
Judge
United States District Court
Northern District of California